IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

KATIE WOOD, et al.,

    *Plaintiffs*,

v.                                       Case No.: 4:23cv526-MW/MAF

**FLORIDA DEPARTMENT OF
EDUCATION, et al.,**

    *Defendants*.

_____/

## ORDER GRANTING MOTION FOR
## LEAVE TO PROCEED UNDER PSEUDONYM

    This Court has considered, without hearing, Plaintiff Jane Doe's motion for leave to proceed under a pseudonym, ECF No. 12, and Defendants' responses, ECF Nos. 36 and 39. No Defendant opposes Plaintiff's requested relief. Defendant Lee County School Board only asks that Plaintiff Doe fully participates in discovery if allowed to proceed under a pseudonym for public filings. ECF No. 39 at 1.

    This Court recognizes that nobody opposes Plaintiff Doe's requested relief. But separate and apart from that, the Eleventh Circuit has made clear that pseudonyms may only be used in "exceptional" cases, *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992), and that there is "a strong presumption in favor of parties' proceeding in their own names," *Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011). Indeed, this Court has repeatedly determined in past cases that plaintiffs

have failed to overcome this presumption, even when the subject matter of the case was "controversial." *See, e.g.*, *Nat'l Rifle Assoc. of America, Inc. v. Bondi*, Case No.: 4:18cv137-MW/CAS, 2018 WL 11014101 (N.D. Fla. May 13, 2018).

This presumption can only be overcome where the party seeking to proceed pseudonymously shows that they have "a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.' " *Frank*, 951 F.2d at 323 (quoting *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. Unit A Aug. 1981)). This Court must consider whether Plaintiff Doe (1) is challenging governmental activity, (2) will be required to disclose information of the utmost intimacy, and (3) will be compelled to admit their intention to engage in illegal conduct. *S.B. v. Fla. Agric. & Mech. Univ. Bd. of Trustees*, 823 F. App'x 862, 866 (11th Cir. 2020) (citing *Francis*, 631 F.3d at 1316 and *Frank*, 951 F.2d at 323). In addition, this Court must "carefully review all the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *S.B.*, 823 F. App'x at 866 (quoting *Francis*, 631 F.3d at 1316). "This includes, for example, whether the plaintiff's anonymity 'poses a unique threat of fundamental unfairness to the defendant." *Id*.

This Court has independently considered the appropriate factors in this case and determines that Plaintiff Doe's substantial privacy right outweighs the presumption of openness in judicial proceedings. Namely, Plaintiff Doe is

challenging governmental activity—a state law that allegedly prohibits Plaintiff Doe from providing students with Plaintiff Doe's "preferred personal title or pronouns" if they "do not correspond to his or her sex." ECF No. 1 ¶ 1. By virtue of this litigation, Plaintiff Doe will also be required to disclose information of the utmost intimacy—namely, Plaintiff Doe's transgender status. *See Frank*, 951 F.2d at 324 (recognizing that courts have permitted plaintiffs to proceed anonymously in cases involving "transsexuality"). Although Plaintiff Doe will not be compelled to admit an intention to engage in illegal activity, the circumstances of this case—particularly the specific threats of harm that Plaintiff Doe has already faced based on their transgender status at the school where they teach—weigh in favor of proceeding pseudonymously. *See, e.g.*, ECF No. 12-1 ¶¶ 4–5. On the other hand, Defendants do not face any threat of fundamental fairness inasmuch as Plaintiff Doe is permitted to proceed under a pseudonym in public filings only and must fully engage in discovery in this case.

Accordingly, having considered the appropriate factors, and, without opposition from Defendants, Plaintiff Doe's motion, ECF No. 12, is **GRANTED**.

**SO ORDERED on January 22, 2024.**

s/Mark E. Walker                    
**Chief United States District Judge**
