UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

KATIE WOOD, JANE DOE and AV
SCHWANDES,

    Plaintiffs,

vs.                                         CASE NO.: 4:23-CV-00526-MW-MAF

FLORIDA DEPARTMENT OF
EDUCATION, et al.,

    Defendants.
_____/

# DEFENDANT FLORIDA VIRTUAL SCHOOL BOARD OF TRUSTEES' PARTIAL MOTION TO DISMISS THE AMENDED COMPLAINT AND MEMORANDUM OF LAW

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Florida Virtual School Board of Trustees ("FLVS"), hereby moves to dismiss Count 16 of Plaintiffs' First Amended Complaint ("Complaint") [DE 56] for failure to state a claim upon which relief may be granted and in support thereof states:

## I. INTRODUCTION AND BACKGROUND

Plaintiff A.V. Schwandes ("Schwandes") is one of three plaintiffs that have filed a seventeen (17) count Complaint against the Florida Department of Education, State Board of Education and their constituent members in their individual capacities, the Commissioner of Education, the Education Practices Commission and its constituent members (collectively "State Defendants"). Plaintiff Katie Wood

("Wood") has also brought claims against her employer, the Hillsborough County School Board and Plaintiff Jane Doe ("Doe") has brought claims against her employer, the Lee County School Board. Relevant to this Motion, Plaintiff Schwandes has alleged four claims against their[1] former employer, FLVS. Plaintiffs' claims against the State Defendants include challenges to Section 3 of § 1000.071, Florida Statutes ("Subsection 3"), which created limitations on their abilities to provide students their preferred personal title or pronouns if different than their sex. Their claims include: (1) alleged violations of 42 U.S.C. § 2000e-5 ("Title VII"); (2) the preemption of Florida law by Title VII; (3) alleged violations of the First and Fourteenth Amendments; (4) alleged violations of the Equal Protection Clause of the Fourteenth Amendment; and (5) alleged violations of 20 U.S.C. §§ 1681 et seq. ("Title IX"). Plaintiff's Wood and Doe allege various claims against their current employers. Notwithstanding the statutory challenges, preemption arguments, or the individual claims by Plaintiffs Wood and Doe against their respective employers, Schwandes' claims against FLVS sound in ordinary employment discrimination, discharge and retaliation.

---

[1] FLVS endeavors to use Plaintiff's preferred pronouns as referenced in the Complaint. [DE 1, ¶103]. Any deviation from doing so is inadvertent.

## II. STATEMENT OF THE ALLEGED FACTS[2]

In May 2023, the Florida Legislature enacted House Bill 1069, Fla. Laws ch. 2023-105, which took effect on July 1, 2023 as § 1000.071, Fla. Stat. [DE 56, pp. 2-4, 9]. Plaintiff challenges only Subsection 3 of the law. *Id*. This subsection provides how a teacher may provide their pronouns to students and restricts their use of pronouns based on their sex assigned at birth. [DE 56, pp. 11-12]. Plaintiffs allege the enactment of Subsection 3 was motivated by purposeful invidious discrimination. [DE 56, pp. 12-14].

Plaintiff AV Schwandes is the only Plaintiff asserting claims against FLVS. [DE 56]. Rule 6A-10.081, of the Florida Administrative Code sets forth the Principles of Professional Conduct for the Education Profession in Florida ("Principles"). [DE 56, p. 16]. They include disciplinary principals that Florida teachers must comply with or be subject to disciplinary action. *Id.* The Florida Board of Education amended its Principles to include a prohibition on the violation of § 1000.071, Fla. Stat., which necessarily includes Subsection 3, which limits teachers' use of pronouns. *Id.* FLVS incorporates the Principles into its standards of ethical conduct, to which all instructional staff members must adhere. [DE 56, p.

---

[2] For the purposes of this motion only, FLVS assumes, but does not concede, Plaintiff's allegations are true.

3

25]. In accordance with the law, FLVS must report all complaints that a teacher violated Subsection 3 to the Florida Department of Education. [DE 1, p. 25].

