# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

Katie Wood *et al.*,

       *Plaintiffs*,

v.            No. 4:23-cv-00526-MW-MAF

Florida Department of Education *et al.*,

       *Defendants*.

_____/

## PLAINTIFF JANE DOE'S RESPONSE IN OPPOSITION TO DEFENDANT LEE COUNTY SCHOOL BOARD'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

Defendant Lee County School Board's ("Lee") motion to dismiss, Doc. 65, Plaintiff Jane Doe's claims against it in the First Amended Complaint ("Complaint"), Doc. 56, repeats the mistake of the other school district's similar motion: it ignores Lee's obligation to follow federal law and the United States Constitution even if state law says otherwise. *See* U.S. Const. art. VI, cl. 2. "[A] state law at odds with a valid Act of Congress is no law at all." *Barber ex rel. Barber v. Colo. Dep't of Revenue*, 562 F.3d 1222, 1234 (10th Cir. 2009) (Gorsuch, J., concurring) (citing *M'Culloch v. Maryland*, 17 U.S. (4 Wheat.) 316 (1819)). Lee's "rel[iance] on [its] compliance with discriminatory state laws … prov[es its] own liability, [instead of] … shielding [itself] from it." *Id.*

Lee also puts particular emphasis on its purported lack of independent action to enforce subsection 3. Doc. 65 at 9. But Ms. Doe has alleged that, under "Defendant Lee County School Board policy, Ms. Doe may no longer provide to students her Ms. title and she/her pronouns because subsection 3 deems her sex to be male." Doc. 56 ¶ 99. It is this policy of requiring her to comply with subsection 3 that forms the basis of Ms. Doe's claims.

Finally, Lee makes a limited effort to argue that Ms. Doe has failed to state claims under the First Amendment, Title VII, and Title IX. On the First Amendment, Lee and Florida cannot define Ms. Doe's job description so broadly that it prohibits her from being a transgender woman at work. On Title VII, Ms. Doe need not show, contrary to Lee's arguments, that Lee acted with animus because she has adequately alleged that its policy is facially discriminatory and she has suffered adverse employment action—namely, requiring her to comply with subsection 3's discriminatory prohibition. Lee raises no substantive arguments regarding Ms. Doe's equal protection claim.

## ARGUMENT

I. **Lee's policy that Ms. Doe must comply with subsection 3 is a discretionary choice that subjects it to liability under *Monell*.**

Lee is correct that to bring a claim under 42 U.S.C. § 1983, Ms. Doe must show that a municipal policy caused her injury. Doc. 65 at 5–7; *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658 (1978). Ms. Doe has identified such a

policy—Lee's policy that Ms. Doe comply with subsection 3's unconstitutional re-

quirements. Doc. 56 ¶¶ 62–66, 99, 101. Lee argues that under *Monell* Ms. Doe is

required to allege that its policy is enforced with deliberate indifference to her rights,

but this argument misunderstands the law. Doc. 65 at 5–7. Deliberate indifference is

not applicable where, as here, Lee's policy enforcing subsection 3 constitutes "an

official policy that endorses a constitutional violation." *Craig v. Floyd Cnty.*, 643

F.3d 1306, 1310 (11th Cir. 2011).

Lee claims that its policy does not actually require Ms. Doe to follow subsec-

tion 3 but instead only "requires employees to report to the Department of Education

any matter that has potential 'grounds for discipline or dismissal set forth in Florida

statutes.'" Doc. 65 at 4 & n.2. But Lee's policies do command all employees not to

violate subsection 3. Doc. 56 ¶ 62 (citing Lee Cnty. Sch. Bd. Pol'y 3210).[1] Nor does

Lee acknowledge that its policies also subject Ms. Doe to the threat of dismissal or

other discipline for insubordination of subsection 3. *Id.* ¶¶ 62–63. In any event, the

existence of Lee's written policies requiring enforcement of and compliance with

subsection 3 do not in any way conflict with Ms. Doe's allegation that a policy of

enforcement of and compliance with subsection 3 exists. *Id.* ¶¶ 62–66.

