UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

Katie Wood *et al.*,

       *Plaintiffs*,

v.            No. 4:23-cv-00526-MW-MAF

Florida Department of Education *et al.*,

       *Defendants*.
_____ /

# PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

  Pursuant to Local Rule 7.1(J), Plaintiffs file this notice to ensure the Court is aware of the Supreme Court's decision in *Muldrow v. City of St. Louis*, No. 22-193, 2024 WL 1642826 (U.S. Apr. 17, 2024). *Muldrow* is pertinent and significant to pending motions to dismiss Plaintiffs' Title VII claims filed by State Defendants and Defendant Lee County School Board. *See* Doc. 63-1 at 17; Doc. 65 at 10. *Muldrow* abrogates the heightened injury requirement for Title VII employment claims imposed by some circuits, No. 22-193, slip op. at 5 and n.1, including the Eleventh, which requires that a plaintiff suffer a "serious and material change in the terms, conditions, or privileges of employment." *Webb-Edwards v. Orange Cnty. Sheriff's Off.*, 525 F.3d 1013, 1031 (11th Cir. 2008). Instead, a plaintiff "need show only some injury" that "left her worse off, but need not have left her significantly so." *Muldrow*,

1

No. 22-193, slip op. at 10.

Each Plaintiff has alleged that subsection 3 has left them worse off because it prevents them from using titles and pronouns that express their gender identity and, in Mx. Schwandes's case, has led to an investigation of them by the state that could lead to a loss of their teaching license. *See* Doc. 56 ¶¶ 75–111. *Muldrow* also acknowledged the relevance of titles, observing that the plaintiff's supervisors called her "'Mrs.' rather than the customary 'Sergeant.'" *Muldrow*, No. 22-193, slip op. at 2.

Although *Muldrow* concerned transfers, its holding is not limited to that context. The decision is based on the plain language of Title VII and does not depend on any considerations specific to transfers. *Id.* at 5–10. Moreover, the Court explicitly held that "this decision changes the legal standard used in any circuit that has previously required 'significant,' 'material,' or 'serious' injury"; that "[i]t lowers the bar Title VII plaintiffs must meet"; and that "because it does so, many cases will come out differently." *Id.* at 7 n.2.

Respectfully submitted.

April 17, 2024                    /s/ Sam Boyd
                                  Sam Boyd, Fla. Bar No. 1012141
                                  Carli Raben, Fla. Bar No. 1036013
                                  SOUTHERN POVERTY LAW CENTER
                                  2 S. Biscayne Blvd. Ste. 3750
                                  Miami, FL 33131
                                  (786) 347-2056
                                  (786) 237-2949 (fax)

2

sam.boyd@splcenter.org
carli.raben@splcenter.org

Aaron S. Fleisher*†
SOUTHERN POVERTY LAW CENTER
1101 17th St NW Ste. 705
Washington, DC 20036
(202) 536-9719
(202) 971-9205 (fax)
aaron.fleisher@splcenter.org
† *Not admitted to practice law in DC*

Diego A. Soto*
Jessica L. Stone*
SOUTHERN POVERTY LAW CENTER
150 E. Ponce De Leon Ave. Ste. 340
Decatur, GA 30030
(404) 521-6700
(404) 377-0708 (fax)
diego.soto@splcenter.org
jessica.stone@splcenter.org

Simone Chriss, Fla. Bar No. 124062
Jodi Siegel, Fla. Bar No. 511617
SOUTHERN LEGAL COUNSEL, INC.
1229 NW 12th Ave.
Gainesville, FL 32601
(352) 271-8890
(352) 271-8347 (fax)
simone.chriss@southernlegal.org
jodi.siegel@southernlegal.org

James M. Finberg*
James Baltzer*
ALTSHULER BERZON LLP
177 Post St., Ste. 300
San Francisco, CA 94108
(415) 421-7151
jfinberg@altshulerberzon.com
jbaltzer@altshulerberzon.com

3

*Counsel for Plaintiffs*

[*] *Admitted* pro hac vice

**CERTIFICATE OF WORD COUNT**

I certify that this document complies with Local Rule 7.1(J) because it contains 334 words, inclusive of headings, footnotes, and quotations, according to the word-processing system used to prepare it.

April 17, 2024                                        */s/ Sam Boyd*
                                                                  Sam Boyd