# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**KATIE WOOD, et al.,**

   *Plaintiffs*,

v.                                                                  Case No.: 4:23cv526-MW/MAF

**FLORIDA DEPARTMENT OF
EDUCATION, et al.,**

   *Defendants*.

_____/

## ORDER ON FLORIDA VIRTUAL SCHOOL'S MOTION TO DISMISS

This Court has considered, without hearing, Defendant Florida Virtual School's ("FLVS's") motion to dismiss Plaintiffs' first amended complaint, ECF No. 64, and Plaintiff AV Schwandes's ("Mx. Schwandes's") response, ECF No. 68.[1] For the reasons provided below, FLVS's motion to dismiss is **GRANTED in part** and **DENIED in part**.

I

As it must, this Court first addresses standing. To establish standing, Mx. Schwandes must show (1) that they have suffered an injury-in-fact that is (2)

---

[1] This Court is aware that in addition to its partial motion to dismiss, FLVS filed a notice of partial joinder and reply, ECF No. 74, in which it attempts to adopt the arguments set forth in the State Defendants' motion to dismiss, ECF No. 63, and reply in support thereof, ECF No. 73. Because this notice was filed without leave of court and new substantive arguments should not be raised in a reply, the notice of partial joinder, ECF No. 74, will be ignored.

traceable to Florida Virtual School and that (3) will likely be redressed by a favorable ruling. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). " '[A] plaintiff must demonstrate standing for each claim he seeks to press' and 'for each form of relief' " that is sought. *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 734 (2008) (quoting *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006)). Here, this means that this Court must address Mx. Schwandes's standing to pursue relief for their Title VII (Counts V, VI, and XVII) and Title IX (Count XVI) claims against FLVS. This Court will address whether Mx. Schwandes has established an injury for each of these claims before addressing whether their injuries are traceable to FLVS and are likely to be redressed by a favorable ruling.

A

First, Mx. Schwandes's injuries. Mx. Schwandes alleges that they are injured because FLVS is discriminating against them on the basis of sex. ECF No. 56 ¶¶ 107, 119. For Title VII and Title IX purposes, Mx. Schwandes's allegations that FLVS imposed arguable adverse employment actions against them on the basis of sex are sufficient to show an injury in fact. *See, e.g., Thompson v. N. Am. Stainless, LP*, 562 U.S. 170, 178 (2011) (holding that an employee has standing under Title VII when they have an interest arguably protected by the statute). Accordingly, Mx. Schwandes has alleged sufficient facts to show an injury for their Title VII and Title IX claims.

As for Mx. Schwandes's claim for injunctive relief against FLVS,[2] the parties agree that Mx. Schwandes lacks standing to pursue this form of relief against their former employer. *See* ECF No. 68 at 10. This Court also agrees. Accordingly, Mx. Schwandes's claim for injunctive relief against FLVS is due to be dismissed for lack of standing.

B

Next, traceability and redressability. Mx. Schwandes's injuries flow, in part, from FLVS's enforcement of section 1000.071(3). In its order on the motions for preliminary injunctions in this case, this Court explained that Plaintiff Katie Wood's injuries are traceable to the Hillsborough County School Board and substantially likely to be redressed by a decision in her favor. ECF No. 82 at 10–12. This same rationale applies to Mx. Schwandes's injuries from FLVS. Accordingly, Mx. Schwandes has standing, at this stage, to pursue their claims for non-injunctive relief against FLVS.

II

This Court next addresses FLVS's arguments for dismissal of Mx. Schwandes's Title IX sex discrimination claim against it, Count XVI. As an initial

---

[2] While Mx. Schwandes claims that "it should be clear" that they are not seeking injunctive relief against FLVS, their pleading indicates otherwise. Their amended complaint reads, without qualification, that "Plaintiffs respectfully request that the Court . . . enjoin *Defendants*, their officers, agents, servants, employees, attorneys, and successors, and other persons who are in active concert or participation with any such person from enforcing subsection 3 of Fla. Stat. § 1000.071." ECF No. 56 at 61 (emphasis added).

