# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

KATIE WOOD, et al.,

   *Plaintiffs*,

v.                               Case No.: 4:23cv526-MW/MAF

FLORIDA DEPARTMENT OF
EDUCATION, et al.,

   *Defendants*.

_____/

## ORDER ON HILLSBOROUGH COUNTY SCHOOL BOARD'S MOTION TO DISMISS

This Court has considered, without hearing, Defendant Hillsborough County School Board's ("HCSB's") motion to dismiss, ECF No. 62, Plaintiff Katie Wood's ("Ms. Wood's") response, ECF No. 66, and HCSB's reply, ECF No. 72. For the reasons set out below, the motion is **DENIED**. However, as explained *infra*, Ms. Wood must replead her Title VII and Title IX claims against HCSB.

I

As it must, this Court first addresses standing. To establish standing, Ms. Wood must show (1) that she has suffered an injury-in-fact that is (2) traceable to HCSB and that (3) will likely be redressed by a favorable ruling. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). " '[A] plaintiff must demonstrate standing for each claim he seeks to press' and 'for each form of

relief' " that is sought. *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 734 (2008) (quoting *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006)). Here, this means that this Court must address Ms. Wood's standing to pursue relief for her free speech (Count VIII), equal protection (Count XI), Title VII sex discrimination (Count III), and Title IX sex discrimination (Count XIV) claims against HCSB. This Court will address whether Ms. Wood has established an injury for each of these claims before addressing whether her injuries are traceable to HCSB and are likely to be redressed by a favorable ruling.

A

First, Ms. Wood's injuries. The framing of Ms. Wood's injuries changes slightly based on the underlying cause of action. For her free speech claim, Ms. Wood alleges that, before HCSB threatened to enforce section 1000.071(3), she used her preferred titles while engaging with students. *See* ECF No. 56 ¶ 79. But now, HCSB's threats of enforcing section 1000.071(3) prevent her from doing this. *See id.* ¶ 85. That's a chilled speech injury. Accordingly, Ms. Wood has alleged sufficient facts to show an injury for her free speech claim.

For her remaining claims, Ms. Wood alleges she is injured because HCSB is discriminating against her on the basis of sex. ECF No. 56 ¶ 82. For equal protection purposes, Ms. Wood's allegations of unequal treatment are sufficient to show an injury in fact. *See Ne. Fla. Chapter of Associated Gen. Contractors of Am. v. City of*

2

*Jacksonville*, 508 U.S. 656, 666 (1993). And for Title VII and Title IX purposes, Ms. Wood's allegations that HCSB imposed arguable adverse employment actions against her on the basis of sex are sufficient to show an injury in fact.[1] *See, e.g.*, *Thompson v. N. Am. Stainless, LP*, 562 U.S. 170, 178 (2011) (holding that an employee has standing under Title VII when they have an interest arguably protected by the statute). Accordingly, Ms. Wood has alleged sufficient facts to show an injury for her equal protection, Title VII, and Title IX claims.

B

Next, traceability and redressability. As discussed *supra*, the framing of Ms. Wood's injuries depends on the underlying cause of action. But for traceability and redressability purposes, the framing is the same regardless of the cause of action—Ms. Wood's injuries flow, in part, from HCSB's enforcement of section 1000.071(3). In its order on the motions for preliminary injunction in this case, this Court explained that Ms. Wood's injuries are traceable to HCSB and substantially likely to be redressed by a decision in her favor. ECF No. 82 at 10–12. This same rationale

---

[1] As discussed *infra*, Ms. Wood has issues with the merits of her Title VII and IX claims because of failure to allege an adverse employment action. But for standing purposes, Ms. Wood meets her burden to show Title VII and IX injuries because her allegations set out an *arguable* violation.

3

applies to Ms. Wood's injuries from HCSB at this stage. Accordingly, Ms. Wood has standing, at this stage, to pursue her claims against HCSB.

II

Turning to HCSB's arguments for dismissal, this Court will address the Title VII and Title IX claims before the section 1983 claims.

A

This Court will first address HCSB's arguments for dismissal of Ms. Wood's Title VII sex discrimination claim against it, Count III. HCSB moves to dismiss this claim on the basis that Ms. Wood has failed to allege "discriminatory animus" or a "causal link between any ostensible animus and alleged harm." *See* ECF No. 62 at 7. Neither of these arguments is availing. First, in arguing that it displayed no "animus," HCSB appears to argue that it displayed no hostility or subjective dislike. This is not the standard. If an employer makes a decision motivated by sex and that decision results in an adverse employment action to the impacted employee, that employer runs afoul of Title VII. Second, the "causal link" between the harm Ms. Wood complains of and HCSB is self-evident—HCSB is Ms. Wood's employer, and Ms. Wood alleges discriminatory conduct by her employer.[2]

---

[2] Though there may exist defenses to liability for HCSB because it implemented state law, those defenses fail at the motion to dismiss stage. This Court would reconsider such a defense at the motion for summary judgment stage after further development of the record.

