IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

KATIE WOOD, et al.,

    *Plaintiffs*,

v.                            Case No.: 4:23cv526-MW/MAF

FLORIDA DEPARTMENT OF
EDUCATION, et al.,

    *Defendants*.
_____/

## ORDER ON LEE COUNTY SCHOOL BOARD'S MOTION TO DISMISS

This Court has considered, without hearing, Defendant Lee County School Board's ("LCSB's") motion to dismiss, ECF No. 65, and Plaintiff Jane Doe's ("Ms. Doe's") response in opposition, ECF No. 71. For the reasons set out below, the motion is **GRANTED in part and DENIED in part.**

I

As it must, this Court first addresses standing. To establish standing, Ms. Doe must show (1) that she has suffered an injury-in-fact that is (2) traceable to LCSB and that (3) will likely be redressed by a favorable ruling. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). " '[A] plaintiff must demonstrate standing for each claim he seeks to press' and 'for each form of relief' " that is sought. *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 734 (2008) (quoting *DaimlerChrysler Corp.*

*v. Cuno*, 547 U.S. 332, 352 (2006)). Here, this means that this Court must address Ms. Doe's standing to pursue relief for her free speech (Count IX), equal protection (Count XII), Title VII (Count IV), and Title IX (Count XV), claims against LCSB. This Court will address whether Ms. Doe has established an injury for each of these claims before addressing whether her injuries are traceable to LCSB and are likely to be redressed by a favorable ruling.

A

First, Ms. Doe's injuries. The framing of Ms. Doe's injuries changes slightly based on the underlying cause of action. For her free speech claim, Ms. Doe alleges that she is injured because LCSB prevents her from speaking. ECF No. 56 ¶ 170. While Ms. Doe does not specifically state that she would use her preferred titles but for section 1000.071(3), she only has three options—(1) self-censor; (2) use her preferred titles despite the risk of discipline from LCSB; or (3) self-censor in part and use her preferred titles occasionally despite risk of discipline. All of these options permit the reasonable inference that Ms. Doe will suffer a First Amendment injury for standing purposes. *See Pernell v. Fla. Bd. of Governors of State Univ. Sys.*, 641 F. Supp. 3d 1218, 1255 (N.D. Fla. 2022). Accordingly, Ms. Doe alleges sufficient facts to show an injury for her free speech claim.

For her remaining claims, Ms. Doe alleges she is injured because LCSB is discriminating against her on the basis of sex. ECF No. 56 ¶ 99. For equal protection

purposes, Ms. Doe's allegations of unequal treatment are sufficient to show an injury in fact. *See Ne. Fla. Chapter of Associated Gen. Contractors of Am. v. City of Jacksonville*, 508 U.S. 656, 666 (1993). And for Title VII and Title IX purposes, Ms. Doe's allegations that LCSB imposed arguable adverse employment actions against her on the basis of sex are sufficient to show an injury in fact.[1] *See, e.g.*, *Thompson v. N. Am. Stainless, LP*, 562 U.S. 170, 178 (2011) (holding that an employee has standing under Title VII when they have an interest arguably protected by the statute). Accordingly, Ms. Doe has alleged sufficient facts to show an injury for her equal protection, Title VII, and Title IX claims.

B

Next, traceability and redressability. As discussed *supra*, the framing of Ms. Doe's injuries depends on the underlying cause of action. But for traceability and redressability purposes, the framing is the same regardless of the cause of action—Ms. Doe's injuries flow, in part, from LCSB's enforcement of section 1000.071(3). In its order on the motions for preliminary injunctions in this case, this Court explained that Plaintiff Katie Wood's injuries are traceable to the Hillsborough County School Board and substantially likely to be redressed by a decision in her

---

[1] As discussed *infra*, Ms. Doe has issues with the merits of her Title VII and IX claims because of failure to allege an adverse employment action. But for standing purposes, Ms. Doe meets her burden to show Title VII and IX injuries because her allegations set out an *arguable* violation.

3

favor. ECF No. 82 at 10–12. This same rationale applies to Ms. Doe's injuries from LCSB. Accordingly, Ms. Doe has standing, at this stage, to pursue her claims against LCSB. Next, this Court considers Defendant LCSB's arguments for dismissal, starting with Ms. Doe's Title VII sex discrimination claim, Count IV.

II

First, this Court will address LCSB's arguments for dismissal of Ms. Doe's Title VII sex discrimination claim, Count IV. LCSB argues that this claim should be dismissed because Ms. Doe failed to allege "discriminatory animus by LCSB[.]" *See* ECF No. 65 at 8. LCSB says that any "animus" should be attributed to the legislature or the State Defendants— not to it. It appears LCSB is arguing that Title VII requires a showing of "animus" in the sense of subjective dislike or hostility. This is not so. One need not be sexist or racist to violate Title VII. When "animus" is used in a discussion of Title VII, it simply denotes motivation. The record at this stage supports the reasonable inference that the enforcement of section 1000.071(3) against Ms. Doe by LCSB occurs *because of* Ms. Doe's sex—or put another way, that the decision is rooted in sex-based animus.

