# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

KATIE WOOD, JANE DOE, and
AV SCHWANDES,

    Plaintiffs,

v.                                       CASE NO. 4:23-cv-00526-MW-MAF

FLORIDA DEPARTMENT OF
EDUCATION, et al.,

    Defendants.
_____/

## DEFENDANT FLORIDA VIRTUAL SCHOOL BOARD OF TRUSTEES' MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Florida Virtual School Board of Trustees ("FLVS") hereby moves to dismiss Counts 5, 6, 16, and 17 of Plaintiffs' Second Amended Complaint (Doc. 94; "Complaint") for failure to state a claim upon which relief may be granted and in support thereof states:

I.     **INTRODUCTION AND BACKGROUND**

Plaintiff AV Schwandes ("Schwandes" or "Plaintiff") is one of three plaintiffs that filed a seventeen count Second Amended Complaint in this matter, four of which pertain to FLVS, Schwandes's former employer. Specifically, Schwandes asserts as to Count 5 that FLVS violated Title VII by discriminating because of sex, as to Count 6 that FLVS violated Title VII by discharging because of sex, as to Count 16 that

FLVS violated Title IX by discriminating on the basis of sex, and as to Count 17 that FLVS violated Title VII by retaliating against Schwandes.

II.     STATEMENT OF THE ALLEGED FACTS

In May 2023, the Florida Legislature enacted House Bill 1069, Fla. Laws ch. 2023-105, which took effect on July 1, 2023 as section 1000.071, Florida Statutes. Compl., ¶ 20 – 23. At issue in this case is Subsection 3 of the law, which dictates how a teacher may provide pronouns and personal titles to students and restricts use of pronouns and personal titles that are not aligned to the teacher's sex at birth. § 1000.071(3), Florida Statutes; *id*. at ¶ 23 – 27.

Rule 6A-10.081 of the Florida Administrative Code sets forth the Principles of Professional Conduct for the Education Profession in Florida ("Principles"). Compl., ¶ 33, 35. The Principles include disciplinary principles with which Florida teachers must comply. *Id*. The Florida Board of Education amended the Principles to include Subsection 3. *Id*. FLVS has incorporated the Principles into its standards of ethical conduct, to which all instructional staff members must adhere. *Id*. at ¶ 77.

Schwandes, whose sex assigned at birth was female, is nonbinary and uses the personal title Mx. and they/them pronouns. *Id*. at ¶ 124. Their gender identity is neither male nor female, and, according to Schwandes, "nonbinary people may identify as being both a man and a woman, somewhere in between, or as falling completely outside these categories." *Id*. at ¶ 86. Schwandes was employed as a

teacher by FLVS from July 19, 2021 until their termination on October 24, 2023. *Id*. at ¶ 125. From 2021 through June or July 2023, Schwandes allegedly used the titles Professor and Mrs. *Id*. at ¶ 126. In June or July 2023, Schwandes allegedly began to use the title Mx. and they/them pronouns at work. *Id*. Schwandes was instructed to use a different title but refused to comply. *Id*. at ¶ 127. It is alleged that on September 15, 2023, FLVS suspended Schwandes for violating section 1000.071, Florida Statutes, Rule 6A-10.081 of the Florida Administrative Code, and by implication, FLVS policy. *Id*. at ¶ 128. FLVS threatened to terminate Schwandes if they did not bring their conduct into conformity with Florida law, but Schwandes again refused. *Id*. FLVS did not permit Schwandes to use non-gendered terms like Doctor because Schwandes does not possess a doctorate, and therefore the title would be inappropriate and misleading. *Id*. at ¶ 129; *see* § 817.566, Fla. Stat. On October 24, 2023, FLVS terminated Schwandes's employment for violating and refusing to adhere to Florida law and FLVS policy. *Id*. at ¶ 132. Schwandes filed charges of employment discrimination with the EEOC and Florida Commission on Human Relations, and they received a right to sue. *Id*. at ¶ 131.

