UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

KATIE WOOD, JANE DOE, AND AV
SCHWANDES,

        Plaintiffs,

vs.

FLORIDA DEPARTMENT OF
EDUCATION, *et al.*,

        Defendants.

_____

CASE NO. 4:23-cv-00526-MW-MAF

## LEE COUNTY SCHOOL BOARD'S MOTION TO DISMISS COUNTS 4 & 15 OF JANE DOE'S SECOND AMENDED COMPLAINT

Defendant, Lee County School Board ("LCSB"), pursuant to Federal Rule of Civil Procedure 12(b)(6), moves to dismiss Plaintiff Jane Doe's ("Doe") causes of action against LCSB for Counts 4 and 15 of Doe's Second Amended Complaint (Doc. 94). In the interest of not being repetitive, LCSB adopts and incorporates by reference the State Defendants' and FLVS's Motion(s) to Dismiss and generally applicable arguments pertaining to gender identity and the Title VII and Title IX claims. This brief focuses on arguments specifically related to the alleged "adverse employment action".[1]

---

[1] This court has already addressed Doe's "injury" for standing purposes. (Doc. 90, n.1.)

## INTRODUCTION

Doe is a biological male teaching in Lee County since 2017. Dkt. 94 ¶114. In 2021, Doe "socially transitioned" as a woman and began using she/her pronouns. *Id*. ¶113. Despite LCSB being "supportive of her transgender status and female gender identity and expressions" (*id*. ¶ 115), Doe alleges discrimination by LCSB on the basis of sex in violation of Title VII of the Civil Rights Act of 1964, 42, U.S.C. s. 2000e-2 (Count 4) and in violation of Title IX of the Education Amended of 1972, 20 U.S.C. s. 1681 (Count 15). Doe solely bases her discrimination claims on the enactment of Subsection 3 regarding the use of formal titles and personal pronouns in the workplace.

On April 19, 2024, this Court granted in part and denied in part the LCSB's motion to dismiss. Dkt. 90. The Court dismissed Doe's Title VII and Title IX claims for failure to allege an adverse employment action. *Id*. at 5-6. Now, Doe repleads her Title VII and Title IX claims and concludes that Subsection 3 *could* affect an unidentifiable term and condition of her employment. Doe has not, and cannot, plead facts sufficient that Subsection 3 caused Doe to suffer an adverse employment action. Thus Doe's Title VII and Title IX claims are due to be dismissed.

# ARGUMENT

Doe asserts three separate theories in arguing that the pronoun policy is an adverse employment action. First, Doe claims Subsection 3 and its implementing regulations and policies discriminate against Doe's terms and conditions of employment because they regulate how she may do her work, namely how she may refer to herself in the workplace. Dkt. 94 ¶¶ 184, 300. Secondly, Doe claims Subsection 3 creates a "new term of employment" for her because she must refrain from providing students her title and pronouns on "pain of termination and professional discipline, including losing the right to teach in any school in Florida." *Id.* ¶¶ 185, 301. Lastly, Doe claims that using formal titles and pronouns is an employment "benefit" and "privilege." Id. ¶¶ 186, 302. None of these theories are actionable under Title VII and Title IX.

Doe attempts to circumvent this Court's prior holdings, rejecting the argument that the pronouns policy is an adverse employment action, by merely inserting "terms, conditions, and privileges" into her Title VII and Title IX claims. Dkt. 82 at 14–15; Dkt 90 at 5-6; Dkt. 91 at 5–7, 15–16. The Court held that

complying with Subsection 3 is not actionable adverse employment action as the pronoun policy is not "an identifiable term or condition of employment." Dkt. 91 at 5–7 (quoting *Muldrow v. City of St. Louis*, 144 S. Ct. 967, 974 (2024)). Nothing in the Second Amended Complaint changes this conclusion.

Doe still fails to show any harm to an identifiable term or condition of employment. Using formal titles and pronouns is not a "benefit" or "privilege" protected under Title VII. Title VII protects benefits that are a part of an employment contract. *See Hishon v. King & Spalding*, 467 U.S. 69, 77 (1984)(holding that benefits compromising "that form an aspect of the relationship between the employer and employees" are benefits actionable under Title VII.) Doe does not allege that using she/her pronouns was a benefit formed as part of her employment relationship. By Doe's admission, she did not begin using she/her pronouns until three years after beginning her employment with the Lee County School District. Dkt. 94 ¶¶ 113, 114.

