IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**KATIE WOOD, et al.,**

    *Plaintiffs*,

v.                                                  Case No.: 4:23cv526-MW/MAF

**FLORIDA DEPARTMENT OF
EDUCATION, et al.,**

    *Defendants*.

_____/

## ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS

This Court has considered, without hearing, Defendants' motions to dismiss and notice of joining the State Defendants' motion to dismiss Plaintiffs' Title VII and Title IX claims (Counts 1, 3, 4, 5, 6, 13, 14, 15, 16, and 17). ECF Nos. 101, 103, 104, and 105. This Court has also considered, without hearing, Plaintiffs' consolidated response in opposition to the motions to dismiss, ECF No. 110, and the Statement of Interest of the United States of America, ECF No. 113.

Following this Court's orders on the first round of motions to dismiss, Plaintiffs filed a second amended complaint alleging several claims against their respective employers and the State Defendants responsible for enforcing Florida's ban on public school employees—including Plaintiffs—from providing their "preferred personal title or pronouns" to students if those pronouns or titles do not

correspond to their sex. ECF No. 94; *see also* § 1000.071(3), Florida Statutes (2023). At issue before this Court are Plaintiffs' claims of unlawful discrimination, harassment, termination, and retaliation under Title VII and Title IX based on Defendants' enforcement of Florida's new pronoun policy in public schools.

To start, the parties' primary dispute concerns whether Plaintiffs have alleged plausible claims for relief under Title VII and Title IX. Plaintiffs' discrimination claims under both Title VII and Title IX depend upon Plaintiffs plausibly alleging that Defendants have discriminated against them with respect to their "compensation, terms, conditions, or privileges of employment, because of [their] . . . sex . . . ." 42 U.S.C. § 20000e-2(a)(1); *see also North Haven Bd. of Ed. v. Bell*, 456 U.S. 512, 535–36 (1982) (holding that "Title IX proscribes employment discrimination in federally funded education programs"). This Court previously dismissed Plaintiffs' Title VII claims for failure to plead facts plausibly alleging an adverse employment action. *See, e.g.*, ECF No. 91 at 5. Likewise, this Court also concluded that Plaintiffs' Title IX claims failed for the same pleading deficiency. *Id*. at 16.[1]

---

[1] This Court rejected Defendants' argument that the Title VII claim preempts Plaintiffs' Title IX claims. ECF No. 91 at 16. The State Defendants re-raise the argument for preservation purposes. ECF No. 103-1 at 14 n.1. This Court again rejects this preemption argument for the same reasons this Court explained in its prior Order, ECF No. 91 at 15–16, and this Court incorporates by reference this prior analysis as if fully set forth herein.

In short, this Court previously held that Plaintiffs had failed to plausibly allege that their pronoun usage amounts to an identifiable term or condition of employment. *See* ECF No. 91 at 7. But upon review of the second amended complaint and the briefing—particularly the thoughtful analysis from the United States of America—this Court concludes that it erred when it previously held that Plaintiffs failed to sufficiently allege that the challenged pronoun policy discriminates with respect to Plaintiffs' terms, conditions, or privileges of employment. This Court's incorrect analysis relied on case law that is no longer good law following *Muldrow v. St. Louis*, 144 S. Ct. 967 (2024). Moreover, this Court oversimplified the issue and failed to consider the ordinary meaning of the statutory text—namely, the ordinary meaning of "terms," "conditions," and "privileges." Accordingly, this Court rejects its previous analysis and incorporates by reference the thoughtful analysis set out in the United States of America's Statement of Interest, ECF No. 113 at 7–18, as if fully set forth herein. In so doing, this Court concludes that Plaintiffs' second amended complaint plausibly alleges that, by adopting and enforcing the challenged pronoun policy, Defendants discriminate against Plaintiffs with respect to the terms, conditions, or privileges of their employment based on their sex in violation of Title VII and Title IX.

This Court also agrees with Ms. Wood's and the United States of America's analysis with respect to whether Ms. Wood has plausibly alleged that both the State

Defendants and the Hillsborough County School Board subjected her to a hostile work environment. Again, this Court incorporates by reference the thoughtful analysis of the United States of America, ECF No. 113 at 19–31, as if fully set forth herein.

As to the Defendants' remaining arguments, this Court rejects the State Defendants' contention that Count 1 violates this Court's order permitting amendment. *See* ECF No. 103-1 at 10. As this Court previously noted, "implicit in this Court's Orders on the prior motions to dismiss is this Court's permission to replead the Title VII claims to raise a hostile work environment theory of discrimination in the event Plaintiffs can allege facts that would support it." ECF No. 108 at 2.

Nor is this Court persuaded by the State Defendants' argument that Count 1 should be dismissed as an impermissible shotgun pleading. *See* ECF No. 103-1 at 13. As this Court has noted in the past, while combining claims alleging tangible employment action and hostile work environment under one count "is not the preferred practice," the second amended complaint need not be repleaded as Defendants have adequate notice of the claims being brought against them. *See Chance v. Wakulla Cnty., Fla.*, Case No.: 4:18cv586-MW/CAS, 2019 WL 13280167, at *1 (N.D. Fla. July 9, 2019) (citing *Hulsey v. Pride Restaurants, LLC*,

367 F.3d 1238, 1247 (11th Cir. 2004) (holding that "while it may well be preferable to plead different theories of recovery in separate counts, it is not required")).

This Court also rejects Defendant Florida Virtual School Board of Trustees' (FLVS's) arguments that were previously rejected in this Court's prior order on FLVS's first motion to dismiss. *See* ECF No. 88 at 3–6. Again, FLVS argues that Mx. Schwandes's claims should be dismissed because "nonbinary identification is not a protected class or status under Title VII of the Civil Rights Act of 1964." ECF No. 101 at 5–7. But as this Court previously explained, the challenged provision discriminates on the basis of sex—not gender identity—because "[t]o know which pronouns section 1000.071(3) demands Mx. Schwandes use, one must know Mx. Schwandes's sex." ECF No. 88 at 5. Finally, as to FLVS's argument that Mx. Schwandes's employment discrimination claim is due to be dismissed for failure to sufficiently allege a hostile work environment, FLVS misreads the second amended complaint. *See* ECF No. 110 at 38–39. As Plaintiffs point out, Mx. Schwandes is not bringing a hostile work environment claim. Their claims against FLVS are for unlawful discrimination in the terms, conditions, or privileges of employment through enforcement of the challenged pronoun policy and for terminating Mx. Schwandes for failure to comply with this policy and for opposing FLVS's unlawful sex discrimination.

5

Accordingly, for the reasons set out above and incorporated by reference herein, Defendants' motions to dismiss, ECF Nos. 101, 103, 104, and 105, are **DENIED**.

**SO ORDERED on July 10, 2024.**

<u>s/Mark E. Walker</u>
**Chief United States District Judge**