**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

| | |
|---|---|
| Wood, *et al.*,<br><br>             *Plaintiffs*,<br><br>      v.<br><br>Florida Department of Education, *et al.*,<br><br>             *Defendants*. | Case No. 4:23-cv-526-MW-MAF |

**STATE DEFENDANTS' ANSWER
TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

1.     The State Defendants lack knowledge or information to form a belief about the allegations in the first sentence of Paragraph 1 and therefore deny them. The State Defendants deny the second sentence of Paragraph 1. The State Defendants admit that Florida enacted Fla. Stat. §100.071(3) ("Subsection 3") in 2023. The third sentence in Paragraph 1 refers to state law, which speaks for itself. The fourth, fifth, and sixth sentences in Paragraph 1 set forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations.

2. The allegations in Paragraph 2 set forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations.

3. Denied.

## PARTIES

4. The State Defendants lack knowledge or information to form a belief about the allegations in Paragraph 4 and therefore deny them.

5. The State Defendants lack knowledge or information to form a belief about the allegations in Paragraph 5 and therefore deny them.

6. The State Defendants lack knowledge or information to form a belief about the allegations in Paragraph 6 and therefore deny them.

7. The State Defendants admit that Defendant Florida Department of Education maintains a principal place of business in Tallahassee and one of its offices is the Office of Professional Practice Services. The remaining allegations in Paragraph 7 refer to state law, which speaks for itself; the State Defendants deny those allegations in Paragraph 7 to the extent they mischaracterize, vary from, or are otherwise inconsistent with state law.

8.      The State Defendants admit that Defendant State Board of Education maintains a principal place of business in Tallahassee, Florida. The remaining allegations in Paragraph 8 refer to state law, which speaks for itself; the State Defendants deny those allegations in Paragraph 8 to the extent they mischaracterize, vary from, or are otherwise inconsistent with state law.

9.      The State Defendants admit that Defendants Esther Byrd, Grazie Christie, Kelly Garcia, Benjamin Gibson, MaryLynn Magar, and Ryan Petty are members of Defendant State Board of Education. State defendants deny that Monesia Brown is a member of the Board because she has since resigned.

10.     The State Defendants admit that Defendant Commissioner of Education maintains a principal place of business in Tallahassee, Florida. The remaining allegations in Paragraph 10 refer to state law, which speaks for itself; the State Defendants deny those allegations in Paragraph 10 to the extent they mischaracterize, vary from, or are otherwise inconsistent with state law.

11.     The State Defendants admit that Defendant Education Practices Commission maintains a principal place of business in

Tallahassee, Florida. The remaining allegations in Paragraph 11 refer to state law, which speaks for itself; the State Defendants deny those allegations in Paragraph 11 to the extent they mischaracterize, vary from, or are otherwise inconsistent with state law.

12.    The State Defendants admit Defendants Aadil Ameerally, Jared Barr, Michael Butcher, Elayne Colon, Ann Copenhaver, Joseph Goodwin, Benjamin Henry, Timothy Holley, Lisa Innerst, Jeffrey Johnson, Kenneth LaPee, Mason Lewis, Sallie Murphy, Christine Plaza, Kevin Rowe, Charles Shaw, Orenthya Sloan, Marc Snyder, Malcolm Thomas, and Kathy Wilks are members of Defendant Education Practices Commission and are residents of Florida. Jordan Tompkins is no longer a member of the Commission. Deborah Jackson, Jamie Sheehan, Jennifer Thaxton, and Charlotte Wintz are now members of the Commission.

13.    The State Defendants admit that Defendant Florida Virtual School Board of Trustees maintains a principal place of business in Orlando, Florida. The remaining allegations in Paragraph 13 refer to state law, which speaks for itself; the State Defendants deny those

allegations in Paragraph 13 to the extent they mischaracterize, vary from, or are otherwise inconsistent with state law.

14. The allegations in Paragraph 14 refer to state law, which speaks for itself; the State Defendants deny the allegations in Paragraph 14 to the extent they mischaracterize, vary from, or are otherwise inconsistent with state law.

15. The allegations in Paragraph 15 refer to state law, which speaks for itself; the State Defendants deny the allegations in Paragraph 15 to the extent they mischaracterize, vary from, or are otherwise inconsistent with state law.

16. Admitted.

## JURISDICTION & VENUE

17. The allegations in Paragraph 17 set forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 17 to the extent they mischaracterize, vary from, or are otherwise inconsistent with 28 U.S.C. §§1331 and 1343(a)(3). The State Defendants otherwise admit the Court has jurisdiction over this dispute.

18.    The allegations in Paragraph 18 set forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 18 to the extent they mischaracterize, vary from, or are otherwise inconsistent with 28 U.S.C. §1391(b)(1) and (2), 42 U.S.C. §2000e-5(f)(3), and Local Rule 3.1. The State Defendants otherwise admit this is a proper venue.

19.    The allegations in Paragraph 19 set forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 18. The State Defendants otherwise admit the Court has personal jurisdiction over them.

## FACTUAL ALLEGATIONS

20.    The State Defendants admit the allegations in the first and second sentences of Paragraph 20. The allegations in the third sentence of Paragraph 20 set forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations.

21.    The allegations in the first sentence of Paragraph 21 refer to state law, which speaks for itself; the State Defendants deny the allegations in the first sentence Paragraph 21 to the extent they mischaracterize, vary from, or are otherwise inconsistent with state law.

The State Defendants lack knowledge or information to form a belief about the allegations in the second and third sentences of Paragraph 21 and therefore deny them.

22. The allegations in Paragraph 22 refer to state law, which speaks for itself; the State Defendants deny the allegations in Paragraph 22 to the extent they mischaracterize, vary from, or are otherwise inconsistent with state law.

23. The allegations in Paragraph 23 refer to state law, which speaks for itself; the State Defendants deny the allegations in Paragraph 23 to the extent they mischaracterize, vary from, or are otherwise inconsistent with state law.

24. The allegations in the first clause of the first sentence in Paragraph 24 (before the semicolon) refer to state law, which speaks for itself; the State Defendants deny the allegations in the first clause of the first sentence in Paragraph 24 (before the semicolon) to the extent they mischaracterize, vary from, or are otherwise inconsistent with state law. The remaining allegations in Paragraph 24 set forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations.

