UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

KATIE WOOD, JANE DOE, AND AV
SCHWANDES,

                Plaintiffs,

vs.

FLORIDA DEPARTMENT OF
EDUCATION, *et al.*,

                Defendants.
_____

CASE NO. 4:23-cv-00526-MW-MAF

## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT

COMES NOW, Defendant, Lee County School Board ("LCSB"), files this

Answer and Affirmative Defenses to Plaintiff, Jane Doe's ("Doe") Second

Amended Complaint [Doc. 94] and states as follows:

## PRELIMINARY STATEMENT[1]

1-3. Paragraphs 1 through 3 are not directed to LCSB, and therefore LCSB

provides no answers thereto. To the extent that any of the allegations contained in

---

[1] Plaintiffs make certain conclusory allegations throughout in their Preliminary Statement that are not specify asserted against any particular Defendant. As these do not follow the rules of pleading, they do not appear to require an answer. However, out of an abundance of caution, they are all hereby denied.

Paragraphs 1 through 3 are deemed to be directed to LCSB, LCSB denies said

allegations.

## PARTIES

4.      Without knowledge, therefore denied.

5.      Admitted.

6.      Without knowledge, therefore denied.

7.      Admitted.

8.      Admitted.

9.      Without knowledge, therefore denied.

10.     Admitted.

11.     Admitted.

12.     Without knowledge, therefore denied.

13.     Without knowledge, therefore denied.

14.     Without knowledge, therefore denied.

15.     Admitted.

16.     Admitted.

## JURISDICTION & VENUE

17.      LCSB admits this is an action filed under 28 U.S.C. § 1331 and 28

U.S.C. § 1343(a)(3). LCSB denies that Doe is entitled to any relief under any law,

theory, or claim.

18.     Denied.

19.     Admitted for jurisdictional purposes of venue only; otherwise denied that LSCB is liable to Doe or that Doe is entitled to any relief under any law, theory, or claim.

## **FACTUAL ALLEGATIONS**

20.     Admitted that in May 2023, the Florida Legislature enacted, and Governor Ron DeSantis signed, House Bill ("HB") 1069, Fla. Laws ch. 2023-105, which took effect on July 1, 2023. Admitted that Doe brought this action to challenge subsection 3 of section 2 of HB 1069. All other allegations denied.

21.     Admitted that the statute exists. Denied as to Plaintiff's legal conclusions, as these laws speak for themselves.[2]

22.     Without knowledge, therefore denied.

23.     Admitted that Section 2 of HB 1069 and Fla. Stat. § 1000.071 exist; denied that Plaintiffs' have reproduced them accurately, specifically subsection (6) is omitted.

---

[2] In the interest of meeting the notice requirements of Rule 8, a note may be helpful regarding denials of legal conclusions. Here and throughout the Second Amended Complaint, Plaintiffs assert a series of legal inferences, theories, and conclusions, as to the intent of Florida law. Of course, these laws speak for themselves. However, courts have frowned on the practice of asserting the objection of "speaks for itself." § 1264 Denial Must Meet Substance of Allegation Denied, 5 Fed. Prac. & Proc. Civ. § 1264 n.4  (4th ed.); Moreover, Rule 8(b) on its face does not allow for and objection of "speaks for itself", however appropriate it may seem in a case in which the intent of the law is the crux of the case and such legal conclusions beg the question. Therefore, because Defendant does not wish to be bound by Plaintiffs' legal conclusions; Defendant Answers with "Denied" and explains the basis as the law speaks for itself.

