## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

Katie Wood *et al.*,

                    *Plaintiffs*,

v.                                                    No. 4:23-cv-00526-MW-MAF

Florida Department of Education *et al.*,

                    *Defendants*.

_____/

## PLAINTIFFS' MOTION FOR PROTECTIVE ORDER
## AND INCORPORATED MEMORANDUM OF LAW

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiffs move for a protective order to facilitate discovery and to govern the use of confidential information and documents. The parties conferred in writing and by telephone on several instances between May 2024 and July 2024. Plaintiffs were unable to reach complete agreement with Defendants Lee County School Board, Hillsborough County School Board, and Florida Virtual School Board of Trustees ("District Defendants"), but the proposed protective order reflects language agreed to by Plaintiffs and State Defendants. The parties reached an impasse over the language of the protective order because District Defendants take the position that they cannot agree to a protective order that prohibits them from disclosing discovery materials that they would otherwise be obligated to disclose in response to requests from members of

1

the public under the Florida Public Records Act, Fla. Stat. ch. 119. However, as other Florida District Courts have concluded, it is within the power of a federal court under the Supremacy Clause to order a state government defendant not to disclose such discovery materials notwithstanding contrary state law. Plaintiffs respectfully request that the Court order Defendants not to disclose certain discovery materials notwithstanding the Florida Public Records Act.

## MEMORANDUM OF LAW

Federal Rule of Civil Procedure 26(c) permits a court to issue an order "to protect a party or person from annoyance, embarrassment, [or] oppression" by, among other things, "specifying terms … for … discovery," "limiting the scope of disclosure or discovery," and requiring that confidential information "not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(B), (D), (G); *see also* Fed. R. Civ. P. 1 (The Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."). A court may issue a protective order "if 'good cause' is shown" and the court finds that the protective order would serve the interests of justice. *McCarthy v. Barnett Bank of Polk Cnty.*, 876 F.2d 89, 91 (11th Cir. 1989) (quoting Fed. R. Civ. P. 26(c)). Good cause and serving the interests of justice include protecting the confidentiality of sensitive materials. *See In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 355 (11th

Cir. 1987) (affirming issuance of protective order based on confidentiality concerns and noting that "private litigants have protectable privacy interests in confidential information disclosed through discovery").

Defendants, including District Defendants, have requested financial records from Plaintiffs. Courts have routinely found that a "legitimate privacy interest" justifies prohibiting disclosure of these kinds of "private financial information including income, assets, and liabilities." *Abdulla v. Chaudhary*, No. CV 114-008, 2014 WL 12617454, at *2 (S.D. Ga. Oct. 15, 2014); *see also Mata Chorwadi, Inc. v. City of Boynton Beach*, No. 9:19-CV-81069, 2020 WL 2516979, at *2 (S.D. Fla. May 18, 2020).[1]

Some Defendants have also requested documents from Ms. Doe that would reveal her identity, such as documents reflecting her use of titles and pronouns and her applications for other employment. The Court previously found that Ms. Doe's "substantial privacy right outweighs the presumption of openness in judicial proceedings," and permitted her to proceed under pseudonym. Doc. 40 at 3. The same reasons supporting good cause for her motion for leave to proceed under pseudonym

---

[1] Defendants have also requested confidential health records from Plaintiffs, but Plaintiffs do not believe those are relevant, and the parties have yet to meet and confer on the topic. Yet such records should be subject to a protective order if required to be produced.

apply with equal force here. *See* Docs. 12, 12-1.[2]

The parties have been unable to reach an agreement on language for a draft protective order because District Defendants have taken the position that they cannot agree to any protective order that would prevent them from disclosing in response to public records requests any document they would otherwise be obligated to disclose under Florida's public records laws. Whether or not they agree to do so, it is within this Court's power to order them not to disclose.

The entry of a "federal court order issued pursuant to Rule 26 to prevent the disclosure of documents renders any state statute or regulation to the contrary void pursuant to the Supremacy Clause." *Mata Chorwadi, Inc.*, 2020 WL 2516979, at *3 (citing cases); *Celestin v. City of Ocoee*, No. 6:21-CV-896-RBD-EJK, 2021 WL 7543132, at *2 (M.D. Fla. Nov. 23, 2021); *see State v. Buenoano*, 707 So. 2d 714, 718 (Fla. 1998) ("We believe that just as the state law in [*United States v.*] *Napper*[, 694 F. Supp. 897 (N.D. Ga. 1988),] could not supersede the federal loan agreement at issue there, [the Florida Public Records Law] cannot be read to override the terms of the federal transmittal letter[.]"). "In any event, under Florida law, it is well-settled

---

[2] Plaintiffs believe that the Court's prior order prohibiting the disclosure of Ms. Doe's identity, Doc. 40, already prohibits Defendants from disclosing, in response to public records requests, any documents that would reveal her identity. Although the order did not specifically address disclosure by Defendants, that was part of the relief sought in Plaintiffs' motion, *see* Doc. 12 at 14-15, which the Court granted. However, Plaintiffs are concerned that a protective order that does not limit the ability of Defendants to provide records produced in discovery in response to public records requests would undo the protection of Ms. Doe's identity that the Court granted.

that if a federal statute requires particular records to be confidential, then pursuant to the Supremacy Clause, the state must keep the records confidential." *Mata Chorwadi, Inc.*, 2020 WL 2516979, at *3 (citing *State ex rel. Cummer v. Pace*, 159 So. 679 (Fla. 1935); *State v. Buenoano*, 707 So. 2d 714, 718 (Fla. 1998) ("We believe that just as the state law in *Napper* … could not supersede the federal loan agreement at issue there, the Florida Public Records Law cannot be read to override the terms of the federal transmittal letter." (cleaned up))).

