# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

Katie Wood *et al.*,

                         *Plaintiffs*,

v.                                                    No. 4:23-cv-00526-MW-MAF

Florida Department of Education *et al.*,

                         *Defendants*.

_____/

## PROPOSED PROTECTIVE ORDER

The Court has considered, without hearing, the parties' motion for stipulated protective order. Doc. ___.

For the reasons stated in the motion, the Court finds that there is good cause to enter a protective order. The motion is **GRANTED.**

Accordingly, **IT IS HEREBY ORDERED:**

### A.    Definitions

1.    "Challenging Party" means the party who challenges the designation of information as Confidential Information.

2.    "Confidential Information" means information the public disclosure of which is either restricted by law or would cause harm to the business, commercial, financial, or personal interests of the Designating Party or of a third party to whom a duty of confidentiality is owed, and which the Designating Party reasonably

believes in good faith contains nonpublic, confidential, personal, business, strategic, proprietary, or commercially sensitive information that requires the protections provided in this Protective Order. Confidential Information includes, but is not limited to, Personally Identifiable Information of any plaintiff granted leave to proceed by pseudonym in this case or of other individuals that would reveal the pseudonymous party's identity.

3. "Demand for Confidential Information" means a subpoena, Public Records Request, or other compulsory process seeking the production or other disclosure of Confidential Information.

4. "Designating Party" means the party or nonparty who designates information as Confidential Information.

5. "Discovery Material" means documents, electronically stored information (ESI), and tangible things produced in discovery within the meaning of the Federal Rules of Civil Procedure; responses to discovery requests; and deposition or other pre-trial testimony.

6. "Personally Identifiable Information" means information that can be used to distinguish or trace an individual's identity, either alone or when combined with other personal or identifying information that is linked or linkable to a specific individual. Personally Identifiable Information includes, but is not limited to, name, address, social security number or other identifying number or code, telephone number, email address, date and place of birth, mother's maiden name, and biometric

2

records.

7.      "Producing Party" means the party or nonparty who produces Confidential Information.

8.      "Public Records Request" means any request for government records or information, such as a request under the Florida Public Records Act, Fla. Stat. ch. 119.

9.      "Receiving Party" means the party or nonparty who receives Confidential Information.

### B.      Procedure to Designate Information as Confidential Information

10.      Confidential Information contained in a document may be so designated by stamping the word "CONFIDENTIAL" onto each page of the document containing Confidential Information. Stamping the cover page of a multi-page document does not designate all pages of the document as containing Confidential Information.

11.      Confidential Information contained in ESI may be so designated by including the word "CONFIDENTIAL" in the ESI's file name or in the media through which the ESI is produced.

12.      Confidential Information contained in discovery responses may be so designated by serving the portions containing Confidential Information in a separate document with the word "CONFIDENTIAL" stamped onto each page containing Confidential Information.

13.    Confidential Information contained in deposition or other pre-trial testimony may be so designated either on the record at the deposition or other pre-trial hearing or by serving on all parties written notice identifying each line number containing Confidential Information within 30 days of receipt of the written transcript from the court reporter. Unless designated on the record at the deposition or other pre-trial hearing, the entire testimony, including exhibits, must be treated as Confidential Information protected by this Protective Order until the deadline to designate Confidential Information by written notice has expired, except that the witness and the witness's attorney may review the transcript and recording pursuant to Rule 30(e) of the Federal Rules of Civil Procedure.

14.    A Producing Party's inadvertent production of Confidential Information without the appropriate designation of confidentiality does not waive, forfeit, or impair any claim that the information is Confidential Information that should be protected by this Protective Order. The Producing Party may promptly notify the Receiving Parties and properly designate the Confidential Information as such. After being notified, a Receiving Party must promptly return, sequester, or destroy the Confidential Information and any copies it has; must not use or disclose the Confidential Information until the claim is resolved; and must take reasonable steps to retrieve the Confidential Information if the Receiving Party disclosed it before being notified.

15.    A party who produces but fails to designate an item as Confidential

Information may later so designate the material. Such a later designation will be made in writing and must be made within ten days after the producing party learns of the need to designate the material. Any correction and notice of the correction shall be accompanied by substitute copies of each item, properly marked with a suitable confidentiality designation. Upon receipt of such notice, the receiving party will thereafter treat the item in accordance with the designation. Within 10 calendar days after receipt of substitute copies of the Discovery Material, the receiving party shall (i) destroy or return to counsel for the producing party all undesignated copies of such Discovery Material, and (ii) provide a copy of this Order and written notice of the corrected designation to any third parties who previously received the material.

### C.    Procedure to Challenge Confidentiality Designation

16.    At any time after information is designated as Confidential Information, any party who believes the information is not Confidential Information may challenge the designation of the information as Confidential Information. To do so, the Challenging Party must serve written notice on all parties with the specific basis for the challenge.

17.    The parties must attempt to resolve each challenge in good faith. If the parties are unable to resolve a challenge, the Challenging Party may file a motion to undesignate the information as Confidential Information.

18.    Notwithstanding any challenge, the information shall continue to be treated as Confidential Information until the Designating Party withdraws the

confidentiality designation or the Court grants a motion to undesignate the information as Confidential Information.

