Hank UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

Katie Wood, Jane Doe, and AV Schwandes,

     Plaintiffs,

v.                             Case No. 4:23-cv-00526-MW-MAF

Florida Department of Education et al.,

     Defendants.

_____/

## DEFENDANT HILLSBOROUGH COUNTY SCHOOL BOARD'S MOTION FOR SUMMARY JUDGMENT AND NOTICE OF JOINING STATE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendant Hillsborough County School Board ("HCSB"), files this motion for summary judgment on Count 3, Count 8, Count 11, and Count 14 of the Second Amended Complaint, which are Plaintiff Katie Wood's ("Plaintiff" or "Wood") only claims against HCSB.

HCSB, to promote judicial economy for the parties and the Court, and with the consent of the State Defendants, joins in State Defendants' Motion for Summary Judgment (Doc. 148-1) (the "State Defendants' MSJ"), with respect to the State Defendants' arguments against Plaintiff Wood's Title VII claims, First and Fourteenth Amendment claims, Section 1983 claims, and Title IX claims, because those same arguments apply equally to Plaintiff Wood's claims against HCSB.

Accordingly, HCSB respectfully requests that the Court enter summary judgment on all claims against HCSB for the reasons stated in the State Defendants' MSJ and as outlined below.

## I.    INTRODUCTION

Plaintiff Katie Wood seeks to challenge state law, not any action by HCSB. Plaintiff's attacks on Florida law fail for the reasons outlined in the State Defendants' MSJ, and accordingly, they cannot form the basis for claims against HCSB.

Independently, Plaintiff admits she does <u>not</u> seek any damages from HCSB. Thus, Plaintiff's prayer for damages against HCSB should be denied.

## II.    UNDISPUTED STATEMENT OF MATERIAL FACTS

1.    In this case, Plaintiff "challenges only subsection 3 of section 2 of HB 1069," which was enacted in May 2023, and took effect on July 1, 2023. *See* Doc. 94 (the "Second Amended Complaint"), ¶ 20.

2.    Plaintiff Katie Wood is a teacher employed by HCSB. *See* Second Amended Complaint, ¶ 4.

3.    Plaintiff currently teaches math at Lennard High School. *See* Doc. 146-2 (the transcript from the Deposition of Katie Wood taken August 28, 2024) (the "Wood Transcript"), at 7:24-8:4.

4.    Plaintiff admits her identification as a transgender woman did not affect her application process in any way. *See* Wood Transcript 12:21-13:1.

5.      Plaintiff admits HCSB allowed Plaintiff to use preferred pronouns prior to the passage of HB 1069. *See* Wood Transcript 14:7-10.

6.      Plaintiff admits the passage of HB 1069, including the challenged subsection 3, was the action that caused Plaintiff to be unable to use "she" and "her" as preferred pronouns. *See* Wood Transcript 14:21-15:5; 15:16-21.

7.      There is no evidence to suggest HCSB had any control over the passage of HB 1069. *See* Wood Transcript 15:6-11.

8.      Plaintiff admits there were times Plaintiff did not comply with the statute. *See* Wood Transcript 30:24-32:3.

9.      Plaintiff admits HCSB took <u>no</u> action against Plaintiff for violating this statute, nor were any reports filed against Plaintiff for violating this statute. *See* Wood Transcript 32:4-33:7. Plaintiff testified as follows:

Q      Did anyone ever report you for violating the statute?

A      I don't know.

Q      But to your knowledge, you're not aware of anyone reporting you?

A      I'm not aware of anyone reporting me.

Q      Did the Hillsborough county school board take any action against you for the violations?

A      Not to my knowledge.

Q      You're not aware of any actions taken against you by the school board for violating the pronoun law?

A      I'm not aware.

3

Q    Are you disciplinary proceedings being pressed against you?

A    I'm not aware of any.

Q    You haven't been fired?

A    No.

Q    You have not been demoted?

A    No.

Q    Has your pay been reduced?

A    No.

Q    Have your teaching certificated been revoked?

A    No.

Q    Have you been instructed to change the way you dress?

A    No.

Q    Have you been instructed to stop wearing jewelry?

A    No.

*See* Wood Transcript 32:4-33:7.

10.    When asked if Plaintiff was seeking any financial payment from HCSB, Plaintiff said "No." *See* Wood Transcript 49:19-22.

11.    When asked if Plaintiff suffered any monetary damages or financial loss because of the statute, Plaintiff could not identify any. *See* Wood Transcript 49:23-25.

4

## III.   STANDARD FOR DETERMINATION

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

## IV.   MEMORANDUM OF LAW

**A.    HCSB is entitled to summary judgment on Plaintiff's Claims against HCSB for the same reasons expressed in the State Defendants' MSJ.**

**1.    HCSB is entitled to summary judgment on Count 3 against HCSB for the same reasons expressed in the State Defendants' MSJ as to Counts 1 and 2 against the State Defendants.**

The Court should enter summary judgment in favor of HCSB and against Plaintiff Wood on Count 3 for the same reasons expressed in the State Defendants' MSJ. *See* Doc. 148-1, State Defendants' MSJ, Argument I (explaining the basis for dismissal of Counts 1 and 2). Plaintiff's claim against HCSB in Count 3 is predicated on the same legal theory as Plaintiff's claim against the State Defendants in Count 1. *Compare* Second Amended Complaint, p.51 (predicating Count III on allegations of violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 and § 2000e-5) *with* Second Amended Complaint, p.43 (predicating Count 1 on the same allegations). Accordingly, HCSB joins in the arguments raised by the State Defendants, and for those reasons, requests judgment against Plaintiff Wood on Count 3.