Schwandes is nonbinary, whose sex assigned at birth was female, but her gender identity is neither male nor female and uses they/them pronouns. [DE 56, p. 33]. They was employed as a teacher by FLVS from July 19, 2021 until their termination on October 24, 2023. *Id*. From 2021 through June or July 2023, Schwandes used both the titles Professor and Mrs. [DE 56, pp. 33-34]. Starting around June or July 2023, Schwandes started to use Mx. and they/them pronouns at work. [DE 56, 34]. Schwandes was instructed to use a title like Ms. or Mrs., but they refused to comply. *Id*. On September 15, 2023, FLVS suspended Schwandes for violating § 1000.071, Fla. Stat., and by implication, Rule 6A-10.081, of the Florida Administrative Code and FLVS policy. *Id*. FLVS threatened to terminate Schwandes if she did not bring her conduct into conformity with Florida law, the FAC, and FLVS policy, but she again refused. *Id*. FLVS did not permit Schwandes to use non-gendered terms like Professor, Doctor,[3] or Teacher. *Id*. On October 24, 2023, FLVS terminated Schwandes's employment for violating Florida law and FLVS policy. *Id*. Plaintiff filed charges of employment discrimination with the

---

[3] Schwandes does not a possess a doctorate, and therefore, the use of "Professor" and particular "Doctor" would be inappropriate. *See* 817.566, Fla. Stat.

EEOC and Florida Commission on Human Relations, and received a right to sue. *Id.* [DE 56, pp. 34-35].

Plaintiff has not alleged, nor can they, that § 1000.071, Fla. Stat., including the statutory limitation on the use of pronouns, was invalid or the enforcement of which had been enjoined at any material time relevant to her employment with and termination from FLVS. Also absent from the Complaint are any allegations alleging FLVS did anything *other than* enforce Florida law which had been incorporated into the Principles that bound all teachers within the State of Florida.

Stated another way, Schwandes seeks to hold FLVS liable for no reason other than its enforcement of Florida law[4] which, to date, has not been invalidated or held to be unconstitutional by any court of competent jurisdiction. Schwandes alleges three claims against FLVS:

| | | |
|---|---|---|
| Count 5 | Title VII Sex Discrimination for the pre-termination enforcement of Florida law |
| Count 6 | Title VII Sex Discrimination for their termination for refusing to comply with Florida law |
| Count 16 | Title IX Sex Discrimination for the enforcement of Florida law |
| Count 17 | Title VII Retaliation |

---

[4] FLVS's officials, like all public officials, "are obligated to obey the legislature's duly enacted statute until the judiciary passes on its constitutionality." *Santa Rosa Dues Owners Assoc,* 274 So. 3d at 494; *see also* AGO 2021-01 (Fla. A.G.), 2021 WL 4238365 (Sept. 1, 2021). Indeed, FLVS lacked standing to even challenge the constitutionality of Subsection 3. *Id.* Plaintiff's insurmountable hurdle to overcome FLVS's entitlement to the presumption of § 1000.071, Fla. Stat.'s validity is for another day.

[DE 56]. Plaintiff seeks, among other things, compensatory damages, back pay, and front pay. [DE 56, pp. 61-62].

## III. MEMORANDUM OF LAW

### A. Standard of Review

To overcome a motion to dismiss, a plaintiff must allege sufficient facts to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Granting a motion to dismiss is appropriate if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. *Hishon v. King & Spalding*, 467 U.S. 69 (1984). The allegations of the complaint must be deemed true and construed in a light most favorable to the plaintiff. *Shands Teaching Hosp. and Clinics, Inc. v. Beech Street Corp.*, 208 F. 3d 1308, 1310 (11th Cir. 2000) (citing *Lowell v. American Cyanamid Co.*, 177 F. 3d 1228, 1229 (11th Cir. 1999)). The Supreme Court has clarified the specificity of pleading required to survive a motion to dismiss:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(quoting *Conley v. Gibson*), 355 U.S. 41, 47 (1957)).