---

[1] On December 5, 2023, Lee amended Policy 3210 as follows: "A. Obligation to the student requires that the District instructional staff member shall: … *14. Not violate F.S. 1000.071, which relates to the use of personal titles and pronouns in educational institutions*." Lee Cnty. Sch. Bd. Pol'y 3210 (last revised Dec. 5, 2023) (amendments italicized), https://go.boarddocs.com/fl/lee/Board.nsf/goto?open&id=policies#.

The Eleventh Circuit has explained that municipalities are liable under *Monell* where they make a "decision to enforce an unconstitutional statute." *Cooper v. Dillon*, 403 F.3d 1208, 1222–23 (11th Cir. 2005); *see also Fla. Pawnbrokers & Secondhand Dealers Ass'n, Inc. v. City of Fort Lauderdale*, 699 F. Supp. 888, 890 (S.D. Fla. 1988) ("While it is true that the city did not enact the … statute, it is equally clear that the city's policy of enforcing the statute constitutes state action."). Other courts to consider the question have similarly held that municipalities can be held liable under 42 U.S.C. § 1983 where they decide to apply an unconstitutional state law. *See Bruce & Tanya & Assocs., Inc. v. Bd. of Supervisors of Fairfax Cnty.*, 854 F. App'x 521, 530 (4th Cir. 2021) (collecting cases). Lee cites *Barnett v. MacArthur*, 956 F.3d 1291 (11th Cir. 2020), Doc. 65 at 5, but that case does not help it. There, the Eleventh Circuit reversed a grant of summary judgment, finding that a state law consistent with the municipal policy did not immunize the municipality from constitutional scrutiny. 956 F.3d at 1298 ("The existence of a state statute does not answer the federal constitutional question.").

Ms. Doe does not merely allege that Lee is required by state law to report her to Defendant Florida Department of Education or relay others' complaints if she violates subsection 3. Doc. 56 ¶¶ 48–51. She also alleges that Lee has a policy of requiring her to comply with subsection 3. *Id.* ¶¶ 62–63; *see also Cooper*, 403 F.3d at 1222 ("[Section] 1983 liability is appropriate because [the municipality] did adopt

4

the unconstitutional proscriptions in [the Florida statute] as its own."). Nothing in subsection 3 requires Lee to discipline or fire Ms. Doe if she violates it, nor does subsection 3 require Lee to take action to prohibit her from using her title and pronouns. Lee could allow her to violate the law if she wished and then report her to the state if she did so. Thus, Lee's "decision to enforce an unconstitutional statute against" Ms. Doe constitutes a "deliberate choice to follow a course of action ... made from among various alternatives by the official or officials responsible for establishing final policy." *Cooper*, 403 F.3d at 1223 (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986) (plurality opinion)).

Finally, even if Lee were correct that it lacked discretion, that would absolve it only of liability for damages, not immunize the school board or its employees from liability. As the Seventh Circuit, which has taken the broadest position about the scope of a state law's limitation of *Monell* liability, has explained, "when a municipal employee carries out a policy established by state law … liability fall[s] on the employee personally, on the ground that the municipality is not the author of the policy the employee implements." *Quinones v. City of Evanston*, 58 F.3d 275, 278 (7th Cir. 1995). In addition, if local government employees truly have no discretion, then they are arms of the state and hence can be sued in their official capacities. *See Brotherton v. Cleveland*, 173 F.3d 552, 566 (6th Cir. 1999) ("Where county officials are sued simply for complying with state mandates that afford no discretion, they act

as an arm of the State."). Therefore, if the Court concludes that Ms. Doe has not adequately alleged a municipal policy, she respectfully requests leave to amend to substitute relevant individuals.

## II. Ms. Doe states a Free Speech Clause claim.

Lee County also argues that Ms. Doe has failed to state a claim under the First Amendment because section 1000.071(6) provides that subsection 3 applies "to the actions of an employee or contractor acting within the scope of their employment duties" and she only has a First Amendment claim if she is speaking as a private citizen. Doc. 65 at 7. But Lee does not dispute that, as Ms. Doe has alleged, subsection 3 forbids her from providing her title and pronouns to students both in the classroom and at other times at school. Doc. 56 ¶¶ 99, 101. Ms. Doe retains First Amendment rights when speaking as a private citizen, including when she states her title and pronouns. Ms. Doe incorporates by reference her argument on this claim in response to State Defendants' motion to dismiss. *See* Doc. 67 at 22–30.