matter, FLVS argues that this claim is duplicative of, and preempted by, Plaintiff's Title VII sex discrimination claims. ECF No. 64 at 8–10. Neither the Supreme Court nor the Eleventh Circuit has addressed "whether Title VII preempts Title IX when a plaintiff alleges employment discrimination and Title VII affords a parallel remedy." *Heatherly v. Univ. of Ala. Bd. of Trustees*, 778 F. App'x 690, 694 (11th Cir. 2019). Although most district courts in this Circuit have held that Title VII does preempt Title IX in such situations, this Court finds persuasive the reasoning in *Bird v. University of Florida Board of Trustees*, Case No. 1:18-cv-221, 2019 WL 13087801 (N.D. Fla. Aug. 23, 2019) (Winsor, J.) and in *Doe v. Mercy Catholic Medical Center*, 850 F.3d 545 (3rd Cir. 2017). Following the reasoning in those cases, this Court holds that Mx. Schwandes's Title VII sex discrimination claims do not preempt their Title IX sex discrimination claim. This Court understands, however, that this issue is currently before the Eleventh Circuit. *Crowther v. Bd. of Regents of Univ. Sys. of Ga.*, No. 23-12475 (11th Cir. Oct. 12, 2023). If the Eleventh Circuit holds that Title VII does preempt Title IX, FLVS may re-raise this issue at a later stage.

Now to the substance of Mx. Schwandes's claim. "[D]iscrimination based on . . . transgender status necessarily entails discrimination based on sex; the first cannot happen without the second." *Bostock v. Clayton Cnty.*, 590 U.S. 644, 669 (2020). Furthermore, "if one must know the sex of a person to know whether or how a provision applies to the person, the provision draws a line based on sex." *Doe v.*

4

*Ladapo*, 676 F. Supp. 3d 1205, 1217 (N.D. Fla. 2023) (Hinkle, J.) (citing *Bostock*, 590 U.S.; *Adams v. St. Johns Cnty.*, 57 F.4th 791, 801 (11th Cir. 2022) (en banc)).

Here, FLVS argues that Mx. Schwandes's Title IX claim fails "because enforcement of the statute does not discriminate on the basis of biological sex," but "on gender identity, which does not fall within Title IX's definition of 'sex.' " ECF No. 64 at 11–12 (citing *Adams*, 57 F.4th at 815). Not so. Even assuming, without deciding, that Title IX's definition of sex does not encompass gender identity, section 1000.071(3) discriminates on the basis of sex. The parties agree that Mx. Schwandes's sex (at least for purposes of the relevant laws) is female. *See* ECF No. 56 ¶¶ 1, 21, 103, 106–07, 109; ECF No. 64 at 4, 11 (citing ECF No. 56 ¶¶ 106–07, 109). As a result, according to section 1000.071(3), Mx. Schwandes can use only the title and pronouns that correspond with the female gender—that is, "Ms." and she/her pronouns. If Mx. Schwandes were male, according to section 1000.071(3), they could use only the title and pronouns that correspond with the male gender— that is, Mr. and he/him pronouns. To know which pronouns section 1000.071(3) demands Mx. Schwandes use, one must know Mx. Schwandes's sex. *See Ladapo*, 676 F. Supp. 3d at 1217. This is discrimination on the basis of sex. *See id.*

Accordingly, FLVS's motion to dismiss is **DENIED** as to Mx. Schwandes's Title IX sex discrimination claim against it, Count XVI.

III

This Court next addresses FLVS's argument that Mx. Schwandes cannot receive monetary damages for their claims against the school. ECF No. 64 at 14. FLVS cites *Davies Warehouse Co. v. Bowles*, 321 U.S 144, 153 (1944), for the proposition that when "special circumstances" apply, such as when an employer is compelled to engage in discriminatory conduct by state law, a plaintiff is not entitled to monetary damages for related claims. *Id.* This is simply a non-starter. Under Rule 12(b)(6) this Court may dismiss claims or counts—not remedies or theories. *See Pucci v. Carnival Corp.*, 146 F. Supp. 3d 1281, 1293 (S.D. Fla. 2015). Here, FLVS is asking this Court to dismiss a remedy. FLVS's argument against monetary damages fails for that reason alone. That being said, FLVS's request to prohibit monetary damages for Mx. Schwandes might appropriately characterized as a motion to strike under Rule12(f). *See id.* But even had it been appropriately characterized, the argument would still fail. Assuming *arguendo* that FLVS is correct that the law recognizes a "special circumstances" exception to monetary damages, the disposition of that issue here would turn on facts still in dispute. Accordingly, FLVS's motion to dismiss is **DENIED** as to the availability of monetary damages.

IV

As set out above, FLVS's motion to dismiss, ECF No. 64, is **GRANTED in part** and **DENIED in part**. The motion is **GRANTED** insofar as Mx. Schwandes's claim for injunctive relief is **DISMISSED without prejudice** for lack of standing. The motion is otherwise **DENIED**.

**SO ORDERED on April 19, 2024.**

                                                           s/Mark E. Walker
                                                         **Chief United States District Judge**