4

While HCSB attempted to join the State Defendants' arguments for dismissal, it did so only in a reply. ECF No. 72 at 2 n.1. New substantive arguments should not be raised in a reply. *See, e.g.*, *Herring v. Sec'y, Dep't of Corr.*, 397 F.3d 1338, 1342 (11th Cir. 2005). Under ordinary circumstances, this Court would ignore improperly raised arguments of that sort. But in the interest of judicial efficiency, this Court will consider the arguments here, given the cat is already out of the bag. In their motion to dismiss, the State Defendants correctly identify that Ms. Wood has failed to articulate an adverse employment action environment sufficient to carry her Title VII claims. ECF No. 16–18. This Court reaches the same conclusion it reached in its order on Plaintiffs' motions for preliminary injunction. ECF No. 82 at 14–18. Because those claims will be dismissed, this Court will also dismiss Ms. Wood's Title VII sex discrimination claim against HCSB, Count III, with leave to amend. This will allow Ms. Wood the opportunity to replead her Title VII claims as to all Defendants at once, rather than piecemeal. Accordingly, Count III is **DISMISSED** with leave to amend.

B

This Court next addresses HCSB's arguments for dismissal of Ms. Wood's Title IX sex discrimination claim against it, Count XIV. HCSB discusses this claim in the same breath as it discusses Ms. Wood's Title VII sex discrimination claim against it, Count III. Namely, HCSB argues that both fail for lack of discriminatory

animus and a causal link between any animus and Ms. Wood's alleged harm. HCSB's arguments on this point fail for the same reason they fail as to Ms. Wood's Title VII sex discrimination claim against HCSB.

Nonetheless, as with her Title VII sex discrimination claim, Ms. Wood fails to allege an adverse employment action within the meaning of the law. Consequently, this Court dismisses Ms. Wood's Title IX sex discrimination claim against HCSB, Count XIV, with leave to amend so that she may replead her Title IX sex discrimination claims as to all Defendants.

III

Next, this Court considers HCSB's arguments for dismissal with respect to Ms. Wood's Section 1983 claims, Counts VIII and XI.

A

As to both claims, HCSB argues that Ms. Wood fails to identify any official policy supporting *Monell* liability under Section 1983. ECF No. 62 at 9. Not so. Ms. Wood alleges that HCSB policy prevents her from providing her pronouns and preferred title to students, consistent with section 1000.071(3)'s restrictions. ECF No. 56 ¶¶ 81–82. Moreover, Ms. Wood alleges that pursuant to official School Board Policy 3139, HCSB and the office of the superintendent must report known violations of 1000.071(3) to the Florida Department of Education. *Id.* ¶ 59. Likewise, Ms. Wood alleges that School Board Policy 3139 requires all HCSB employees to

6

promptly report to the office of the superintendent any complaint against a teacher that is grounds for revocation or suspension of a teaching certificate. *Id*. ¶ 60. And Ms. Wood alleges that School Board Policy 3139 makes a willful failure to report such a complaint grounds for discipline. *Id*. ¶ 61.

"A municipality or other local government may be liable under Section 1983 if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." *D.P. v. Sch. Bd. of Palm Beach Cnty.*, 658 F. Supp. 3d 1187, 1210 (S.D. Fla. 2023) (quoting *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 692 (1978)). Here, "[t]he School Board is a unit of local government." *Id*. Accordingly, to hold HCSB liable under Section 1983, Ms. Wood must allege "that 'action pursuant to official municipal policy' caused [her] injury." *Id*. Here, she has done just that. Namely, Ms. Wood has alleged that HCSB's official policy is to enforce section 1000.071(3)'s restrictions against teachers like her. ECF No. 56 ¶¶ 81–82; *see Cooper v. Dillon*, 403 F.3d 1208, 1223 (11th Cir. 2005) (noting municipality can be held liable under Section 1983 for enforcing unconstitutional state statute when municipality adopts the unconstitutional proscriptions as its own). And Ms. Wood identifies official School Board Policy 3139 as an additional cause of her injury, because this policy directly implements section 1000.071(3) against her and subjects her to possible discipline in the event she violates the speech restriction and fails to report that violation to the

office of the superintendent. In short, Ms. Wood's factual allegations are sufficient to demonstrate that HCSB is liable under Section 1983.

B

In addition to raising its *Monell* argument, HCSB attempted to join the State Defendants' arguments against all Plaintiffs' free speech and equal protection claims against them, Counts VII and X. As mentioned *supra*, HCSB's problem is that its attempt to join in the State Defendants' arguments came in a reply. ECF No. 72. And, as also mentioned *supra*, new substantive arguments should not be raised in a reply. *See, e.g*, *Herring*, 397 F.3d at 1342. Here, too, this Court would ordinarily ignore these improperly raised arguments but will allow them here. For the same reason that the State Defendants' motion is due to be denied as to Plaintiffs' free speech claim against them, Count VII, HCSB's motion is due to be denied as to Ms. Wood's free speech claim against it, Count VIII. And for the same reason that the State Defendants' motion is **DENIED** as to Plaintiffs' equal protection claim against them, Count X, HCSB's motion is **DENIED** as to Ms. Wood's equal protection claim against it, Count XI.

IV

Accordingly, for the reasons set out above, HCSB's motion to dismiss, ECF No. 62, is **DENIED**. However, Ms. Wood's Title VII and Title IX claims, Counts III and XIV, are **DISMISSED** with leave to amend for failure to state a claim. Ms.

Wood may replead her Title VII and Title IX claims, Counts III and XIV, against HCSB **on or before Monday, April 29, 2024**. In granting leave to amend, this Court is allowing Ms. Wood to cure only those defects this Court has already identified. This Court is not granting Plaintiffs a blank slate to plead new causes of action. Nor will this Court permit Defendants to re-raise arguments for dismissal that this Court has already rejected. Should either Ms. Wood or HCSB seek to stray beyond these narrow confines, they must seek leave to do so.

**SO ORDERED on April 19, 2024.**

<span style="text-align:right;">s/Mark E. Walker               
**Chief United States District Judge**</span>