Nonetheless, LCSB's argument is, at least in part, that Ms. Doe has not alleged an adverse employment action sufficient to support a Title VII discrimination claim.[2]

---

[2] In adopting the State Defendants' arguments on motion to dismiss, Defendant Lee County School Board also adopts other arguments related to *Bostock*. These other arguments are

4

*Id.* at 10. This Court agrees. Like many of the Title VII claims at issue in this case, Ms. Doe's Title VII sex discrimination claim fails because she does not allege that her employer acted against her in a manner that impacts the terms, conditions, or privileges of her employment. Title VII recognizes only a certain subset of employer mistreatment as actionable under the statute—this was discussed in detail in this Court's order on preliminary injunction, ECF No. 82, and its other orders on Defendants' motions to dismiss.[3] For the same reasons Ms. Wood's Title VII sex discrimination claim fails at this stage, so does Ms. Doe's. Accordingly, LCSB's motion to dismiss Ms. Doe's Title VII sex discrimination claim, Count IV, is **GRANTED**. Count IV is **DISMISSED** with leave to amend.

III

This Court next addresses LCSB's arguments as to Ms. Doe's Title IX sex discrimination claim, Count XV. Besides adopting the State Defendants' arguments on this point, *see* ECF No. 65 at 1, LCSB argues that "Title VII preempts Doe's Title IX claims," *id.* at 9 n.3 (citing *Schultz v. Bd. of Trustees of Univ. of W. Fla.*, No. 3:06cv442, 2007 WL 1490714, at *2 (N.D. Fla. May 21, 2007) (Smoak, J.)).

---

unavailing. At best, these arguments are underdeveloped in their current form. The State Defendants may develop and re-raise these arguments *at summary judgment*.

[3] This Court recognizes that Ms. Doe was not a party to the preliminary injunction motion. However, since Ms. Doe's Title VII sex discrimination claim mirrors Ms. Wood's, this Court's analysis of Ms. Wood's Title VII sex discrimination claim is applicable to Ms. Doe.

Neither the Supreme Court nor the Eleventh Circuit has addressed "whether Title VII preempts Title IX when a plaintiff alleges employment discrimination and Title VII affords a parallel remedy." *Heatherly v. Univ. of Ala. Bd. of Trustees*, 778 F. App'x 690, 694 (11th Cir. 2019). Although most district courts in this Circuit have held that Title VII does preempt Title IX in such situations, this Court finds persuasive the reasoning in *Bird v. University of Florida Board of Trustees*, Case No. 1:18-cv-221, 2019 WL 13087801 (N.D. Fla. Aug. 23, 2019) (Winsor, J.) and in *Doe v. Mercy Catholic Medical Center*, 850 F.3d 545 (3rd Cir. 2017). Following the reasoning in those cases, this Court holds that Ms. Doe's Title VII sex discrimination claim does not preempt Ms. Doe's Title IX sex discrimination claim. This Court understands, however, that this issue is currently before the Eleventh Circuit. *Crowther v. Bd. of Regents of Univ. Sys. of Ga.*, No. 23-12475 (11th Cir. Oct. 12, 2023). If the Eleventh Circuit holds that Title VII does preempt Title IX, LCSB may re-raise this issue at a later stage.

Even so, as with its Title VII sex discrimination claim against LCSB, Ms. Doe's Title IX sex discrimination claim against LCSB fails for pleading deficiencies. Namely, Ms. Doe fails to allege an adverse employment action within the meaning of the law. Accordingly, LCSB's motion to dismiss is **GRANTED** as to Ms. Doe's

Title IX claim, Count XV. Count XV is **DISMISSED** with leave to amend.[4]

IV

Next, this Court considers LCSB arguments for dismissal with respect to Ms. Doe's section 1983 claims, Count IX and Count XII.

A

To start, LCSB argues that Ms. Doe "fails to identify a single independent LCSB-policy or action that deliberately infringes on [her] constitutional rights." ECF No. 65 at 4. Not so. Ms. Doe alleges that LCSB has incorporated section 1000.071(3) into its standards of ethical conduct under official School Board Policy 3210. ECF No. 56 ¶ 62; *see also* ECF No. 71 at 3 n. 1. Ms. Doe further alleges that, pursuant to this School Board Policy, if she willfully violates the restrictions set out in section 1000.071(3), she "is subject to dismissal or such lesser penalty as Defendant Lee County School Board may prescribe." ECF No. 56 ¶ 63. Moreover, Ms. Doe alleges that pursuant to another School Board Policy—Policy 3139—LCSB or the office of the superintendent must report known violations of 1000.071(3) to the Florida Department of Education. *Id*. ¶ 64. Likewise, Ms. Doe alleges that School Board Policy 3139 also requires all employees of LCSB to promptly report to the