Schwandes alleges the following claims against FLVS:

>| Count 5 | Title VII Sex Discrimination for the pre-termination enforcement of Florida law; |
>| Count 6 | Title VII Sex Discrimination for their termination for refusing to comply with Florida law; |
>| Count 16 | Title IX Sex Discrimination for the enforcement of Florida law; |

Count 17  Title VII Retaliation.

*See* Compl. at ¶¶ 190 – 205, 306 – 318.  Schwandes seeks, among other things, compensatory damages, back pay, and front pay.  *Id*.  Schwandes has not alleged, nor can they, that section 1000.071, Florida Statutes, was invalid or the enforcement of which had been enjoined at any time material to their employment with and termination from FLVS.  Absent from the Complaint are any allegations that FLVS did anything other than enforce Florida law which was incorporated into the Principles and binds all teachers within the State of Florida.  Moreover, nowhere in the Complaint does Schwandes allege that non-binary employees who were born male are or would be treated any differently than how Schwandes was treated.

### III. MEMORANDUM OF LAW

#### A. Standard of Review

To overcome a motion to dismiss, a plaintiff must allege sufficient facts to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

However, a conclusory recitation of the elements of a cause of action is insufficient.  *Id*. at 555.  A complaint must include more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id*.  A complaint must include "allegations plausibly suggesting (not merely consistent with)" the plaintiff's entitlement to relief.  *Id.* at 557.

Where further leave to amend the complaint is futile, claims should be dismissed with prejudice. *See Muhammad v. JPMorgan Chase Bank, NA*, 567 F.App'x 851, 853-54 (11th Cir. 2014); *Locke v. SunTrust Bank*, 484 F.3d 1343 (11th Cir. 2007).

B. Argument

    a. **Schwandes's Claims Against FLVS (Counts 5, 6, 16 and 17) Should Be Dismissed Because Nonbinary Identification is Not a Protected Class or Status Under Title VII of the Civil Rights Act of 1964.**

Schwandes's claims against FLVS fail because "nonbinary" is not a protected class or status under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII").[1] The text of Title VII provides that it shall be an unlawful employment practice for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment" *because of such individual's sex*. 42 U.S.C. § 2000e-2(a)(1). The text of Title VII does not include protections for gender identity. The Supreme Court of the United States has affirmed that *transgender* individuals are protected under Title VII in its recent landmark case for LGBT rights. *Bostock v. Clayton Cnty., Georgia*, 590 U.S. 644 (2020).

---

[1] Being nonbinary is similarly not protected under Title IX, but Plaintiff has also failed to state a claim upon which relief may be granted for a violation of Title IX because Title VII preempts Title IX in this context. Thus, Count 16 should also be dismissed.

However, the Court declined to extend such protections to nonbinary individuals. *Id*.

The Supreme Court contemplated Title VII's definition of "sex" in *Bostock* and ultimately proceeded on the premise that "sex" refers only to "biological distinctions between male and female." *Id*. at 655.[2] The Court repeatedly reinforces the gender binary in *Bostock*, using language like "the other [sex]" and "the opposite sex." *Id*. at 658, 672. Per close read, the *Bostock* majority's hypotheticals presuppose binary genders, with hypothetical employees like Hannah (a woman) and Bob (a man). *Id*. at 659. Some have argued (and FLVS agrees) that *Bostock's* logic cannot extend to nonbinary plaintiffs because nonbinary gender identity, unlike binary transgender identity or homosexuality, "is utterly detached from sex, not inextricably connected to it." Meredith Rolfs Severtson, *Let's Talk About Gender: Nonbinary Title VII Plaintiffs Post-Bostock*, 74 Vand. L. Rev. 1507, 1525 – 28 (2021) (internal citations omitted). The Supreme Court reinforced that the meaning of the term "sex" in Title VII is unambiguous: "[a]t bottom, these cases involve no more than the straightforward application of legal terms with plain and settled meanings." *Bostock*, 590 U.S. at 662. The *Bostock* opinion clearly rests on the actual

---

[2] The Eleventh Circuit has stated in a post-*Bostock* opinion that "sex," as used within Title IX, does not mean anything other than biological sex. *Adams by & through Kasper v. Sch. Bd. of St. Johns Cnty.*, 57 F.4th 791, 817 (11th Cir. 2022) (declining to equate "sex" and "gender identity").

text of Title VII and does not attempt to further expand the law to create and include non-binary status as a newly protected class. Nor should this Court.