The prohibition against Doe's mutable gender preferences and idiosyncrasies do not rise to an "adverse employment action" that discriminate

4

on the basis of sex, as the challenged policies apply equally to both sexes. "The critical issue, Title VII's text indicates, is whether members of one sex are exposed to disadvantageous terms or conditions of employment to which members of the other sex are not exposed." *Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 80 (1998). Further, "the statute does not reach genuine but innocuous differences in the ways men and women routinely interact with members of the same sex and of the opposite sex." *Id*. at 1103. Likewise, all employees may be subject to professional discipline for failing to comply with school policies, ethical rules, or Florida law.[2] *See McCoy v. Geico Gen. Ins. Co.*, 510 F. Supp. 2d 739, 752 (M.D. Fla. 2007).

The kind of harm alleged is not "the type of injury recognized as a 'term or condition' of employment under Title VII." Dkt. 91 at 7. Doe does not allege that Subsection 3 affects her salary, status, prestige, or responsibilities as a teacher. *Id.* 5-7 (citing *Davis v. Legal Servs. Ala., Inc.*, 19 F.4th 1261, 1266 (11th Cir.

---

[2] "All covered employees shall follow the Principles of Professional Conduct for Education Professionals. The guiding documents for covered employees shall include, but not be limited to the Principles of Professional Conduct for Education Professionals in Florida, the Code of Ethics for Public Officers and Employees, Board policies, and other laws and regulations." LCSB Pol'y 3210.01 (Ethics In Education).

5

2021)(Adverse employment actions are generally those "that affect continued employment or pay—things like terminations, demotions, suspensions without pay, and pay raises or cuts—as well as other things that are similarly significant standing alone.").

Moreover, Doe does not allege that she has actually suffered an adverse action; she merely alleges that *if* she were to violate Subsection 3 in some undetermined future, she *may* be subject to an adverse employment action. Doe must show more than a potential adverse employment action. Under Title VII, adverse employment actions cannot be speculative and must at least have a tangible adverse effect on Doe's employment. *Jefferson v. Sewon Am., Inc.*, 891 F.3d 911, 921 (11th Cir. 2018)(the terms, conditions, or privileges "impact cannot be speculative and must at least have a tangible adverse effect on the plaintiff's employment."). As this Court previously recognized, threats of future adverse employment actions are not generally adverse in and of themselves. Dkt. 82 at 21 (citing *Akins v. Fulton Cnty.*, 420 F.3d 1293, 1300–1301 (11th Cir. 2005) (holding that "reprimands[,]" "negative evaluations[,]" "threat of job loss[,]" and "threats

of suspensions without pay" were not an adverse employment action—even considered in the aggregate). Thus, as the Court previously reasoned, "until the time [Doe's] license is actually suspended, or some other more tangible action is taken," a potential investigation into Doe and its potential consequence is not an adverse employment action under Title VII and Title IX. Dkt. 82 at 21; *see also*, *Entrekin v. City of Panama City*, 376 F. App'x 987, 995 (11th Cir. 2010) ("The investigation of the ... complaint did not constitute an adverse action".); *Humphrey v. Napolitano*, 847 F. Supp. 2d 1349, 1354–55 (S.D. Fla. 2012) (collecting cases from the "[m]any courts [that] hold that an investigation that does not lead to any action taken against the employee is not an adverse employment action sufficient to state a claim for disparate treatment").

## **CONCLUSION**

This Court should grant the motion and dismiss Counts 4 and 15 of Doe's Second Amended Complaint for failing to allege an adverse employment action under Title VII and Title IX.

## CERTIFICATE OF WORD COUNT

The undersigned certifies that this Memorandum complies with the word count limitation set forth in Local Rule 7.1(F) because this Memorandum contains 1,467 words, excluding the parts exempted by said Local Rule.

Respectfully submitted,

 s/ Mikala A. Makar
Mikala A. Makar
Florida Bar No. 1025225
James D. Fox
Florida Bar No. 689289
Roetzel & Andress, LPA
999 Vanderbilt Beach Rd., Suite 401
Naples, FL  34108
(239) 649-6200
jfox@ralaw.com
serve.jfox@ralaw.com
mmakar@ralaw.com
serve.mmakar@ralaw.com*Attorneys for Defendant, Lee County School Board*

## CERTIFICATE OF SERVICE

I hereby certify that on May 28, 2024 this document was electronically transmitted to the Clerk of Court via the CM/ECF system, which will send notice of electronic filing to all counsel of record.

 s/ Mikala A. Makar
Mikala A. Makar