25.     The allegations in Paragraph 25 refer to state law, which speaks for itself, and set forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations.

26.     The allegations in Paragraph 26 set forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations.

27.     The allegations in Paragraph 27 set forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations.

28.     Denied.

29.     The State Defendants deny the allegations in the first and third sentences of Paragraph 29. The State Defendants lack knowledge or information to form a belief about the allegations in the second sentence of Paragraph 29 and therefore deny them.

30.     The State Defendants deny the allegations in the first sentence of Paragraph 30. The State Defendants admit that Governor DeSantis signed HB 1069 (2023) with SB 254 (2023) and SB 1438 (2023). The remaining allegations in Paragraph 30 refer to state law, which speaks for itself; the State Defendants deny those allegations in

Paragraph 30 to the extent they mischaracterize, vary from, or are otherwise inconsistent with state law.

31.    The State Defendants deny the allegations in the first sentence of Paragraph 31. The State Defendants admit that Governor DeSantis signed SB 1028 (2021) on June 1, 2021. The remaining allegations in the second sentence of Paragraph 31 refer to state law, which speaks for itself; the State Defendants deny those allegations in the second sentence of Paragraph 31 to the extent they mischaracterize, vary from, or are otherwise inconsistent with state law. The State Defendants deny the allegations in the third sentence of Paragraph 31. The allegations in the last sentence of Paragraph 31 refer to recorded statements made at a public hearing, which are public record and speak for themselves; the State Defendants deny those allegations in Paragraph 31 to the extent they mischaracterize, vary from, or are otherwise inconsistent with the recorded statements made at the public hearing.

32.    Denied.

33.    The allegations in Paragraph 33 refer to state law, which speak for themselves; the State Defendants deny the allegations in

Paragraph 33 to the extent they mischaracterize, vary from, or are otherwise inconsistent with state law.

34. The allegations in Paragraph 34 refer to state law, which speak for themselves; the State Defendants deny the allegations in Paragraph 34 to the extent they mischaracterize, vary from, or are otherwise inconsistent with state law.

35. The allegations in Paragraph 35 refer to state law, which speak for themselves; the State Defendants deny the allegations in Paragraph 35 to the extent they mischaracterize, vary from, or are otherwise inconsistent with state law.

36. The allegations in Paragraph 36 appear to refer to recorded statements made at a public hearing, which are public record and speak for themselves; the State Defendants deny the allegations in Paragraph 36 to the extent they mischaracterize, vary from, or are otherwise inconsistent with the recorded statements made at the public hearing.

37. The allegations in Paragraph 37 appear to refer to recorded statements made at a public hearing, which are public record and speak for themselves; the State Defendants deny the allegations in Paragraph

37 to the extent they mischaracterize, vary from, or are otherwise inconsistent with the recorded statements made at the public hearing.

38.    The allegations in the first sentence of Paragraph 38 refer to state law, which speaks for itself; the State Defendants deny the allegations in Paragraph 38 to the extent they mischaracterize, vary from, or are otherwise inconsistent with state law. The State Defendants admit the allegations in the second sentence of Paragraph 38.

39.    The State Defendants admit the allegations in the first sentence of Paragraph 39. The remaining allegations in Paragraph 39 refer to state law, which speaks for itself; the State Defendants deny those allegations in Paragraph 39 to the extent they mischaracterize, vary from, or are otherwise inconsistent with state law.

40.    The allegations in the first and second sentences of Paragraph 40 refer to state law, which speaks for itself; the State Defendants deny those allegations in Paragraph 40 to the extent they mischaracterize, vary from, or are otherwise inconsistent with state law. The State Defendants deny the allegations in the last sentence of Paragraph 40.

41.    The State Defendants deny that Defendants Florida Department of Education and Commissioner of Education have opened

investigations into teachers who violate §1000.071. The State Defendants admit that Defendants Florida Department of Education and Commissioner of Education continue to investigate teachers who violate §1000.071 to the extent that they intend to comply with their duties under Florida law. With regard to the last sentence, State Defendants closed the case with a finding of no probable cause.

42. The allegations in Paragraph 42 refer to state law, which speaks for itself; the State Defendants deny the allegations in Paragraph 42 to the extent they mischaracterize, vary from, or are otherwise inconsistent with state law.

43. The allegations in Paragraph 43 refer to state law, which speaks for itself; the State Defendants deny the allegations in Paragraph 43 to the extent they mischaracterize, vary from, or are otherwise inconsistent with state law.

44. The allegations in Paragraph 44 refer to state law, which speaks for itself; the State Defendants deny the allegations in Paragraph 44 to the extent they mischaracterize, vary from, or are otherwise inconsistent with state law.

45.     The allegations in the first sentence of Paragraph 45 refer to state law, which speaks for itself; the State Defendants deny those allegations in Paragraph 45 to the extent they mischaracterize, vary from, or are otherwise inconsistent with state law. The State Defendants deny the allegations in Paragraph 45.

46.     The allegations in Paragraph 46 refer to state law, which speaks for itself; the State Defendants deny the allegations in Paragraph 46 to the extent they mischaracterize, vary from, or are otherwise inconsistent with state law.

47.     The allegations in Paragraph 47 refer to state law, which speaks for itself; the State Defendants deny the allegations in Paragraph 47 to the extent they mischaracterize, vary from, or are otherwise inconsistent with state law.

48.     The allegations in Paragraph 48 refer to state law, which speaks for itself; the State Defendants deny the allegations in Paragraph 48 to the extent they mischaracterize, vary from, or are otherwise inconsistent with state law.

49.     Defendant State Board of Education admits that it has investigated and punished potential violations of its rules. The State

Defendants otherwise deny the allegations in Paragraph 49 to the extent they mischaracterize those investigations.

50. The State Defendants admit that a complaint was filed and prosecuted against Rocky Hanna. The State Defendants further admit that Defendant Commissioner of Education and Superintendent Rocky Hanna reached, and Defendant Education Practices Commission accepted, a settlement agreement by which, among other things, he would be placed on probation for two years, pay $300 to cover the costs of probation, take college courses or micro-credential National Education Association courses on education ethics and educational leadership for which he bears the cost, pay a $1,000 fine, violate no law, and comply with the Principles of Professional Conduct for the Education Profession in Florida. The State Defendants also admit that Hanna received a letter of reprimand. The State Defendants deny the remaining allegations in Paragraph 50.