24. Denied. This law speak for itself.

25. Denied: Section 1000.071(3), Fla. Stat.; speaks for itself.

26. Denied: Section 1000.071(3), Fla. Stat.; speaks for itself.

27. Denied: Section 1000.071(3), Fla. Stat.; speaks for itself.

28. Without knowledge, therefore denied.

29. Without knowledge, therefore denied.

30. Without knowledge, therefore denied.

31. Without knowledge, therefore denied.

32. Denied.

33. Denied: Rule 6A-5.065 and Rule 6A-10.081; speaks for itself.

34. Denied: Rule 6A-5.065 of the Florida Administrative Code; speaks for itself.

35. Denied: Rule 6A-10.081 of the Florida Administrative Code; speaks for itself.

36. Without knowledge, therefore denied.

37. Without knowledge, therefore denied.

38. Denied: Fla. Stat. § 1012.796(1)(a) and Fla. Stat. § 1012.796(3); speak for themselves.

39. Denied: Fla. Stat. § 1012.796(1)(d)(1) and § 1012.796(1)(d)(4); speak for themselves.

40. Denied Fla. Stat. § 1012.796(3) and § 1012.796(6); speak for themselves.

41. Without knowledge, therefore denied.

42. Denied: Fla. Stat. § 1012.796(6); speaks for itself.

43. Denied: Fla. Stat. § 1012.796(8)(a) and § 1012.796(6); speak for themselves.

44. Denied: Fla. Stat. § 1012.796(7); speaks for itself.

45. Denied: Fla. Stat. § 1001.10(4)(b); speaks for itself.

46. Denied: Fla. Stat. § 1001.03(8) and § 1008.32; speak for themselves.

47. Denied: Fla. Stat. § 1008.32(2)(a); speaks for itself.

48. Denied: Fla. Stat. § 1008.32(4); speaks for itself.

49. Without knowledge, therefore denied.

50. Objection: Complex, multi-part allegation. Otherwise without knowledge and therefore denied.

51. Denied: Fla. Stat. § 1012.55(b) and § 1012.55(c); speak for themselves.

52. Admitted, only as a general proposition with the understanding that there may be exceptions.

53. Admitted that violations of Florida Law may subject individuals to revocation or suspension of the individual instructional staff member's certificate, or the other penalties as provided by law.

54. Denied: Fla. Stat. § 1012.33(1)(a); speaks for itself.

55. Denied: Rule 6A-5.056(2) of the Florida Administrative Code; speaks for itself.

56. Denied: Rule 6A-5.056(4) of the Florida Administrative Code; speaks for itself.

57. Denied: Fla. Stat. § 1012.34(3)(a)(2); speaks for itself.

58-66. Paragraphs 58 through 66 do not contain facts or allegations against LCSB, thus no response is required; to the extent they could be construed to apply to LCSB, they are denied.

67. Admitted Lee Cnty. Sch. Bd. Pol'y 3210 exists; denied, as the policy speaks for itself.

68. Admitted Lee Cnty. Sch. Bd. Pol'y 3210 exists; otherwise denied, as the policy speaks for itself.

69. Admitted Lee Cnty. Sch. Bd. Pol'y 3210 was last revised on December 5, 2023, and exists; otherwise denied, as Lee Cnty. Sch. Bd. Pol'y 3210(A)(14); speaks for itself.

70. Admitted Lee Cnty. Sch. Bd. Pol'y 3210(C)(14) exists; otherwise denied as the policy speaks for itself;

71. Admitted Lee Cnty. Sch. Bd. Pol'y 3210(C)(16) exists; otherwise denied as the policy speaks for itself.

72.     Admitted Lee Cnty. Sch. Bd. Pol'y 3210 exists; otherwise denied, as the policy speaks for itself.

73.     Admitted Lee Cnty. Sch. Bd. Pol'y 3210 exists; otherwise denied, as the policy speaks for itself.

74.     Denied.

75.     Admitted Lee Cnty. Sch. Bd. Pol'y 3139 exits; otherwise denied, as the policy speaks for itself.

76.     Admitted Lee Cnty. Sch. Bd. Pol'y 3139 exists; otherwise denied as the policy speaks for itself.

77-83. Paragraphs 77 through 83 do not contain facts or allegations against LCSB, thus no response is required; to the extent they could be construed to apply to LCSB, they are denied.