"To the extent [District] Defendant[s] fear[] liability under the Florida Public Records Act, 'the Supremacy Clause indicates an order granting discovery would bar a state suit against a defendant for not disclosing documents in violation of a state statute." *Id.* (quoting *Orlowski v. Dominick's Finer Foods, Inc.*, No. 95 C 1666, 1998 WL 26171, at *1-2 (N.D. Ill. Jan. 16, 1998); citing *Mem'l Hosp. for McHenry Cnty. v. Shadur*, 664 F.2d 1058, 1063-64 (7th Cir. 1981) (finding that a hospital's compliance with a federal discovery order would not subject the hospital to liability under a state law because the state law was rendered void by the Supremacy Clause)); *see also United States v. Harrill*, 39 F. Supp. 3d 1374, 1376 (M.D. Fla. 2014) ("Under the Supremacy Clause of the federal Constitution, where federal law mandates an action, a state law barring that action is void, and any state prosecution resulting from that action is barred."). In *Memorial Hospital*, the Seventh Circuit specifically rejected a party's claim that it was "on the horns of an insoluble

dilemma," because a state law required disclosure of certain records and a federal discovery order prohibited that disclosure, "as wholly illusory when considered in light of the Supremacy Clause of the United States Constitution." 664 F.2d at 1063.

A contrary ruling would put plaintiffs litigating against Florida government defendants to an untenable choice: give up their privacy or refrain from pursuing legitimate claims. It would also give future government defendants a powerful weapon to deter litigation against them by propounding invasive requests for highly personal information that they would then be obligated to turn over to members of the public upon request. That is, thankfully, not the law. To the extent that Defendants have concerns that specific documents are being wrongfully designated as confidential, that does not mean that no protective order at all should be issued. The draft protective order provides a procedure for challenging such designations, which is typical for such orders in this and other districts. *See, e.g.*, Confidentiality Order Forms, Judge Bruce E. Reinhart, U.S. Dist. Ct. S. Dist. Fla., https://www.flsd. uscourts.gov/content/judge-bruce-e-reinhart (under "Attachments"). Nor have District Defendants been willing to agree to a more limited protective order addressing specific categories of documents because, they say, it would still conflict with the Florida Public Records Act.

For the foregoing reasons, Plaintiffs respectfully request the Court enter the attached protective order.

Respectfully submitted.

August 7, 2024

/s/ Diego A. Soto
Sam Boyd, Fla. Bar No. 1012141
Carli Raben, Fla. Bar No. 1036013
SOUTHERN POVERTY LAW CENTER
2 S. Biscayne Blvd. Ste. 3750
Miami, FL 33131
(786) 347-2056
(786) 237-2949 (fax)
sam.boyd@splcenter.org
carli.raben@splcenter.org

Aaron S. Fleisher[*†]
SOUTHERN POVERTY LAW CENTER
1101 17th St NW Ste. 705
Washington, DC 20036
(202) 536-9719
(202) 971-9205 (fax)
aaron.fleisher@splcenter.org
[†] *Not admitted to practice law in DC*

Diego A. Soto[*]
Jessica L. Stone[*]
SOUTHERN POVERTY LAW CENTER
150 E. Ponce De Leon Ave. Ste. 340
Decatur, GA 30030
(404) 521-6700
(404) 377-0708 (fax)
diego.soto@splcenter.org
jessica.stone@splcenter.org

Simone Chriss, Fla. Bar No. 124062
Jodi Siegel, Fla. Bar No. 511617
SOUTHERN LEGAL COUNSEL, INC.
1229 NW 12th Ave.
Gainesville, FL 32601
(352) 271-8890
(352) 271-8347 (fax)
simone.chriss@southernlegal.org

jodi.siegel@southernlegal.org

James M. Finberg[*]
James Baltzer[*]
Jonathan Rosenthal[*]
ALTSHULER BERZON LLP
177 Post St., Ste. 300
San Francisco, CA 94108
(415) 421-7151
jfinberg@altshulerberzon.com
jbaltzer@altshulerberzon.com
jrosenthal@altshulerberzon.com

*Counsel for Plaintiffs*

[*] *Admitted* pro hac vice

## CERTIFICATE OF COMPLIANCE WITH ATTORNEY-CONFERENCE REQUIREMENT

Pursuant to Local Rule 7.1(B), counsel for Plaintiffs conferred with counsel for Defendants. Counsel for State Defendants agreed to the language of the proposed protective order, but counsel for Defendants Lee County School Board, Hillsborough County School Board, and Florida Virtual School Board of Trustees could not agree to it.

August 7, 2024                                   /s/ Diego A. Soto
                                                 Diego A. Soto