**D.    Disclosure and Use of Confidential Information**

19.    Information designated as Confidential Information may be disclosed only to the following:

a.    The parties in this case;

b.    Counsel of record for the parties in this case;

c.    Experts and consultants retained for this case;

d.    Staff and service vendors, for counsel of record or for experts or consultants retained for this case, who are bound by a duty of confidentiality and the provisions of this Protective Order;

e.    Nonparty witnesses and their counsel, to the extent necessary to conduct or prepare for testimony or declarations in this case;

f.    Court reporters, denoted stenographers, videographers, and technicians transcribing, recording, or assisting with any deposition, hearing, trial, or appeal in this case;

g.    The Court (including any other court reviewing this case or a portion thereof) and its staff;

h.    Any mediator used by the parties;

i.    Any individual to whom the producing party previously produced the Confidential Information;

    j.    The author, addressee, actual or intended recipient, or custodian of the Discovery Material containing Confidential Information;

    k.    With leave of Court or by written or recorded stipulation by the Designating Party, any other individual who agrees in writing to be bound by this Protective Order.

20.    Confidential Information may be used only for purposes of this case, including any appeals, and for no other purpose.

21.    Documents or files containing Confidential Information, whether electronic or hard copy, must be stored in a secure location, such as a locked desk or file cabinet, that ensures that access is limited to the persons authorized under this Order and only for the purpose for which it was provided. Electronic records must be stored in secure computer facilities with strict automatic data processing (ADP) controls, protecting access to confidential information to those with access authorization.

22.    Nothing in this Protective Order, and no action taken pursuant to it, prejudices the right of any party to contest the alleged relevancy, admissibility, or discoverability of any Discovery Material.

23.    Before a party may discuss or disclose Confidential Information during any hearing or trial in this case, the parties, including the Designating Party, must confer and agree to procedures necessary to protect the Confidential Information from improper disclosure, subject to the Court's approval. If the parties are unable to agree, they may file a motion for the Court to issue an order imposing procedures.

Nothing in this provision prohibits a party from asserting the First Amendment or other law requires disclosure of Confidential Information at a hearing or trial in this case.

24.    Confidential Information may not be filed on the public docket of this case. A party or nonparty may, pursuant to the Court's rules and procedures, seek leave to file under seal a document, or any portion thereof, containing Confidential Information, if the party or nonparty reasonably believes in good faith that filing is necessary. Nothing in this provision prohibits a party from asserting the First Amendment or other law requires disclosure of Confidential Information in a filing on the public docket of this case.

25.    To the extent practicable, Confidential Information must be properly redacted before use in a deposition, unless the deponent is among the individuals to whom disclosure is permitted.

26.    If testimony is sought concerning Confidential Information during any deposition or in any other pretrial venue, any party may exclude any individual from the deposition or other venue during such testimony if the Confidential Information may not be disclosed to such individual under the terms of this Protective Order.

27.    Any Receiving Party who is subject to this Protective Order and who receives a Demand for Confidential Information must give written notice (by hand, email, or facsimile transmission) to the Designating Party, within 3 business days of receipt of such subpoena or process. If a response to the Demand for Confidential

Information is due in less than 3 business days, then written notice must be given no later than 24 hours before the deadline to respond. If it would not be practicable to give written notice no later than 24 hours before the deadline to respond, then written notice must be given as soon after receipt as practicable. The written notice must identify the Confidential Information sought and enclose a copy of the Demand for Confidential Information. The Receiving Party must object to the production and disclosure of the Confidential Information on the grounds that its disclosure is prohibited by this Protective Order. At its option, the Designating Party may work with the Receiving Party to invoke all other appropriate exemptions from disclosure provided by law. If the invocation of this Protective Order or an exemption from disclosure is challenged in court, the Receiving Party must assert that this Protective Order prohibits it from disclosing the Confidential Information. The Receiving Party will facilitate, to the best of its ability, the Designating Party's opportunity to defend against the challenge, such as by supporting or not opposing the Designating Party's intervention in litigation for that purpose. The Designating Party bears the burden of defending the designation of the information as Confidential Information under this Protective Order, and of raising any additional bases against disclosure of the Confidential Information. Neither the Receiving Party nor anyone else subject to this Protective Order is required to challenge or appeal any order requiring production of Confidential Information covered by this Protective Order, to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief

from this Court or any other court. The Receiving Party's compliance with any order directing production pursuant to a Demand for Confidential Information does not constitute a violation of this Protective Order.

### E.    Duration of This Protective Order

28.    The provisions of this Protective Order shall survive any settlement, judgment, or other disposition or conclusion of this action, and all appeals therefrom.

29.    Within 90 days of termination of this case, including termination of any appeal from the final judgment of this Court, upon request of the Designating Party, all Confidential Information and all copies thereof (including summaries, excerpts, and derivative works) shall either be returned to the Producing Party or destroyed. Upon the request of the Designating Party, any person having received Confidential Information shall certify to its return or destruction in writing to counsel for the Designating Party, except that counsel of record is entitled to retain court papers, deposition and trial transcripts, and litigation files (including attorney work product and Discovery Material containing Confidential Information), provided that such counsel, and employees of such counsel, shall maintain the confidentiality thereof and shall not disclose such court papers, correspondence, pleadings, depositions and trial transcripts, and litigation files (including attorney work product and Discovery Material containing Confidential Information) to any person except pursuant to a court order, agreement by the Designating Party, or as otherwise required by law.

**SO ORDERED on** _____.

s/ _____
**Chief United States District Judge**