2. **HCSB is entitled to summary judgment on Count 8 against HCSB for the same reasons expressed in the State Defendants' MSJ as to Count 7 against the State Defendants.**

The Court should enter summary judgment in favor of HCSB and against Plaintiff Wood on Count 8 for the same reasons expressed in the State Defendants' MSJ. *See* State Defendants' MSJ, Argument II (explaining the basis to dismiss of Count 7). Plaintiff's claim against the HCSB in Count 8 is predicated on the same legal theory as Plaintiff's claim against the State Defendants in Count 7. *Compare* Second Amended Complaint, p.66 (predicating Count 8 on allegations of violation of 42 U.S.C. § 1983) *with* Second Amended Complaint, p.63 (predicating Count 7 on the same allegations). Accordingly, HCSB joins in the arguments raised by the State Defendants, and for those reasons, requests judgment against Plaintiff Wood on Count 8.

3. **HCSB is entitled to summary judgment on Count 11 against HCSB for the same reasons expressed in the State Defendants' MSJ as to Count 10 against the State Defendants.**

The Court should enter summary judgment in favor of HCSB and against Plaintiff Wood on Count 11 for the same reasons expressed in the State Defendants' MSJ. *See* State Defendants' MSJ, Argument III (explaining the basis to dismiss of Count 10). Plaintiff's claim against the HCSB in Count 11 is predicated on the same legal theory as Plaintiff's claim against the State Defendants in Count 10. *Compare*

78924190;1

Second Amended Complaint, p.74 (predicating Count 11 on allegations of violation of 42 U.S.C. § 1983) *with* Second Amended Complaint, p.71 (predicating Count 10 on the same allegations). Accordingly, HCSB joins in the arguments raised by the State Defendants, and for those reasons, requests judgment against Count 11.

4.    **HCSB is entitled to summary judgment on Count 14 against HCSB for the same reasons expressed in the State Defendants' MSJ as to Count 13 against the State Defendants.**

The Court should enter summary judgment in favor of HCSB and against Plaintiff Wood on Count 14 for the same reasons expressed in the State Defendants' MSJ. *See* State Defendants' MSJ, Argument IV (explaining the basis to dismiss of Count 13). Plaintiff's claim against the HCSB in Count 14 is predicated on the same legal theory as Plaintiff's claim against the State Defendants in Count 13. *Compare* Second Amended Complaint, p.83 (predicating Count 14 on allegations of violation of Title IX, 20 U.S.C. § 1681) *with* Second Amended Complaint, p.79 (predicating Count 13 on the same allegations). Accordingly, HCSB joins in the arguments raised by the State Defendants, and for those reasons, requests judgment against Count 14.

B.    **HCSB is entitled to summary judgment on Plaintiff's claims for damages because Plaintiff admitted none are sought**.

The Court should enter summary judgment against Plaintiff's claims for damages against HCSB because Plaintiff waived any such claims through deposition testimony. *See* Wood Transcript 49:19-22 (admitting Plaintiff was not seeking any

financial payment against HCSB); 49:23-25 (admitting Plaintiff had not suffered any monetary damages or financial loss). As such, there is no genuine dispute over whether Plaintiff suffered any damages; Plaintiff did not. Independently, Plaintiff's testimony clearly shows the absence of any harm. Plaintiff admits HCSB took no action against Plaintiff for violating this statute. *See* Wood Transcript 32:4-33:7 (testifying no reports or adverse action had been taken against Plaintiff Wood despite Plaintiff's admitted violation of the statute).

Even assuming damages existed at some point, which they did not, courts permit litigations to "waive things all the time." *See A&E Adventures LLC v. Intercard, Inc.*, 529 F. Supp. 3d 1333, 1343–44 (S.D. Fla. 2021) (citing cases supporting waiver for right to counsel, civil claims or defenses, and their freedom). Thus, it is "entirely uncontroversial to say that a party … can relinquish an aspect (or, for that matter, *all* aspects) of its damages claim." *Id.*; *see also In re Seven Stars on Hudson Corp.*, 637 B.R. 180, 194-95 and 203 (Bankr. S.D. Fla. 2022) ("Thus, for any claim as to which a plaintiff fails to present evidence justifying any amount on a claim for economic damages, the defendant will be entitled to judgment in its favor on that claim."), *aff'd sub nom. Seven Stars on the Hudson Corp. v. MDG Powerline Holdings, LLC*, No. 22-CIV-60299-RAR, 2022 WL 10046439 (S.D. Fla. Oct. 17, 2022), *aff'd sub nom. In re Seven Stars on the Hudson Corp.*, No. 22-13591, 2023 WL 4760713 (11th Cir. July 26, 2023).

Accordingly, even if a factual dispute exists as the merits of Plaintiff's claims against HCSB, there is no such dispute as to whether those claims gave rise to any damages. Thus, and at the very least, the Court should enter summary judgment against Plaintiff's claims for damages against HCSB.

Dated: November 25, 2024

*/s/ Jason L. Margolin*
**Jason L. Margolin, Esq.** (FBN 69881)
Email: jason.margolin@akerman.com
**Neema M. Monfared, Esq.** (FBN 1035991)
Email: neema.monfared@akerman.com
**AKERMAN LLP**
401 E. Jackson Street, Suite 1700
Tampa, Florida 33602
Telephone: (813) 209-5009
Facsimile: (813) 218-5488
*Attorneys for Defendant School Board of Hillsborough County, Florida*

## CERTIFICATE OF SERVICE

I certify a true and correct copy of the foregoing was served upon all counsel of record via CM/ECF on November 25, 2024.

*/s/ Jason L. Margolin*
Attorney

9

78924190;1