*Erickson v. Pardus*, 551 U.S. 89, 93 (2007). A complaint thus "does not need detailed factual allegations." *Twombly*, 550 U.S. at 555.

On the other hand, a conclusory recitation of the elements of a cause of action is insufficient. A complaint must include more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A complaint must include "allegations plausibly suggesting (not merely consistent with)" the plaintiff's entitlement to relief. *Id.* at 557. The complaint must set forth facts—not mere labels or conclusions—that "render plaintiffs' entitlement to relief plausible." *Id.* at 544, 551, 557, 569 n. 14 (declining to take as true the conclusory allegation "upon information and belief" that a conspiracy occurred without enough facts to make the statement plausible); *see also, Mann v. Palmer*, Case No. 13-11349-P, 2013 WL 1435150, 7 (11th Cir. 2013) (relying on *Twombly* in rejecting allegations based on "information and belief").

A district court thus should grant a motion to dismiss unless "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This is so because:

> [T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . [Federal] Rule [of Civil Procedure] 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.

*Id.* at 678-679.

Where a plaintiff is unable to state a cause of action and further leave to amend the complaint is futile, claims should be dismissed with prejudice. *See Muhammad v. JPMorgan Chase Bank, NA*, 567 Fed. App'x 851, 853-54 (11th Cir. 2014); *Locke v. SunTrust Bank*, 484 F.3d 1343 (11th Cir. 2007).

B.  **ARGUMENT**

Plaintiff's allegations against FLVS are those of a routine employment discrimination case because Plaintiff alleges a pre-termination alteration of the terms and conditions of her employment (Count 5) as well as discriminatory termination (Count 6) and retaliation (Count 17).[5] Notwithstanding the more legally complex claims against other Defendants, some brought by Schwandes, their claims against the Board are straight forward. Plaintiff has failed to state a claim upon which relief may be granted for a violation of Title IX because Title VII preempts Title IX in employment discrimination context, and because gender identity is not cognizable in a Title IX claim. Finally, Plaintiff lacks standing to seek injunctive relief against FLVS, and FLVS was entitled to rely on the presumptively valid Florida law, its enforcement of which precludes an award of monetary damages to them.

   1.  **Plaintiff's Title IX Claim Is Preempted by Their Title VII Claims**

---

[5] Plaintiff's Complaint is arguably an impermissible shotgun pleading because: (1) it contains conclusory and immaterial facts unrelated to FLVS incorporated by reference in the claims asserted against it, and (2) contains a single Demand for Relief, regardless of the cause of action and notwithstanding the inapplicability of some relief to the instant case against FLVS. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d. 1313, 1321-23 (11th Cir. 2015).

Count 16 of the Complaint purports to state a claim by Plaintiff against FLVS for violation of Title IX's prohibition of discrimination on the basis of sex. However, because Plaintiff already alleges claims under Title VII against FLVS for sex discrimination, this Court should find Plaintiff's Title IX claim is preempted by the Title VII claims and dismiss it. Namely, the Title VII Counts (Counts 5 and 6) and the Title IX Count (Count 16) rely on the same factual allegations, and each alleges that Subsection 3 of section 1000.071, Florida Statutes, "discriminates on the basis of sex" and thus by enforcing Subsection 3, FLVS discriminated against Plaintiff on the basis of sex. *Compare* [DE 56, ¶¶ 145–52 and 154-59 *with* ¶¶ 239-43].

As this Court has noted previously, "various district courts within the Eleventh Circuit and federal circuit courts of appeals have held that Title VII preempts Title IX and provides the exclusive remedy for employment discrimination claims against federally funded education programs." *Schultz v. Bd. of Trs. of Univ. of W. Fla.*, No. 3:06cv442-RS-MD, 2007 WL 1490714, at *2 (N.D. Fla. May 21, 2007); *see also id.* at *2 n.4 (collecting cases); *accord Drisin v. Fla. Int'l Univ. Bd. of Trs.*, No. 1:16-cv-24939-WILLIAMS/TORRES, 2017 WL 3505299, at *4 (S.D. Fla. June 27, 2017) (collecting cases). This Court should follow the "weight of authority" and also find Plaintiff's Title IX claim is preempted by their Title VII claims, especially so as "the allegations which constitute the[ir] Title IX claim are

identical to those giving rise to [their] Title VII claim." *Schultz*, 2007 WL 1490714, at *2–3.