## III. Lee is liable for violating Title VII and Title IX, even if it does so to comply with state law.

Lee bases its Title VII and Title IX argument on the theory that "[a]bsent from Doe's claims are any allegations that [it] took any action to enforce [s]ubsection 3 or otherwise held any animus against Doe." Doc. 64 at 9. But Ms. Doe has alleged that Lee did in fact adopt a policy of requiring her to comply with subsection 3. Doc. 56 ¶¶ 62–66, 99, 101. As for animus, that is only a means of showing discrimination,

not a separate requirement that must also be proved when a policy is facially discriminatory. *See Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am., UAW v. Johnson Controls, Inc.*, 499 U.S. 187, 199 (1991) ("Whether an employment practice involves disparate treatment through explicit facial discrimination does not depend on why the employer discriminates but rather on the explicit terms of the discrimination."); *Bostock v. Clayton Cnty.*, 590 U.S. 644, 661 (2020) ("intentional discrimination based on sex violates Title VII, even if it is intended only as a means to achieving the employer's ultimate goal"); *In re Pan Am. World Airways, Inc., Maternity Leave Pracs. & Flight Attendant Weight Program Litig.*, 905 F.2d 1457, 1460–61 (11th Cir. 1990) (explaining distinction between facially discriminatory policies and disparate treatment claims and that animus is relevant only to the latter).

Lee also argues that Ms. Doe has not suffered an adverse employment action at its hands. But its policy of requiring her to use titles and pronouns that do not match her gender is in fact a change in the "terms, conditions, or privileges" of her employment. 42 U.S.C. § 2000e-2(a)(1). Ms. Doe incorporates by reference her argument on this point in response to State Defendants' motion to dismiss. *See* Doc. 67 at 17–19.

## CONCLUSION

Plaintiff Jane Doe respectfully requests that the Court deny Defendant Lee

County School Board's motion.

Respectfully submitted.

March 6, 2024

/s/ *Carli Raben*
Sam Boyd, Fla. Bar No. 1012141
Carli Raben, Fla. Bar No. 1036013
SOUTHERN POVERTY LAW CENTER
2 S. Biscayne Blvd. Ste. 3750
Miami, FL 33131
(786) 347-2056
(786) 237-2949 (fax)
sam.boyd@splcenter.org
carli.raben@splcenter.org

Aaron S. Fleisher[*†]
SOUTHERN POVERTY LAW CENTER
1101 17th St NW Ste. 705
Washington, DC 20036
(202) 536-9719
(202) 971-9205 (fax)
aaron.fleisher@splcenter.org
[†] *Not admitted to practice law in DC*

Diego A. Soto[*‡]
Jessica L. Stone[*]
SOUTHERN POVERTY LAW CENTER
150 E. Ponce De Leon Ave. Ste. 340
Decatur, GA 30030
(404) 521-6700
(404) 377-0708 (fax)
diego.soto@splcenter.org
jessica.stone@splcenter.org
[‡] *Admission to GA pending*

Simone Chriss, Fla. Bar No. 124062
Jodi Siegel, Fla. Bar No. 511617
SOUTHERN LEGAL COUNSEL, INC.
1229 NW 12th Ave.

8

Gainesville, FL 32601
(352) 271-8890
(352) 271-8347 (fax)
simone.chriss@southernlegal.org
jodi.siegel@southernlegal.org

James M. Finberg[*]
James Baltzer[*]
ALTSHULER BERZON LLP
177 Post St., Ste. 300
San Francisco, CA 94108
(415) 421-7151
jfinberg@altshulerberzon.com
jbaltzer@altshulerberzon.com

*Counsel for Plaintiffs*

[*] *Admitted* pro hac vice

**CERTIFICATE OF WORD COUNT**

I certify that this document contains 1,753 words, inclusive of headings, footnotes, and quotations, according to the word-processing system used to prepare it.

March 6, 2024

/s/ *Carli Raben*
Carli Raben, Fla. Bar No. 1036013
SOUTHERN POVERTY LAW CENTER
2 S. Biscayne Blvd. Ste. 3750
Miami, FL 33131
(786) 347-2056
(786) 237-2949 (fax)
carli.raben@splcenter.org