---

[4] As discussed *supra* in footnote 2, LCSB also adopts the State Defendants' arguments relating to the Eleventh Circuit's interpretations of *Bostock* in *Adams*. As with the Title VII arguments, these other arguments are unavailing—not least because *Adams* relied on Title IX's carve-out for living facilities, which is inapplicable here. The State Defendants may develop and re-raise these arguments at summary judgment.

office of the superintendent or the office of Human Resources Services any complaint against a teacher that is grounds for revocation or suspension of a teaching certificate. *Id*. ¶ 65.

"A municipality or other local government may be liable under Section 1983 if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." *D.P. v. Sch. Bd. of Palm Beach Cnty.*, 658 F. Supp. 3d 1187, 1210 (S.D. Fla. 2023) (quoting *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 692 (1978)). Here, "[t]he School Board is a unit of local government." *Id*. Accordingly, to hold LCSB liable under Section 1983, Ms. Doe must allege "that 'action pursuant to official municipal policy' caused [her] injury." *Id*. Here, she has done just that. Namely, Ms. Doe has alleged that two official School Board Policies, Policy 3210 and Policy 3139, cause her injury because these policies directly implement section 1000.071(3) against her, and one of these policies subjects her to possible dismissal in the event she violates the speech restriction. *See Cooper v. Dillon*, 403 F.3d 1208, 1223 (11th Cir. 2005) (noting municipality can be held liable under Section 1983 for enforcing unconstitutional state statute when municipality adopts the unconstitutional proscriptions as its own). In short, Ms. Doe's factual allegations are sufficient to demonstrate that LCSB is liable under Section 1983.

B

Next this Court considers LCSB's arguments for dismissal of Ms. Doe's free speech claim, Count IX. LCSB asserts that Ms. Doe's free speech claim must be dismissed because she is speaking in her official capacity when introducing herself or sharing her pronouns. ECF No. 65 at 7–8. Not so. This Court rejected a similar argument in its order on the motions for preliminary injunction. *See* ECF No. 82. This Court rejects this argument for the same reasons explained in its order on the motions for preliminary injunction, *see id*. at 23–33.

Similarly, LCSB argues that Ms. Doe has not alleged that she is speaking on a public matter when she shares her pronouns or preferred title with students. ECF No. 65 at 8. This argument fails as well. To start, Ms. Doe does allege that her speech implicates a matter of public concern. ECF No. 56 ¶189. Moreover, accepting the allegations as true for purposes of ruling on the motion to dismiss and construing all reasonable inferences in Ms. Doe's favor as the nonmovant, this Court concludes that her speech—sharing her pronouns and title with her students—is speech on a matter of public concern. This Court must consider the "content, form, and context" of the proposed speech to determine whether it raises a matter of public concern. *See Lyon v. Ashurst*, No. 08-16778, 2009 WL 3725364 (11th Cir. Nov. 9, 2009). For the same reasons this Court set out in its order on the motions for preliminary injunction, ECF No. 82 at 33–39, this Court concludes that Ms. Doe's factual allegations permit

the reasonable inference that she is speaking on a matter of public concern when she shares her pronouns and preferred title. Accordingly, LCSB's motion to dismiss is **DENIED** as to Ms. Doe's free speech claim, Count IX.

C

Now for LCSB's arguments for dismissal of Ms. Doe's equal protection claim, Count XII. Rather than advance new substantive arguments specific to Count XII, LCSB has provided notice that it joins the State Defendants' arguments against all Plaintiffs' equal protection claim against them, Count X. For the same reasons that the State Defendants' motion is due to be denied as to Count X, LCSB's motion to dismiss is **DENIED** as to Ms. Doe's equal protection claim, Count XII.

V

For the reasons stated above, LCSB's motion to dismiss, ECF No. 65, is **GRANTED in part and DENIED in part**. The motion is **GRANTED** with respect to Count IV (Title VII sex discrimination) and Count XV (Title IX sex discrimination). Counts IV and XV are **DISMISSED without prejudice** for failure to state a claim. The balance of the motion is **DENIED**. Ms. Doe may file an amended complaint and replead her Title VII and Title IX claims **on or before Monday, April 29, 2024.** In granting leave to amend, this Court is only allowing Ms. Doe to cure those defects this Court has previously identified. This Court is not granting Ms. Doe a blank slate to plead new causes of action. Nor will this Court

permit LCSB to re-raise arguments for dismissal that this Court has already rejected. Should either Ms. Doe or LCSB seek to stray beyond these narrow confines, they must seek leave to do so.

**SO ORDERED on April 19, 2024.**

<u>**s/Mark E. Walker**</u>
**Chief United States District Judge**