Title VII incorporates the traditional "but-for" causation standard. *Id*. at 656. It is satisfied when a particular outcome would not have happened "but for" the fact that the complainant is a member of a protected class under Title VII. *Id*. As the *Bostock* Court stated, "if changing the employee's sex would have yielded a different choice by the employer – a statutory violation has occurred." *Id.* at 659 – 660.

Here, Schwandes's biological sex was not the "but-for" cause of their termination. Nor was it even a motivating factor. FLVS's choice was not dependent on whether Schwandes was male or female. Their status as one or the other, put differently, would not yield a different result. FLVS's enforcement of Florida law would remain the same because nonbinary identification is not inextricably connected to sex. In this regard, non-binary gender identity (or more accurately gender non-identity) is distinguishable from sex discrimination cases where gender identity or sexual preference, as in *Bostock*, is key in showing that a person with the same gender identity or sexual preference, but of the opposite biological sex, is treated more favorably.

### b. Schwandes's Title VII Counts Should Be Dismissed Because Title VII Prohibits Discrimination Based Only on Immutable Traits Which Does Not Include Preferred Workplace Expression.

According to the Eleventh Circuit Court of Appeals, Title VII does not protect mutable characteristics even if directly associated with a protected status. *Equal Emp. Opportunity Comm'n v. Catastrophe Mgmt. Sols.*, 852 F.3d 1018 (11th Cir. 2016); *see also Garcia v. Gloor*, 618 F.2d 264 (5th Cir. 1980); *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981). An employment policy that distinguishes on mutable grounds, such as grooming codes, speaking a particular language, or length of hair, is related more closely to the employer's choice of how to run the business than to equality of employment opportunity. *Garcia*, 618 F.2d at 269 (quoting *Willingham v. Macon Tel. Pub. Co.*, 507 F.2d 1084 (5th Cir. 1975)). "Title VII protects persons in covered categories with respect to their immutable characteristics, but not their cultural practices." *Equal Emp. Opportunity Comm'n v. Catastrophe Mgmt. Sols.*, 852 F.3d at 1030; *Texas v. Equal Employment Opportunity Comm'n*, 633 F. Supp. 3d 824, 835 (N.D. Tex. 2022) ("a cursory review of Supreme Court and circuit cases reveals that 'status' and 'conduct' do not *necessarily* merge every time an employee plausibly pleads a 'closely associated' trait") (citing *Equal Emp. Opportunity Comm'n v. Catastrophe Mgmt. Sols.*, 852 F.3d at 1032).

FLVS recognizes that gender identity can be relevant to Title VII protections in some contexts. *See Bostock*, 590 U.S. at 683 ("An employer who fires an individual merely for being gay or transgender defies the law"). However, Title VII does not protect mutable expressions like non-gender/non-binary status. Here, even the Complaint defines nonbinary as a fluid and mutable characteristic: "nonbinary people may identify as being both a man and a woman, somewhere in between, or as falling completely outside these categories." Compl., ¶ 86.

But even if being non-binary is deemed immutable, the issue here does not involve action taken against Schwandes because of their non-binary status, but the challenge is focused solely on their insisting on expressing their non-binary status via use of they/them pronouns and the Mx. personal title. As the *Catastrophe Management* case makes clear, preferred expressions such as wearing dreadlocks, speaking in Spanish, and sex-specific attire in the workplace are not immutable and are subject to employer prohibition even if the expressions relate to the employee's immutable characteristic such as race, national origin or sex.[3] Thus, Schwandes's claims arising under Title VII should be dismissed for their failure to state a cause of action.

---

[3] While workplace expression may be subject to First Amendment protections, Schwandes here has not claimed a First Amendment violation as to FLVS.

### c. Count 5 Should Be Dismissed Because Schwandes Has Not Alleged That Enforcement of Florida Law Created a Hostile Work Environment.