51. The allegations in Paragraph 51 refer to state law, which speaks for itself; the State Defendants deny the allegations in Paragraph 51 to the extent they mischaracterize, vary from, or are otherwise inconsistent with state law.

52.     The allegations in Paragraph 52 refer to state law, which speaks for itself; the State Defendants deny the allegations in Paragraph 52 to the extent they mischaracterize, vary from, or are otherwise inconsistent with state law.

53.     The allegations in Paragraph 53 refer to state law, which speaks for itself; the State Defendants deny the allegations in Paragraph 53 to the extent they mischaracterize, vary from, or are otherwise inconsistent with state law.

54.     The allegations in Paragraph 54 refer to state law, which speaks for itself; the State Defendants deny the allegations in Paragraph 54 to the extent they mischaracterize, vary from, or are otherwise inconsistent with state law.

55.     The allegations in Paragraph 55 refer to state law, which speak for themselves; the State Defendants deny the allegations in Paragraph 55 to the extent they mischaracterize, vary from, or are otherwise inconsistent with state law.

56.     The allegations in Paragraph 56 refer to state law, which speak for themselves; the State Defendants deny the allegations in

Paragraph 56 to the extent they mischaracterize, vary from, or are otherwise inconsistent with state law.

57.    The allegations in Paragraph 57 refer to state law, which speak for themselves; the State Defendants deny the allegations in Paragraph 57 to the extent they mischaracterize, vary from, or are otherwise inconsistent with state law.

58.    The allegations in Paragraph 58 refer to HCSB policy, which speaks for itself; the State Defendants deny the allegations in Paragraph 58 to the extent they mischaracterize, vary from, or are otherwise inconsistent with the policy.

59.    The allegations in Paragraph 59 refer to HCSB policy, which speaks for itself; the State Defendants deny the allegations in Paragraph 59 to the extent they mischaracterize, vary from, or are otherwise inconsistent with the policy.

60.    The allegations in Paragraph 60 refer to HCSB policy, which speaks for itself; the State Defendants deny the allegations in Paragraph 60 to the extent they mischaracterize, vary from, or are otherwise inconsistent with the policy.

61.     The allegations in Paragraph 61 refer to HCSB policy, which speaks for itself; the State Defendants deny the allegations in Paragraph 61 to the extent they mischaracterize, vary from, or are otherwise inconsistent with the policy.

62.     The allegations in Paragraph 62 refer to HCSB policy, which speaks for itself; the State Defendants deny the allegations in Paragraph 62 to the extent they mischaracterize, vary from, or are otherwise inconsistent with the policy.

63.     The allegations in Paragraph 63 refer to HCSB policy, which speaks for itself; the State Defendants deny the allegations in Paragraph 63 to the extent they mischaracterize, vary from, or are otherwise inconsistent with the policy.

64.     The allegations in Paragraph 64 refer to HCSB policy, which speaks for itself; the State Defendants deny the allegations in Paragraph 64 to the extent they mischaracterize, vary from, or are otherwise inconsistent with the policy.

65.     The allegations in Paragraph 65 refer to HCSB policy, which speaks for itself; the State Defendants deny the allegations in Paragraph

65 to the extent they mischaracterize, vary from, or are otherwise inconsistent with the policy.

66. The allegations in Paragraph 66 refer to HCSB policy, which speaks for itself; the State Defendants deny the allegations in Paragraph 66 to the extent they mischaracterize, vary from, or are otherwise inconsistent with the policy.

67. The allegations in Paragraph 67 refer to LCSB policy, which speaks for itself; the State Defendants deny the allegations in Paragraph 67 to the extent they mischaracterize, vary from, or are otherwise inconsistent with the policy.

68. The allegations in Paragraph 68 refer to LCSB policy, which speaks for itself; the State Defendants deny the allegations in Paragraph 68 to the extent they mischaracterize, vary from, or are otherwise inconsistent with the policy.

69. The allegations in Paragraph 69 refer to LCSB policy, which speaks for itself; the State Defendants deny the allegations in Paragraph 69 to the extent they mischaracterize, vary from, or are otherwise inconsistent with the policy.

70. The allegations in Paragraph 70 refer to LCSB policy, which speaks for itself; the State Defendants deny the allegations in Paragraph 70 to the extent they mischaracterize, vary from, or are otherwise inconsistent with the policy.

71. The allegations in Paragraph 71 refer to LCSB policy, which speaks for itself; the State Defendants deny the allegations in Paragraph 71 to the extent they mischaracterize, vary from, or are otherwise inconsistent with the policy.

72. The allegations in Paragraph 72 refer to LCSB policy, which speaks for itself; the State Defendants deny the allegations in Paragraph 72 to the extent they mischaracterize, vary from, or are otherwise inconsistent with the policy.

73. The allegations in Paragraph 73 refer to LCSB policy, which speaks for itself; the State Defendants deny the allegations in Paragraph 73 to the extent they mischaracterize, vary from, or are otherwise inconsistent with the policy.

74. The allegations in Paragraph 74 refer to LCSB policy, which speaks for itself; the State Defendants deny the allegations in Paragraph

74 to the extent they mischaracterize, vary from, or are otherwise inconsistent with the policy.

75. The allegations in Paragraph 75 refer to LCSB policy, which speaks for itself; the State Defendants deny the allegations in Paragraph 75 to the extent they mischaracterize, vary from, or are otherwise inconsistent with the policy.

76. The allegations in Paragraph 76 refer to LCSB policy, which speaks for itself; the State Defendants deny the allegations in Paragraph 76 to the extent they mischaracterize, vary from, or are otherwise inconsistent with the policy.

77. The allegations in Paragraph 77 refer to FLVS policy, which speaks for itself; the State Defendants deny the allegations in Paragraph 77 to the extent they mischaracterize, vary from, or are otherwise inconsistent with the policy.

78. The allegations in Paragraph 78 refer to FLVS policy, which speaks for itself; the State Defendants deny the allegations in Paragraph 78 to the extent they mischaracterize, vary from, or are otherwise inconsistent with the policy.