84.     Without knowledge, therefore denied.

85.     Without knowledge, therefore denied.

86.     Without knowledge, therefore denied.

87.     Without knowledge, therefore denied.

88.     Without knowledge, therefore denied.

89.     Without knowledge, therefore denied.

90-111. Paragraphs 90 through 111 do not contain facts or allegations against LCSB, thus no response is required; to the extent they could be construed to apply to LCSB, they are denied.

112. Admitted that Doe identifies as a transgender women.

113. Without knowledge, therefore denied.

114. Admitted.

115. Admitted that Doe informed her school of her transition. Otherwise without knowledge, therefore denied.

116. Without knowledge, therefore denied.

117. Without knowledge, therefore denied.

118. Denied, as Section 1000.071(3), Fla. Stat. and Lee Cnty. Sch. Bd. Policy; speaks for itself.

119. Without knowledge, therefore denied.

120. Without knowledge, therefore denied.

121. Denied, as Section 1000.071(3), Fla. Stat. and Lee Cnty. Sch. Bd. Policy; speaks for itself.

122. Admitted that Doe filed a charge of employment discrimination with EEOC against Defendants on December 8, 2023 and on February 1, 2024, Doe received a Right to Sue letter from the U.S. Department of Justice. LCSB denies

they are liable to Doe and that Doe is entitled to any relief under any law, theory, or claim.

123. Denied, as the EEOC Letter of Determination speaks for itself.

124-134. Paragraphs 124 through 134 do not contain facts or allegations against LCSB, thus no response is required, to the extent they could be construed to apply to LCSB, they are denied.

## **CLAIMS FOR RELIEF**

### **COUNT 1**
**Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2**
**Discrimination Because of Sex**

135– 151**.** Count 1 does not contain facts or allegations against LCSB, thus no response is required, to the extent they could be construed to apply to LCSB, they are denied.

### **COUNT 2**
**Preemption by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §**
**2000e-7**

152– 160**.** Count 2 does not contain facts or allegations against LCSB, thus no response is required. To the extent that any of the allegations contained in Paragraphs 152 through 160 are deemed to be directed to LCSB, LCSB denies said allegations.

## COUNT 3
### Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2
### Discrimination Because of Sex

161 – 177. Count 3 does not contain facts or allegations against LCSB, thus no response is required. To the extent that any of the allegations contained in Paragraphs 161 through 177 are deemed to be directed to LCSB, LCSB denies said allegations.

## COUNT 4
### Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2
### Discrimination Because of Sex

178.    LCSB incorporates by reference their responses to paragraphs 5, 7–12, 15, 17–57, 67–76, 84–89, and 112–123 above as if fully set forth herein.

179.    Denied: Title VII; speaks for itself.

180.    Paragraph 180 sets forth legal conclusions that require no response; if a response is required, LCSB denies the allegations in Paragraph 180.

181.    Paragraph 181 sets forth legal conclusions that require no response; if a response is required, LCSB denies the allegations in Paragraph 181.

182.    Paragraph 182 sets forth legal conclusions that require no response; if a response is required, LCSB denies the allegations in Paragraph 182.

183.    Paragraph 183 sets forth legal conclusions that require no response; if a response is required, LCSB denies the allegations in Paragraph 183.

184. Paragraph 184 sets forth legal conclusions that require no response; if a response is required, LCSB denies the allegations in Paragraph 184.

185. Paragraph 185 sets forth legal conclusions that require no response; if a response is required, LCSB denies the allegations in Paragraph 185.

186. Paragraph 186 sets forth legal conclusions that require no response; if a response is required, LCSB denies the allegations in Paragraph 186.

187. Paragraph 187 sets forth legal conclusions that require no response; if a response is required, LCSB denies the allegations in Paragraph 187.

188. Paragraph 188 sets forth legal conclusions that require no response; if a response is required, LCSB denies the allegations in Paragraph 188.

189. Paragraph 189 sets forth legal conclusions that require no response; if a response is required, LCSB denies the allegations in Paragraph 189.