### 2. Plaintiff Fails to State a Claim because Gender Identity is Not Cognizable under Title IX

As a separate, but independently sufficient basis to dismiss Plaintiff's Title IX claim, Plaintiff has failed to state a claim under Title IX because Plaintiff does not and cannot show how they were treated differently on the basis of *biological sex*, which is considered separate and distinct from gender identity in the Title IX context. *Adams ex rel. Kasper v. Sch. Bd. of St. Johns Cnty.*, 57 F.4th 791, 811–15 (11th Cir. 2022) (en banc) (noting for purposes of Title IX, "sex" is not an ambiguous term, and must be read to mean "biological sex," and does not include "gender identity" within its meaning). Thus, any Title IX claim must be viewed only through the lens of biological sex, without reference to gender identity. *Id.* at 817; *see also D.N. ex rel. Jessica N. v. DeSantis*, --- F. Supp. 3d ----, 2023 WL 7323078, at *19 & n.13 (S.D. Fla. 2023) (noting transgender female plaintiff could not advance Title IX claim on grounds that she was being discriminated against based on sex because she was treated differently than cisgender females and that if she "hope[d] to advance a viable Title IX claim, she [would] have to fit that claim into *Adams*'s clear holding by showing that she (as a biological boy) was treated differently than biological girls"). There is no reason a claim advanced by a non-binary plaintiff warrants a different result.

Plaintiff's Title IX claim fails because the Subsection 3 "does not draw a line based on sex." *See Doe v. Ladapo*, --- F. Supp. 3d ----, 2023 WL 3833848, at *8 (N.D. Fla. 2023). That is, § 1000.071(3) applies to biological men and women equally and "does not distinguish between men and women in such a way." *Eknes-Tucker v. Governor of Ala.*, 80 F.4th 1205, 1228 (11th Cir. 2023). By its own terms, the statute disallows any employee or contractor of a public K-12 educational institution from providing students with "**his *or* her** preferred personal title or pronouns" if these terms "do not correspond to **his *or* her** sex." § 1000.071(3), Fla. Stat. (emphases added). The statute thus applies to men and women equally. Plaintiff, on the other hand, does not claim to have been discriminated against on the basis of their biological sex, which is female. [DE 56, p. 33]. Rather, Plaintiff alleges that they were discriminated against because FLVS failed to accommodate their request to use pronouns which align with their nonbinary gender identity. *See id.* (noting Plaintiff's biological sex as female but that Plaintiff is nonbinary: they are neither male nor female).

Schwandes objects to the alleged burden the law may place on nonbinary or transgender individuals, [DE 56, pp. 2-3], but these classifications do not trigger Title IX scrutiny because these classifications do not fall within Title IX's definition of "sex." *Adams*, 57 F.4th at 815 (reading "'sex' in Title IX to mean 'biological

11

sex'"); *D.N.*, 2023 WL 7323078, at *19 n.13.[6] Thus, because enforcement of the statute does not discriminate on the basis of biological sex, Plaintiff has failed to state a claim under Title IX and Count 16 should be dismissed with prejudice.

### 3. Plaintiff Lacks Standing to Seek Injunctive Relief Against FLVS

Plaintiffs' omnibus Demand for Relief necessarily includes a demand for injunctive relief against FLVS by Schwandes. [DE 56, pp. 61-62]. They seek to enjoin FLVS "their officers, agents, servants, employees, attorneys, and successors, and other persons who are in active concert or participation with any such person from enforcing Subsection 3 of Fla. Stat. § 1000.071." *Id*. Plaintiff lacks standing to seek injunctive relief against FLVS.