In Count 5 of the Complaint, Schwandes alleges that FLVS violated Title VII because its enforcement of the Florida law at issue created a discriminatory term or condition of employment. However, for a term or condition to be sexually discriminatory under Title VII, it must not only be sex-based but must also be severe or pervasive enough to create a hostile work environment. Here, nowhere in the Complaint does Schwandes allege that FLVS's actions in enforcing the prohibition on using their preferred pronouns and personal title was either severe or pervasive, and Title VII does not mandate a civility code. *Baldwin v. Blue Cross/Blue Shield of Alabama*, 480 F.3d 1287, 1301 – 2 (11th Cir. 2007). Title VII prohibits discrimination based on a protected category such as sex. *Id*. To bring a hostile work environment claim, Schwandes had to plausibly allege five elements: (1) they belong to a protected group; (2) they were subjected to unwelcome harassment; (3) the harassment was based on their membership in the protected group; (4) it was severe or pervasive enough to alter the terms and conditions of employment and create a hostile or abusive working environment; and (5) the employer is responsible for that environment under a theory of either vicarious or direct liability. *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1300 (11th Cir. 2010). Schwandes cannot establish even the first element. *See supra*.

Even if Schwandes could, the enforcement of Subsection 3 was not severe or pervasive enough to alter the terms and conditions of employment and create a hostile or abusive work environment. To establish that a workplace constitutes a hostile work environment, a plaintiff must show that "the workplace is permeated with discriminatory intimidation, ridicule, and insult[.]" *Rojas v. Fla.*, 285 F.3d 1339, 1344 (11th Cir. 2002) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 114 S. Ct. 367, 126 L. Ed. 2d 295 (1993)). This element contains both an objective and subjective component. *McCann v. Tillman*, 526 F.3d 1370, 1378 (11th Cir. 2008). In evaluating the objective severity, the Court considers, among other factors: (1) the frequency of the conduct; (2) the severity of the conduct; (3) whether the conduct is physically threatening or humiliating, or a mere offensive utterance; and (4) whether the conduct unreasonably interferes with the employee's job performance. *Id*.

As to the first factor, Schwandes alleges infrequent conduct – their supervisor at FLVS merely asked twice for them to comply with the policy. Asking an employee to comply with a workplace policy is not severe conduct – it is expected conduct. *See McCoy v. Geico Gen. Ins. Co.*, 510 F. Supp. 2d 739, 752 (M.D. Fla. 2007) (concluding that employee's failure to comply with workplace policies justified warnings and, ultimately, termination). The conduct was not physically threatening or humiliating; Schwandes does not allege violence or threats. And the

conduct did not unreasonably interfere with Schwandes' performance as an educator. FLVS's enforcement of Subsection 3 did not render the workplace permeated with discriminatory intimidation, ridicule, or insult. *Compare Guthrie v. Waffle House, Inc.*, 460 F. App'x 803 (11th Cir. 2012) (physical groping and dozens of sexual comments were not severe and pervasive); *Bostick v. CBOCS, Inc.*, No. 8:13-CV-1319-T-30TGW, 2014 WL 3809169 (M.D. Fla. Aug. 1, 2014) (insults regarding a gay employee's sexuality and a comment suggesting he had AIDS were not sufficiently severe and pervasive); *Walsh v. City of Ocala*, No. 5:18-CV-402-OC-30PRL, 2019 WL 4395297 (M.D. Fla. June 17, 2019), *report and recommendation adopted*, No. 5:18-CV-402-OC-30PRL, 2019 WL 3297248 (M.D. Fla. July 23, 2019) (homosexual plaintiff's conclusory allegations that she was humiliated by comments at work could not overcome the objective lack of frequency and severity of those comments). Schwandes does not allege that students or staff members ridiculed or insulted them. FLVS's only alleged harassment was asking Plaintiff to adhere to Florida law.

## IV. CONCLUSION

For the foregoing reasons, FLVS respectfully requests that the Court grant this Partial Motion to Dismiss.

WHEREFORE, FLVS respectfully requests that the Court enter an Order granting this Motion and dismissing Plaintiffs' Second Amended Complaint.

Dated this 28th day of May, 2024.