79.     The allegations in Paragraph 79 refer to FLVS policy, which speaks for itself; the State Defendants deny the allegations in Paragraph 79 to the extent they mischaracterize, vary from, or are otherwise inconsistent with the policy.

80.     The allegations in Paragraph 80 refer to FLVS policy, which speaks for itself; the State Defendants deny the allegations in Paragraph 80 to the extent they mischaracterize, vary from, or are otherwise inconsistent with the policy.

81.     The allegations in Paragraph 81 refer to FLVS policy, which speaks for itself; the State Defendants deny the allegations in Paragraph 81 to the extent they mischaracterize, vary from, or are otherwise inconsistent with the policy.

82.     The allegations in Paragraph 82 refer to FLVS policy, which speaks for itself; the State Defendants deny the allegations in Paragraph 82 to the extent they mischaracterize, vary from, or are otherwise inconsistent with the policy.

83.     The allegations in Paragraph 83 refer to FLVS policy, which speaks for itself; the State Defendants deny the allegations in Paragraph

83 to the extent they mischaracterize, vary from, or are otherwise inconsistent with the policy.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. The State Defendants lack knowledge or information to form a belief about the allegations in Paragraph 90 and therefore deny them.

91. The State Defendants lack knowledge or information to form a belief about the allegations in Paragraph 91 and therefore deny them.

92. The State Defendants lack knowledge or information to form a belief about the allegations in the first two sentences of Paragraph 92 and therefore deny them. The State Defendants admit that FDOE certified a "Katie Wood" to teach and issued a teaching certificate in that name. The State Defendants deny the remaining allegations in Paragraph 92.

93.    The State Defendants lack knowledge or information to form a belief about the allegations in Paragraph 93 and therefore deny them.

94.    The State Defendants lack knowledge or information to form a belief about the allegations in Paragraph 94 and therefore deny them.

95.    The State Defendants lack knowledge or information to form a belief about the allegations in Paragraph 95 and therefore deny them.

96.    Paragraph 96 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 96. The allegations in Paragraph 96 refer to state law, which speaks for itself; the State Defendants deny the allegations in Paragraph 96 to the extent they mischaracterize, vary from, or are otherwise inconsistent with state law.

97.    The State Defendants lack knowledge or information to form a belief about the allegations in Paragraph 97 and therefore deny them.

98.    Denied.

99.    Denied.

100.  The State Defendants lack knowledge or information to form a belief about the allegations in Paragraph 100 and therefore deny them.

101. The State Defendants lack knowledge or information to form a belief about the allegations in Paragraph 101 and therefore deny them.

102. The State Defendants lack knowledge or information to form a belief about the allegations in Paragraph 102 and therefore deny them.

103. The State Defendants lack knowledge or information to form a belief about the allegations in Paragraph 103 and therefore deny them.

104. The State Defendants lack knowledge or information to form a belief about the allegations in Paragraph 104 and therefore deny them.

105. The State Defendants lack knowledge or information to form a belief about the allegations in Paragraph 105 and therefore deny them.

106. The State Defendants lack knowledge or information to form a belief about the allegations in Paragraph 106 and therefore deny them.

107. Paragraph 107 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 107. The allegations in Paragraph 107 refer to state law, which speaks for itself; the State Defendants deny the allegations in Paragraph 107 to the extent they mischaracterize, vary from, or are otherwise inconsistent with state law.

108. Paragraph 108 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 108. The allegations in Paragraph 108 refer to state law, which speaks for itself; the State Defendants deny the allegations in Paragraph 108 to the extent they mischaracterize, vary from, or are otherwise inconsistent with state law.

109. Paragraph 109 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 109. The State Defendants otherwise lack knowledge or information to form a belief about the allegations in Paragraph 109 and therefore deny them.

110. The State Defendants deny the date of the charge against SBOE. The State Defendants admit the remaining allegations in Paragraph 110.

111. Admit as to the dates that the EEOC issued Letters of Determination and what those letters purported to find. The State Defendants deny the viability of those findings.

112. The State Defendants lack knowledge or information to form a belief about the allegations in Paragraph 112 and therefore deny them.

113. The State Defendants lack knowledge or information to form a belief about the allegations in Paragraph 113 and therefore deny them.

114. The State Defendants lack knowledge or information to form a belief about the allegations in the first sentence of Paragraph 114 and therefore deny them. The State Defendants admit that FDOE has certified Plaintiff Doe to teach. The State Defendants deny the remaining allegations in Paragraph 114.

115. The State Defendants lack knowledge or information to form a belief about the allegations in Paragraph 115 and therefore deny them.

116. The State Defendants lack knowledge or information to form a belief about the allegations in Paragraph 116 and therefore deny them.

117. The State Defendants lack knowledge or information to form a belief about the allegations in Paragraph 117 and therefore deny them.

118. Paragraph 118 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 118. The allegations in Paragraph 118 refer to state law, which speaks for itself; the State Defendants deny the allegations in Paragraph 118 to the extent they mischaracterize, vary from, or are otherwise inconsistent with state law.

119. The State Defendants lack knowledge or information to form a belief about the allegations in Paragraph 119 and therefore deny them.

120. The State Defendants lack knowledge or information to form a belief about the allegations in Paragraph 120 and therefore deny them.

121. Paragraph 121 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 121. The allegations in Paragraph 121 refer to state law, which speaks for itself; the State Defendants deny the allegations in Paragraph 121 to the extent they mischaracterize, vary from, or are otherwise inconsistent with state law.

122. Admit.

123. Admit as to the dates that the EEOC issued Letters of Determination and what those letters purported to find. The State Defendants deny the viability of those findings.

124. The State Defendants lack knowledge or information to form a belief about the allegations in Paragraph 124 and therefore deny them.

125. The State Defendants lack knowledge or information to form a belief about the allegations in the first two sentences of Paragraph 125 and therefore deny them. The State Defendants admit that FDOE has

certified Plaintiff Schwandes to teach. The State Defendants deny the remaining allegations in Paragraph 125.

126.  The State Defendants lack knowledge or information to form a belief about the allegations in Paragraph 126 and therefore deny them.

127.  The State Defendants lack knowledge or information to form a belief about the allegations in Paragraph 127 and therefore deny them.

128.  The State Defendants lack knowledge or information to form a belief about the allegations in Paragraph 128 and therefore deny them.