WHEREFORE LCSB requests that Count 4 of the Second Amend Complaint be dismissed with prejudice, that Doe goes without day, that the LCSB be awarded their attorneys' fees and costs, and that this Court award such other relief as is just and proper.

## COUNT 5
### Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2
### Discrimination Because of Sex

190 – 198. Count 5 does not contain facts or allegations against LCSB, thus no response is required. To the extent that any of the allegations contained in

Paragraphs 190 through 198 are deemed to be directed to LCSB, LCSB denies said allegations.

## COUNT 6
### Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2
### Discharge Because of Sex

199 – 205. Count 6 does not contain facts or allegations against LCSB, thus no response is required. To the extent that any of the allegations contained in Paragraphs 199 through 205 are deemed to be directed to LCSB, LCSB denies said allegations.

## COUNT 7
### Violation of the First and Fourteenth Amendments to the U.S. Constitution
### Deprivation of Freedom of Speech

206-216. Count 7 does not contain facts or allegations against LCSB, thus no response is required. To the extent that any of the allegations contained in Paragraphs 206 through 216 are deemed to be directed to LCSB, LCSB denies said allegations.

## COUNT 8
### Violation of the First and Fourteenth Amendments to the U.S. Constitution
### Deprivation of Freedom of Speech

217-228. Count 8 does not contain facts or allegations against LCSB, thus no response is required. To the extent that any of the allegations contained in Paragraphs 217 through 228 are deemed to be directed to LCSB, LCSB denies said allegations.

## COUNT 9
## Violation of the First and Fourteenth Amendments to the U.S. Constitution
## Deprivation of Freedom of Speech

229.    LCSB incorporates by reference their responses to paragraphs 5, 7–12, 15, 17–57, 67–76, 84–89, and 112–123 above as if fully set forth herein.

230.   Denied.

231.   Denied.

232.   Denied.

233.   Denied.

234.   Denied.

235.   Denied.

236.   Denied.

237.   Denied.

238.   Denied.

239.   Denied.

240.   Denied.

WHEREFORE LCSB requests that Count 9 of the Second Amend Complaint be dismissed with prejudice, that Doe goes without day, that the LCSB be awarded their attorneys' fees and costs, and that this Court award such other relief as is just and proper.

## COUNT 10
### Violation of the Fourteenth Amendment to the U.S. Constitution
### Deprivation of Equal Protection of the Laws

241-249. Count 10 does not contain facts or allegations against LCSB, thus no response is required. To the extent that any of the allegations contained in Paragraphs 241 through 249 are deemed to be directed to LCSB, LCSB denies said allegations.

## COUNT 11
### Violation of the Fourteenth Amendment to the U.S. Constitution
### Deprivation of Equal Protection of the Laws

250-259. Count 11 does not contain facts or allegations against LCSB, thus no response is required. To the extent that any of the allegations contained in Paragraphs 250 through 259 are deemed to be directed to LCSB, LCSB denies said allegations.

## COUNT 12
### Violation of the Fourteenth Amendment to the U.S. Constitution
### Deprivation of Equal Protection of the Laws

260.    LCSB incorporates by reference their responses to 5, 7–12, 15, 17–57, 67–76, 84–89, and 112–123 above as if fully set forth herein.

261.    Denied.

262.    Denied.

263.    Denied.

264.    Denied.

265.    Denied.

266.    Denied.

267.    Denied.

268.    Denied.

269.    Denied.

WHEREFORE LCSB requests that Count 12 of the Second Amend Complaint be dismissed with prejudice, that Doe goes without day, that the LCSB be awarded their attorneys' fees and costs, and that this Court award such other relief as is just and proper.

## COUNT 13
**Violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 et seq.**
**Discrimination on the Basis of Sex**

270-281. Count 13 does not contain facts or allegations against LCSB, thus no response is required. To the extent To the extent that any of the allegations contained in Paragraphs 270 through 281 are deemed to be directed to LCSB, LCSB denies said allegations.