Even assuming Plaintiff can establish injury, which is expressly denied, it is well-settled that a showing of past injury is insufficient to establish standing to seek injunctive relief. *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974); *see also Wusiya v. City of Miami Beach*, 614 Fed. Appx. 389, 394 (11th Cir. 2015). Instead, Plaintiff must also show "a sufficient likelihood that [they] will be affected by the allegedly unlawful conduct in the future." *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1328 (11th Cir. 2013). Instead of possible or theoretical threat of future harm,

---

[6] This conclusion is reinforced by the Eleventh Circuit's "'grave "doubt[s]" that transgender persons constitute a quasi-suspect class,' distinct from sex" for purposes of the Equal Protection Clause. *Eknes-Tucker*, 80 F.4th at 1230 (quoting *Adams*, 57 F.4th at 803 n.5).

"the plaintiff must demonstrate a real and imminent threat of future injury that is not hypothetical or conjectural." *Houston*, 733 F. 3d at 1329. A plaintiff is not entitled to injunctive relief where the plaintiff merely asserts that certain practices are unconstitutional. *City of L.A. v. Lyons*, 461 U.S. 95 (1983) (seeking to enjoin the future use of a law enforcement chokehold technique). In *Lyons,* the Court decided that the plaintiff's past injury did not establish a real and immediate threat that he would encounter officers who would unlawfully use the chokehold on him.

Like in *Lyons*, Schwandes has failed to allege facts that would otherwise demonstrate a realistic possibility that such an encounter would occur. More specifically, Plaintiff alleges she was terminated. Significantly, she is not seeking reinstatement. Therefore, she is not currently an employee of FLVS, nor is she seeking to become reemployed by them. The Complaint is therefore devoid of any factual allegations to suggest even the mere possibility of the future application of Section 3 to her by FLVS, much less an imminent threat of its application. Plaintiff's demand for injunctive relief should be dismissed with prejudice or stricken from the Complaint.

    **4. Plaintiffs Cannot Recover Monetary Damages Against the Board Because § 1000.071, Fla. Stat. Is Presumed Constitutional Until Judicially Declared Otherwise**

Plaintiff seeks compensatory damages, back pay and front pay, in an amount to be proved at trial. [DE 1, p. 60]. However, Plaintiff cannot recover monetary

damages from FLVS for its compliance with Florida law. "[S]tate statutes, like federal ones, are entitled to the presumption of constitutionality until their invalidity is judicially declared." *E.g. Davies Warehouse Co.*, 321 U.S. at 153.[7] "Special circumstances" exist foreclosing the recovery of monetary damages where an agency followed state law that had not been previously declared unconstitutional. *See Pettway*, 494 F.2d at 254. Even assuming Subsection 3 was constitutionally infirm when FLVS sought to require Schwandes's compliance with it, it would create an unjust result to impose monetary damages against FLVS for applying a law it did not procure, draft, pass, and which it was legally obligated to follow. *See Id*. At its core, Schwandes seeks to recover monetary damages from FLVS for her own willful insubordination and refusal to follow the law FLVS was obligated to enforce.

This is not a case of first impression in this Court. In *Florida Educ. Ass'n v. State of Florida, Dep't of Educ.*, this Court dismissed the plaintiff's monetary damages claims under Title VII against the Department of Education and individual Florida school boards for failure to state a claim upon which relief could be granted, where the plaintiff alleged compliance with state law resulted in unconstitutional disparate impact. Case No. 4:17-cv-414-RH/CAS, D.E. 142 (N.D. Fla. June 8, 2018). Like in that case, the "special circumstances" exception here "fits like a

---

[7] Decisions by the former Court of Appeals for the Fifth Circuit decided prior to October 1, 1981, are binding precedent within the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981).

14

glove," and the Complaint does not state a claim for monetary damages against FLVS for simply following a state statute that has yet to be declared unconstitutional. *Id.* at 8. Plaintiffs' compensatory and economic damages claims against FLVS should be dismissed with prejudice or stricken from the Complaint.