/s *Eric J. Holshouser*
ERIC J. HOLSHOUSER
Florida Bar No.: 307734
Email: eholshouser@rtlaw.com
ROGERS TOWERS, P.A.
1301 Riverplace Boulevard, Suite 1500
Jacksonville, FL 32207
Tel: (904) 398-3911
Fax: (904) 396-0663

J. DAVID MARSEY
Florida Bar No.: 0010212
E-mail: dmarsey@rumberger.com (primary)
docketingorlando@rumberger.com and
dmarseysecy@rumberger.com (secondary)
JEFFREY J. GROSHOLZ
Florida Bar No.: 1018568
E-mail: jgrosholz@rumberger.com (primary)
docketingorlando@rumberger.com and
jgrosholzsecy@rumberger.com (secondary)
RUMBERGER, KIRK & CALDWELL, P.A.
101 North Monroe Street
Suite 1050
Tallahassee, Florida 32301
Tel: 850.222.6550
Fax: 850.222.8783

Attorneys for Defendant Florida Virtual School
Board of Trustees

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the foregoing has been served by electronic mail this 28th day of May, 2024 upon the following:

SIMONE CHRISS
JODI SIEGEL
SOUTHERN LEGAL COUNSEL, INC.
1229 NW 12th Ave.
Gainesville, FL 32601
Emails: simone.chriss@southernlegal.org
jodi.siegel@southernlegal.org

JAMES M. FINBERG
JAMES BALTZER
ALTSHULER BERZON LLP
177 Post St., Ste. 300
San Francisco, CA 94108
Emails: jfinberg@altshulerberzon.com
jbaltzer@altshulerberzon.com

SAMUEL BOYD
CARLI RABEN
SOUTHERN POVERTY LAW CENTER
2 S. Biscayne Blvd., Ste. 3750
Miami, FL 33131
Emails: sam.boyd@splcenter.org
carli.raben@splcenter.org

AARON S. FLEISHER
SOUTHERN POVERTY LAW CENTER
1101 17th St NW, Ste. 705
Washington, DC 20036
Email: aaron.fleisher@splcenter.org

DIEGO A. SOTO
JESSICA L. STONE
SOUTHERN POVERTY LAW CENTER
150 E. Ponce De Leon Avenue, Suite 340
Decatur, GA  30030
Emails:  diego.soto@splcenter.org
Jessica.stone@splcenter.org

*Attorneys for Plaintiffs*

BRYAN K. WEIR
DANIEL J. SHAPIRO
DANIEL M. VITAGLIANO
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Suite 700
Arlington, VA  22209
Emails:  bryan@consovoymccarthy.com
daniel@consovoymccarthy.com
dvitagliano@consovoymccarthy.com

*Attorneys for Defendants Florida Department of Education, State Board of Education, Commissioner of Education, Education Practices Commission, Monesia Brown, Esther Byrd, Grazie P. Christie, Kelly Garcia, Benjamin Gibson, Marylynn Magar, Ryan Petty, Aadil Ameerally, Jared Barr, Michael Butcher, Elayne Colon, Ann Copenhaver, Joseph Goodwin, Benjamin Henry, Timothy Holley, Lisa Innerst, Jeffrey Johnson, Kenneth Lapee, Mason Lewis, Sallie Murphy, Christine Plaza, Kevin Rowe, Charles Shaw, Orenthya Sloan, Marc Snyder, Malcom Thomas, Jordan Tompkins, and Kathy Wilks*

JASON L. MARGOLIN
NEEMA M. MONFARED
AKERMAN LLP
401 E. Jackson Street, Suite 1700
Tampa, FL  33602
Emails:  Jason.margolin@akerman.com
Neema.monfared@akerman.com

*Attorneys for Hillsborough County School Board*

JAMES D. FOX
MIKALA A. MAKAR
ROETZEL & ANDRESS PA
999 Vanderbilt Beach Road, Suite 401
Naples, FL 34108
Emails: jfox@ralaw.com
mmakar@ralaw.com

*Attorneys for Lee County School Board*


                    */s/ Eric J. Holshouser*
                    Attorney