129.  The State Defendants lack knowledge or information to form a belief about the allegations in Paragraph 129 and therefore deny them.

130.  The State Defendants lack knowledge or information to form a belief about the allegations in Paragraph 130 and therefore deny them.

131.  The State Defendants lack knowledge or information to form a belief about the allegations in Paragraph 131 and therefore deny them.

132.  The State Defendants lack knowledge or information to form a belief about the allegations in Paragraph 132 and therefore deny them.

133.  Admit.

134.  The State Defendants admit that FDOE sent Schwandes a letter dated January 4, 2024. The letter speaks for itself; the State

Defendants deny those allegations in Paragraph 134 to the extent they mischaracterize, vary from, or are otherwise inconsistent with the letter. The State Defendants deny the allegations in the third sentence of Paragraph 134.

## CLAIMS FOR RELIEF

### COUNT 1
### Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2
### Discrimination Because of Sex

Pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5

By All Plaintiffs Against Defendants Florida Department of Education, State Board of Education, and Education Practices Commission

135. The State Defendants incorporate by reference all prior answers as though fully set forth herein.

136. Paragraph 136 refers to Title VII, which speaks for itself; the State Defendants deny the allegations in Paragraph 136 to the extent they mischaracterize, vary from, or are otherwise inconsistent with Title VII.

137. Paragraph 137 sets forth legal conclusions that requires no response; if a response is required, the State Defendants deny the allegations in Paragraph 137.

138. Paragraph 138 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 138.

139. Paragraph 139 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 139.

140. Paragraph 140 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 140. The State Defendants deny the allegations regarding case law referenced in Paragraph 140 to the extent the allegations mischaracterize, vary from, or are otherwise inconsistent with that case law.

141. Paragraph 141 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 141.

142. Paragraph 142 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 142.

143. Paragraph 143 refers to Title VII, which speaks for itself; the State Defendants deny those allegations in Paragraph 143 to the extent they mischaracterize, vary from, or are otherwise inconsistent with Title VII. The State Defendants deny the allegations regarding case law referenced in Paragraph 143 to the extent the allegations mischaracterize, vary from, or are otherwise inconsistent with that case law. Paragraph 143 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 143.

144. Paragraph 144 refers to Title VII, which speaks for itself; the State Defendants deny those allegations in Paragraph 144 to the extent they mischaracterize, vary from, or are otherwise inconsistent with Title VII. The State Defendants deny the allegations regarding case law referenced in Paragraph 144 to the extent the allegations mischaracterize, vary from, or are otherwise inconsistent with that case law. Paragraph 144 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 144.

145. Paragraph 145 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 145.

146. Paragraph 146 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 146.

147. Paragraph 147 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 147.

148. Paragraph 148 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 148. The State Defendants deny the allegations regarding case law referenced in Paragraph 148 to the extent the allegations mischaracterize, vary from, or are otherwise inconsistent with that case law.

149. Paragraph 149 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 149.

150. Paragraph 150 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 150.

151. Paragraph 151 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 151.

The State Defendants deny that Plaintiffs are entitled to any of the relief requested on page 48 of Plaintiffs' second amended complaint.

## COUNT 2
## Preemption by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-7

Pursuant to 42 U.S.C. §1983 and the Court's Inherent Equitable Powers

By All Plaintiffs Against Defendants Commissioner of Education, Members of Defendant State Board of Education, and Members of Defendant Education Practices Commission

152. The State Defendants incorporate by reference all prior answers as though fully set forth herein.

153. Paragraph 153 refers to Title VII, which speaks for itself; the State Defendants deny the allegations in Paragraph 153 to the extent

they mischaracterize, vary from, or are otherwise inconsistent with Title VII.

154. Paragraph 154 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 154.

155. Paragraph 155 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 155.

156. Paragraph 156 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 156.

157. Paragraph 157 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 157.

158. Paragraph 158 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 158.

159. Paragraph 159 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 159.

160. Paragraph 160 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 160.

The State Defendants deny that Plaintiffs are entitled to any of the relief requested on pages 50 and 51 of Plaintiffs' second amended complaint.

## COUNT 3
## Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2
## Discrimination Because of Sex

Pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5

By Plaintiff Katie Wood Against Defendant Hillsborough County School Board

161. The State Defendants incorporate by reference all prior answers as though fully set forth herein.

162. Paragraph 162 refers to Title VII, which speaks for itself; the State Defendants deny the allegations in Paragraph 162 to the extent they mischaracterize, vary from, or are otherwise inconsistent with Title VII.

163. Paragraph 163 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 163.

164. Paragraph 164 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 164.

165. Paragraph 165 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 165.

166. Paragraph 166 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 166. The State Defendants deny the allegations regarding case law referenced in Paragraph 166 to the extent the allegations mischaracterize, vary from, or are otherwise inconsistent with that case law.

167. Paragraph 167 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 167.

168. Paragraph 168 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 168.

169. Paragraph 169 refers to Title VII, which speaks for itself; the State Defendants deny those allegations in Paragraph 169 to the extent they mischaracterize, vary from, or are otherwise inconsistent with Title VII. The State Defendants deny the allegations regarding case law referenced in Paragraph 169 to the extent the allegations mischaracterize, vary from, or are otherwise inconsistent with that case law. Paragraph 169 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 169.

170. Paragraph 170 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 170.

171. Paragraph 171 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 171. The State Defendants deny the allegations regarding case law referenced in Paragraph 171 to the extent the

allegations mischaracterize, vary from, or are otherwise inconsistent with that case law.

172. Paragraph 172 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 172.

173. Paragraph 173 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 173.

174. Paragraph 174 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 174.

175. Paragraph 175 refers to Title VII, which speaks for itself; the State Defendants deny those allegations in Paragraph 175 to the extent they mischaracterize, vary from, or are otherwise inconsistent with Title VII. The State Defendants deny the allegations regarding case law referenced in Paragraph 175 to the extent the allegations mischaracterize, vary from, or are otherwise inconsistent with that case law. Paragraph 175 sets forth legal conclusions that require no response;

if a response is required, the State Defendants deny the allegations in Paragraph 175.

176. Paragraph 176 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 176.

177. Paragraph 177 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 177.

The State Defendants deny that Plaintiffs are entitled to any of the relief requested on pages 55 and 56 of Plaintiffs' second amended complaint.