## COUNT 14
**Violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 et seq.**
**Discrimination on the Basis of Sex**

282-293. Count 14 does not contain facts or allegations against LCSB, thus no response is required. To the extent that any of the allegations contained in

Paragraphs 282 through 293 are deemed to be directed to LCSB, LCSB denies said allegations.

**COUNT 15**
**Violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 et seq.**
**Discrimination on the Basis of Sex**

294.     LCSB incorporates by reference their responses to 5, 7–12, 15, 17–57, 67–76, 84–89, and 112–123 above as if fully set forth herein.

295.     Denied: Title IX; speaks for itself.

296.     Paragraph 296 sets forth legal conclusions that require no response; if a response is required, LCSB denies the allegations in Paragraph 296.

297.     Paragraph 297 sets forth legal conclusions that require no response; if a response is required, LCSB denies the allegations in Paragraph 297.

298.     Paragraph 298 sets forth legal conclusions that require no response; if a response is required, LCSB denies the allegations in Paragraph 298.

299.     Paragraph 299 sets forth legal conclusions that require no response; if a response is required, LCSB denies the allegations in Paragraph 299.

300.     Paragraph 300 sets forth legal conclusions that require no response; if a response is required, LCSB denies the allegations in Paragraph 300.

301.     Paragraph 301 sets forth legal conclusions that require no response; if a response is required, LCSB denies the allegations in Paragraph 301.

302.   Paragraph 302 sets forth legal conclusions that require no response; if a response is required, LCSB denies the allegations in Paragraph 302.

303.   Paragraph 303 sets forth legal conclusions that require no response; if a response is required, LCSB denies the allegations in Paragraph 303.

304.   Paragraph 304 sets forth legal conclusions that require no response; if a response is required, LCSB denies the allegations in Paragraph 304.

305.   Paragraph 305 sets forth legal conclusions that require no response; if a response is required, LCSB denies the allegations in Paragraph 305.

WHEREFORE LCSB requests that Count 15 of the Second Amend Complaint be dismissed with prejudice, that Doe goes without day, that the LCSB be awarded their attorneys' fees and costs, and that this Court award such other relief as is just and proper.

## COUNT 16
## Violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 et seq.
## Discrimination on the Basis of Sex

306-311. Count 16 does not contain facts or allegations against LCSB, thus no response is required. To the extent that any of the allegations contained in Paragraphs 306 through 311 are deemed to be directed to LCSB, LCSB denies said allegations.

**COUNT 17**
**Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3**
**Retaliation**

312-318. Count 17 does not contain facts or allegations against LCSB, thus no response is required. To the extent that any of the allegations contained in Paragraphs 312 through 318 are deemed to be directed to LCSB, LCSB denies said allegations.

**AFFIRMATIVE DEFENSES**

1. Doe's second amended complaint fails to state any claims for which relief can be granted. LCSB reasserts and incorporates by reference all arguments raised in its Motions to Dismiss (Dkt. 65).

2. Section 1000.071(3), Fla. Stat., does not discriminate on the basis of sex.

3. Doe has not suffered any cognizable adverse employment action from the LCSB.

4. Doe cannot seek injunctive relief under Titles VII and IX absent adverse employment action due to sex discrimination.

5. Section 1000.071(3), Fla. Stat., concerns a bona fide occupational qualification.

6. Doe has failed to state a claim upon which relief can be granted for an action brought under 42 U.S.C. §1983.

18

7. Section 1000.071(3), Fla. Stat., regulates speech of public school employees pursuant to their official duties, which is not protected under the First Amendment.

8. Section 1000.071(3), Fla. Stat., regulates employees' speech that is not a matter of public concern and therefore is not protected under the First Amendment.

9. The State's interest in regulating public school employees' use of biologically incongruous titles and pronouns outweighs Doe's interest in using them.