WHEREFORE, the Florida Virtual School Board of Trustees respectfully requests an order dismissing the Title IX claim, injunctive relief, economic damages against it with prejudice and for any other appropriate relief.

**CERTIFICATE OF WORD COUNT**

I certify that this Memorandum complies with the word count limitation set forth in Local Rule 7.1(F) because this Memorandum contains 3,452 words, excluding the parts exempted by said Local Rule.

Respectfully submitted,

*/s J. David Marsey*
ERIC J. HOLSHOUSER
Florida Bar No.: 307734
Email: eholshouser@rtlaw.com
ROGERS TOWERS, P.A.
1301 Riverplace Boulevard, Suite 1500
Jacksonville, FL 32207
Tel: (904) 398-3911
Fax: (904) 396-0663

15

J. DAVID MARSEY
Florida Bar No.: 0010212
E-mail: dmarsey@rumberger.com (primary)
docketingorlando@rumberger.com and
dmarseysecy@rumberger.com (secondary)
JEFFREY J. GROSHOLZ
Florida Bar No.: 1018568
E-mail: jgrosholz@rumberger.com (primary)
docketingorlando@rumberger.com and
jgrosholzsecy@rumberger.com (secondary)
RUMBERGER, KIRK & CALDWELL, P.A.
101 North Monroe Street, Suite 1050
Tallahassee, Florida 32301
Tel: 850.222.6550
Fax: 850.222.8783
ATTORNEYS FOR DEFENDANT FLORIDA
VIRTUAL SCHOOL BOARD OF TRUSTEES

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 19, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: **Sam Boyd at sam.boyd@splcenter.org and Carli Raben at carli.raben@splcenter.com, Aaron S. Fleisher at aaron.fleisher@splcenter.org, Diego A. Soto at diego.soto@splcenter.org, Jessica L. Stone at Jessica.stonre@splcenter.org, Simone Chriss at simone.chriss@southernlegal.org, Jodi Siegel at Jodi.siegel@southernlegal.org, James M. Finberg at jfinberg@altschulerberzon.com and James Baltzer at jbaltzer@altshulerberson.com (Counsel for Plaintiffs); Bryan K. Weir at**

16

**bryan@consovoymccarthy.com,** **Daniel** **Joseph** **Shapiro** **at** **daniel@consovoymccarthy.com,** **and** **Daniel** **J.** **Vitagliano** **at** **dvitagliano@consovoymccarthy.com** **(Counsel for State Education Defendants); James D. Fox at jfox@ralaw.com (Counsel for Lee County School Board); Jason L. Margolin at jason.margolin@akerman.com and Neema Monfared at neema.monfared@akerman.com (Counsel for School Board of Hillsborough County, Florida)**.

                                        /s J. David Marsey  
                                        ERIC J. HOLSHOUSER  
                                        Florida Bar No.:  307734  
                                        Email:  eholshouser@rtlaw.com  
                                        ROGERS TOWERS, P.A.  
                                        1301 Riverplace Boulevard, Suite 1500  
                                        Jacksonville, FL  32207  
                                        Tel:   (904) 398-3911  
                                        Fax:   (904) 396-0663

J. DAVID MARSEY
Florida Bar No.: 0010212
E-mail: dmarsey@rumberger.com (primary)
docketingorlando@rumberger.com and
dmarseysecy@rumberger.com (secondary)
JEFFREY J. GROSHOLZ
Florida Bar No.: 1018568
E-mail: jgrosholz@rumberger.com (primary)
docketingorlando@rumberger.com and
jgrosholzsecy@rumberger.com (secondary)
RUMBERGER, KIRK & CALDWELL, P.A.
101 North Monroe Street, Suite 1050
Tallahassee, Florida 32301
Tel: 850.222.6550
Fax: 850.222.8783
ATTORNEYS FOR DEFENDANT FLORIDA
VIRTUAL SCHOOL BOARD OF TRUSTEES