## COUNT 4
### Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2
### Discrimination Because of Sex

Pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5

By Plaintiff Jane Doe Against Defendant Lee County School Board

178. The State Defendants incorporate by reference all prior answers as though fully set forth herein.

179. Paragraph 179 refers to Title VII, which speaks for itself; the State Defendants deny the allegations in Paragraph 179 to the extent

they mischaracterize, vary from, or are otherwise inconsistent with Title VII.

180. Paragraph 180 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 180.

181. Paragraph 181 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 181.

182. Paragraph 182 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 182.

183. Paragraph 183 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 183. The State Defendants deny the allegations regarding case law referenced in Paragraph 183 to the extent the allegations mischaracterize, vary from, or are otherwise inconsistent with that case law.

184. Paragraph 184 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 184.

185. Paragraph 185 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 185.

186. Paragraph 186 refers to Title VII, which speaks for itself; the State Defendants deny those allegations in Paragraph 186 to the extent they mischaracterize, vary from, or are otherwise inconsistent with Title VII. The State Defendants deny the allegations regarding case law referenced in Paragraph 186 to the extent the allegations mischaracterize, vary from, or are otherwise inconsistent with that case law. Paragraph 186 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 186.

187. Paragraph 187 refers to Title VII, which speaks for itself; the State Defendants deny those allegations in Paragraph 187 to the extent they mischaracterize, vary from, or are otherwise inconsistent with Title VII. The State Defendants deny the allegations regarding case law

referenced in Paragraph 187 to the extent the allegations mischaracterize, vary from, or are otherwise inconsistent with that case law. Paragraph 187 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 187.

188. Paragraph 188 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 188.

189. Paragraph 189 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 189.

The State Defendants deny that Plaintiffs are entitled to any of the relief requested on pages 59 and 60 of Plaintiffs' second amended complaint.

## COUNT 5
## Violation of Title VII of the Civil Rights Act of 1964,
## 42 U.S.C. §2000e-2
## Discrimination Because of Sex

Pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5

By Plaintiff AV Schwandes Against Defendant Florida Virtual School Board of Trustees

190. The State Defendants incorporate by reference all prior answers as though fully set forth herein.

191. Paragraph 191 refers to Title VII, which speaks for itself; the State Defendants deny the allegations in Paragraph 191 to the extent they mischaracterize, vary from, or are otherwise inconsistent with Title VII.

192. Paragraph 192 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 192.

193. Paragraph 193 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 193.

194. Paragraph 194 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 194.

195. Paragraph 195 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 195.

196. Paragraph 196 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 196.

197. Paragraph 197 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 197.

198. Paragraph 198 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 198.

The State Defendants deny that Plaintiffs are entitled to any of the relief requested on pages 61 and 62 of Plaintiffs' second amended complaint.

## COUNT 6
## Violation of Title VII of the Civil Rights Act of 1964,
## 42 U.S.C. §2000e-2
## Discharge Because of Sex

Pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5

By Plaintiff AV Schwandes Against Defendant Florida Virtual School Board of Trustees

199. The State Defendants incorporate by reference all prior answers as though fully set forth herein.

200. Paragraph 200 refers to Title VII, which speaks for itself; the State Defendants deny the allegations in Paragraph 200 to the extent they mischaracterize, vary from, or are otherwise inconsistent with Title VII.

201. Paragraph 201 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 201.

202. Paragraph 202 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 202.

203. Paragraph 203 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 203.

204. Paragraph 204 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 204.

205. Paragraph 205 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 205.

The State Defendants deny that Plaintiffs are entitled to any of the relief requested on page 63 of Plaintiffs' second amended complaint.

## COUNT 7
### Violation of the First and Fourteenth Amendments to the U.S. Constitution
### Deprivation of Freedom of Speech

Pursuant to 42 U.S.C. §1983

By Plaintiffs Katie Wood and Jane Doe Against Defendants Commissioner of Education, Members of Defendant State Board of Education, and Members of Defendant Education Practices Commission

206. The State Defendants incorporate by reference all prior answers as though fully set forth herein.

207. Paragraph 207 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 207.

208. Paragraph 208 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 208.

209. Paragraph 209 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 209.

210. Paragraph 210 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 210.

211. Paragraph 211 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 211.

212. Paragraph 212 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 212.

213. Paragraph 213 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 213.

214. Paragraph 214 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 214.

215. Paragraph 215 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 215.

216. Paragraph 216 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 216.

The State Defendants deny that Plaintiffs are entitled to any of the relief requested on pages 65 and 66 of Plaintiffs' second amended complaint.

## COUNT 8
### Violation of the First and Fourteenth Amendments to the U.S. Constitution
### Deprivation of Freedom of Speech

Pursuant to 42 U.S.C. §1983

By Plaintiff Katie Wood Against Defendant Hillsborough County School Board

217. The State Defendants incorporate by reference all prior answers as though fully set forth herein.

218. Paragraph 218 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 218.

219. Paragraph 219 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 219.

220. Paragraph 220 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 220.

221. Paragraph 221 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 221.

222. Paragraph 222 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 222.

223. Paragraph 223 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 223.

224. Paragraph 224 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 224.

225. Paragraph 225 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 225.

226. Paragraph 226 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 226.

227. Paragraph 227 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 227.

228. Paragraph 228 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 228.

The State Defendants deny that Plaintiffs are entitled to any of the relief requested on page 68 of Plaintiffs' second amended complaint.

## COUNT 9
## Violation of the First and Fourteenth Amendments to the U.S. Constitution
## Deprivation of Freedom of Speech

Pursuant to 42 U.S.C. §1983

By Plaintiff Jane Doe Against Defendant Lee County School Board

229. The State Defendants incorporate by reference all prior answers as though fully set forth herein.

230. Paragraph 230 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 230.

231. Paragraph 231 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 231.

232. Paragraph 232 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 232.

233. Paragraph 233 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 233.

234. Paragraph 234 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 234.

235. Paragraph 235 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 235.

236. Paragraph 236 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 236.

237. Paragraph 237 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 237.

238. Paragraph 238 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 238.

239. Paragraph 239 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 239.

240. Paragraph 240 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 240.

The State Defendants deny that Plaintiffs are entitled to any of the relief requested on page 71 of Plaintiffs' second amended complaint.