10. Section 1000.071(3), Fla. Stat., is rationally related to legitimate state interests.

11. Section 1000.071(3), Fla. Stat., is substantially related to important state interests.

12. Title VII preempts Doe's Title IX claim.

13. Doe failed to exhaust his administrative remedies by not making any internal complaints to LCSB regarding discrimination, prior to instituting this lawsuit.

14. LCSB has a policy prohibiting gender discrimination which was effective, and known to employees, including Doe, and Doe unreasonably failed to utilize the employer's policy regarding any of the claimed discriminatory acts.

15. Any actions alleged by Doe to have been discriminatory, or otherwise adverse, were taken due to legitimate, non-discriminatory reasons, were required by business necessity, or were based on facts other than Doe's gender.

16. Doe failed to exhaust his administrative remedies by failing to fully cooperate with the Florida Commission on Human Relations, prior to instituting this lawsuit.

17. Doe lacks standing because he has not suffered any cognizable injury. Doe failed to allege, not has, LCSB taken or threaten to take any action against Doe relating to Section 1000.071(3), Fla. Stat.

18. Doe has not plead and cannot show that LCSB animus, if any, was the but for cause of the damages she seeks.

19. Doe has failed to state a claim against LCSB because there is no evidence that they ratified any unconstitutional motive when amending its policies to reference Section 1000.071(3), Fla. Stat. and mere acquiescence is insufficient.

20. LCSB exercised reasonable care to prevent discrimination.

21. LCSB had no notice that any discrimination toward Doe was taking place.

22. The lawsuit against LCSB is due to be dismissed because this it is frivolous, unreasonable, or groundless.

23.     Doe fails to state a claim upon which relief may be granted and has not sufficiently plead all of the elements of a First Amendment Claim. Specifically, Doe has not alleged her speech was adversely affected by any conduct on behalf of LCSB, nor that she was speaking publicly, nor that her private concerns are a publics matter, nor that she suffered an adverse employment action by LCSB based on a protected right.

24.     LCSB acted in good faith at all times toward Doe and without any intent to deprive her of any rights, and all actions were without malice and without willfulness, or pernicious discrimination.

25.     Doe waived her or otherwise agreed to limit her First Amended rights by agreeing to the terms and conditions of her employment contract, and the legitimate interests of the LCSB must be weighed against her rights.

26.     Doe is estopped from asserting that her speech implicates a matter of public concern. Doe sought leave from this Court to proceed under a pseudonym by asserting that her identity and transgender status are information of the utmost intimacy that should be shielded from the public (Dkt. 12). Doe cannot now claim that her identity is of public concern.

27.     Doe is estopped from asserting that Section 1000.071(3), Fla. Stat. is the cause of any alleged damages and/or that going by titles like Mr. and pronouns like he and him would harm Doe, including emotional, risk physical

harm from others, and disrupt her classroom and her ability to do her job. Doe sought leave from this Court to proceed under a pseudonym by asserting that before enactment of Section 1000.071(3), Fla. Stat., Doe experienced harassment, violence, and retaliation, not by LCSB, due to her transgender status (Dkt. 12). Doe cannot now claim that emotional harm, risk physical harm from others, classroom disruptions did not exist before the enactment of Section 1000.071(3), Fla. Stat., nor caused by Section 1000.071(3), Fla. Stat.

## JURY DEMAND

Defendants demand a jury on all issue so triable.

Respectfully submitted,

*s/ James D. Fox*
James D. Fox
Florida Bar No. 689289
Mikala A. Makar
Florida Bar No. 1025225
Roetzel & Andress, LPA
999 Vanderbilt Beach Rd., Suite 401
Naples, FL 34108
(239) 649-6200
jfox@ralaw.com
serve.jfox@ralaw.com
mmakar@ralaw.com
serve.mmakar@ralaw.com
*Attorneys for Defendant, Lee County*
*School Board*

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2024 this document was electronically transmitted to the Clerk of Court via the CM/ECF system, which will send notice of electronic filing to all counsel of record.

_s/ James D. Fox_
James D. Fox