## COUNT 10
## Violation of the Fourteenth Amendment to the U.S. Constitution Deprivation of Equal Protection of the Laws

Pursuant to 42 U.S.C. §1983

By All Plaintiffs Against Defendants Commissioner of Education, Members of Defendant State Board of Education, and Members of Defendant Education Practices Commission

241. The State Defendants incorporate by reference all prior answers as though fully set forth herein.

242. Paragraph 242 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 242.

243. Paragraph 243 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 243.

244. Paragraph 244 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 244.

245. Paragraph 245 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 245.

246. Paragraph 246 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 246.

247. Paragraph 247 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 247.

248. Paragraph 248 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 248.

249. Paragraph 249 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 249.

The State Defendants deny that Plaintiffs are entitled to any of the relief requested on pages 73 and 74 of Plaintiffs' second amended complaint.

## COUNT 11
## Violation of the Fourteenth Amendment to the U.S. Constitution Deprivation of Equal Protection of the Laws

Pursuant to 42 U.S.C. §1983

By Plaintiff Katie Wood Against Defendant Hillsborough County School Board

250. The State Defendants incorporate by reference all prior answers as though fully set forth herein.

251. Paragraph 251 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 251.

252. Paragraph 252 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 252.

253. Paragraph 253 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 253.

254. Paragraph 254 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 254.

255. Paragraph 255 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 255.

256. Paragraph 256 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 256.

257. Paragraph 257 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 257.

258. Paragraph 258 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 258.

259. Paragraph 259 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 259.

The State Defendants deny that Plaintiffs are entitled to any of the relief requested on page 76 of Plaintiffs' second amended complaint.

## COUNT 12
## Violation of the Fourteenth Amendment to the U.S. Constitution
## Deprivation of Equal Protection of the Laws

Pursuant to 42 U.S.C. §1983

By Plaintiff Jane Doe Against Defendant Lee County School Board

260. The State Defendants incorporate by reference all prior answers as though fully set forth herein.

261. Paragraph 261 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 261.

262. Paragraph 262 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 262.

263. Paragraph 263 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 263.

264. Paragraph 264 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 264.

265. Paragraph 265 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 265.

266. Paragraph 266 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 266.

267. Paragraph 267 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 267.

268. Paragraph 268 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 268.

269. Paragraph 269 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 269.

The State Defendants deny that Plaintiffs are entitled to any of the relief requested on pages 78 to 79 of Plaintiffs' second amended complaint.

## COUNT 13
## Violation of Title IX of the Education Amendments of 1972, 20 U.S.C. §1681 *et seq.*
## Discrimination on the Basis of Sex

Pursuant to Title IX of the Education Amendments of 1972, 20 U.S.C. §1681 *et seq.*

By All Plaintiffs Against Defendants Florida Department of Education, State Board of Education, and Education Practices Commission

270. The State Defendants incorporate by reference all prior answers as though fully set forth herein.

271. Paragraph 271 refers to Title IX, which speaks for itself; the State Defendants deny the allegations in Paragraph 271 to the extent they mischaracterize, vary from, or are otherwise inconsistent with Title IX.

272. Paragraph 272 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 272.

273.  Paragraph 273 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 273.

274.  Paragraph 274 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 274. The State Defendants deny the allegations regarding case law referenced in Paragraph 274 to the extent the allegations mischaracterize, vary from, or are otherwise inconsistent with that case law.

275.  Paragraph 275 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 275. The State Defendants deny the allegations regarding case law referenced in Paragraph 275 to the extent the allegations mischaracterize, vary from, or are otherwise inconsistent with that case law.

276.  Paragraph 276 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 276.

277.  Paragraph 277 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 277.

278.  Paragraph 278 refers to Title IX, which speaks for itself; the State Defendants deny those allegations in Paragraph 278 to the extent they mischaracterize, vary from, or are otherwise inconsistent with Title IX. The State Defendants deny the allegations regarding case law referenced in Paragraph 278 to the extent the allegations mischaracterize, vary from, or are otherwise inconsistent with that case law. Paragraph 278 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 278.

279.  Paragraph 279 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 279. The State Defendants deny the allegations regarding case law referenced in Paragraph 279 to the extent the allegations mischaracterize, vary from, or are otherwise inconsistent with that case law.

280. Paragraph 280 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 280.

281. Paragraph 281 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 281.

The State Defendants deny that Plaintiffs are entitled to any of the relief requested on page 83 of Plaintiffs' second amended complaint.

## COUNT 14
### Violation of Title IX of the Education Amendments of 1972, 20 U.S.C. §1681 *et seq.*
### Discrimination on the Basis of Sex

Pursuant to Title IX of the Education Amendments of 1972, 20 U.S.C. §1681 *et seq.*

By Plaintiff Katie Wood Against Defendant Hillsborough County School Board

282. The State Defendants incorporate by reference all prior answers as though fully set forth herein.

283. Paragraph 283 refers to Title IX, which speaks for itself; the State Defendants deny the allegations in Paragraph 283 to the extent

they mischaracterize, vary from, or are otherwise inconsistent with Title IX.

284. Paragraph 284 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 284.

285. Paragraph 285 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 285.

286. Paragraph 286 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 286. The State Defendants deny the allegations regarding case law referenced in Paragraph 286 to the extent the allegations mischaracterize, vary from, or are otherwise inconsistent with that case law.

287. Paragraph 287 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 287. The State Defendants deny the allegations regarding case law referenced in Paragraph 287 to the extent the

allegations mischaracterize, vary from, or are otherwise inconsistent with that case law.

288. Paragraph 288 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 288.

289. Paragraph 289 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 289.

290. Paragraph 290 refers to Title IX, which speaks for itself; the State Defendants deny those allegations in Paragraph 290 to the extent they mischaracterize, vary from, or are otherwise inconsistent with Title IX. The State Defendants deny the allegations regarding case law referenced in Paragraph 290 to the extent the allegations mischaracterize, vary from, or are otherwise inconsistent with that case law. Paragraph 290 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 290.

291. Paragraph 291 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the

allegations in Paragraph 291. The State Defendants deny the allegations regarding case law referenced in Paragraph 291 to the extent the allegations mischaracterize, vary from, or are otherwise inconsistent with that case law.

292. Paragraph 292 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 292.

293. Paragraph 293 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 293.

The State Defendants deny that Plaintiffs are entitled to any of the relief requested on page 87 of Plaintiffs' second amended complaint.

## COUNT 15
### Violation of Title IX of the Education Amendments of 1972, 20 U.S.C. §1681 *et seq.*
### Discrimination on the Basis of Sex

Pursuant to Title IX of the Education Amendments of 1972, 20 U.S.C. §1681 *et seq.*

By Plaintiff Jane Doe Against Defendant Lee County School Board

294. The State Defendants incorporate by reference all prior answers as though fully set forth herein.

295.   Paragraph 295 refers to Title IX, which speaks for itself; the State Defendants deny the allegations in Paragraph 295 to the extent they mischaracterize, vary from, or are otherwise inconsistent with Title IX.

296.  Paragraph 296 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 296.

297.  Paragraph 297 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 297.

298.  Paragraph 298 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 298. The State Defendants deny the allegations regarding case law referenced in Paragraph 298 to the extent the allegations mischaracterize, vary from, or are otherwise inconsistent with that case law.

299.  Paragraph 299 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 299. The State Defendants deny the allegations

regarding case law referenced in Paragraph 299 to the extent the allegations mischaracterize, vary from, or are otherwise inconsistent with that case law.

300. Paragraph 300 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 300.

301. Paragraph 301 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 301.

302. Paragraph 302 refers to Title IX, which speaks for itself; the State Defendants deny those allegations in Paragraph 302 to the extent they mischaracterize, vary from, or are otherwise inconsistent with Title IX. The State Defendants deny the allegations regarding case law referenced in Paragraph 302 to the extent the allegations mischaracterize, vary from, or are otherwise inconsistent with that case law. Paragraph 302 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 302.

303. Paragraph 303 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 303. The State Defendants deny the allegations regarding case law referenced in Paragraph 303 to the extent the allegations mischaracterize, vary from, or are otherwise inconsistent with that case law.

304. Paragraph 304 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 304.

305. Paragraph 305 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 305.

The State Defendants deny that Plaintiffs are entitled to any of the relief requested on pages 90 to 91 of Plaintiffs' second amended complaint.

## COUNT 16
### Violation of Title IX of the Education Amendments of 1972, 20 U.S.C. §1681 *et seq.*
### Discrimination on the Basis of Sex

Pursuant to Title IX of the Education Amendments of 1972, 20 U.S.C. §1681 *et seq.*

By Plaintiff AV Schwandes Against Defendant Florida Virtual School Board of Trustees

306. The State Defendants incorporate by reference all prior answers as though fully set forth herein.

307. Paragraph 307 refers to Title IX, which speaks for itself; the State Defendants deny the allegations in Paragraph 307 to the extent they mischaracterize, vary from, or are otherwise inconsistent with Title IX.

308. Paragraph 308 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 308.

309. Paragraph 309 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 309.

310. Paragraph 310 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 310.

311. Paragraph 311 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 311.

The State Defendants deny that Plaintiffs are entitled to any of the relief requested on pages 92 to 93 of Plaintiffs' second amended complaint.

## COUNT 17
### Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-3 *et seq.* Retaliation

Pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq.*

By Plaintiff AV Schwandes Against Defendant Florida Virtual School Board of Trustees

312. The State Defendants incorporate by reference all prior answers as though fully set forth herein.

313. Paragraph 313 refers to Title VII, which speaks for itself; the State Defendants deny the allegations in Paragraph 313 to the extent

they mischaracterize, vary from, or are otherwise inconsistent with Title VII.

314. Paragraph 314 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 314.

315. Paragraph 315 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 315.

316. Paragraph 316 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 316.

317. Paragraph 317 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 317.

318. Paragraph 318 sets forth legal conclusions that require no response; if a response is required, the State Defendants deny the allegations in Paragraph 318.

The State Defendants deny that Plaintiffs are entitled to any of the relief requested on pages 94 to 95 of Plaintiffs' second amended complaint.

## AFFIRMATIVE DEFENSES

1.      Plaintiffs' second amended complaint fails to state any claims for which relief can be granted.

2.      Section 1000.071(3), Fla. Stat., does not discriminate on the basis of sex.

3.      Plaintiffs have not suffered any cognizable adverse employment action from the State Defendants.

4.      Plaintiffs cannot seek injunctive relief under Titles VII and IX absent adverse employment action due to sex discrimination.

5.      Section 1000.071(3), Fla. Stat., concerns a bona fide occupational qualification.

6.      Section 1000.071(3), Fla. Stat., regulates speech of public school employees pursuant to their official duties, which is not protected under the First Amendment.

7.      Section 1000.071(3), Fla. Stat., regulates employees' speech that is not a matter of public concern and therefore is not protected under the First Amendment.

8.      The State's interest in regulating public school employees' use of biologically incongruous titles and pronouns outweighs Plaintiffs' interest in using them.

9.      Section 1000.071(3), Fla. Stat., is rationally related to legitimate state interests.

10.     Section 1000.071(3), Fla. Stat., is substantially related to important state interests.

11.     Section 1000.071(3), Fla. Stat., is not motivated by any impermissible animus.

12.     Title VII preempts Plaintiffs' Title IX claims.

13.     Plaintiff Schwandes has not properly exhausted the Title VII claim against Defendant State Board of Education.

14.     Plaintiffs lack standing because they have not suffered any cognizable injury caused by the State Defendants.

15.     The State Defendants had no knowledge—actual or constructive—of any discrimination against Plaintiffs.

16. Doe is estopped from asserting that Doe's speech is a matter of public concern because Doe moved for leave to proceed by pseudonym on the basis that Doe's identity and transgender status are information of utmost intimacy and the Court granted such leave.

17. The State Defendants reserve the right to identify additional affirmative defenses.

Dated: July 24, 2024                    Respectfully submitted,


*/s/ Bryan Weir*
Bryan Weir*
Daniel Shapiro
Daniel M. Vitagliano*
CONSOVOY MCCARTHY PLLC
1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
Telephone: 703.243.9423
bryan@consovoymccarthy.com
daniel@consovoymccarthy.com
dvitagliano@consovoymccarthy.com

*Counsel for the State Defendants*

*Admitted pro hac vice