# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

Katie Wood *et al.*,

          *Plaintiffs*,

v.                                            No. 4:23-cv-00526-MW-MAF

Florida Department of Education *et al.*,

          *Defendants*.

_____/

## PLAINTIFF KATIE WOOD'S RESPONSE IN OPPOSITION
## TO DEFENDANT HILLSBOROUGH COUNTY SCHOOL BOARD'S
## MOTION FOR SUMMARY JUDGMENT

Plaintiff Katie Wood respectfully submits this response in opposition to Defendant Hillsborough County School Board's ("Hillsborough") motion for summary judgment. Doc. 150.

Hillsborough supports its motion for summary judgment on Ms. Wood's claims under Title VII (Count 3), the Free Speech Clause (Count 8), the Equal Protection Clause (Count 11), and Title IX (Count 14) by incorporating by reference State Defendants' arguments for summary judgment on Plaintiffs' similar claims against them. *See* Doc. 150 at 5-7. Therefore, Ms. Wood responds that Hillsborough is not entitled to summary judgment for the reasons explained in Plaintiffs' combined memorandum supporting their cross-motion for summary judgment and

1

response in opposition to State Defendants' motion for summary judgment. *See* Doc. 158-1 Section I (Title VII); *id.* at Section II (Free Speech); *id.* at Section III (Equal Protection).[*]

Hillsborough additionally argues that because Ms. Wood answered "no" when asked whether she was "looking for any financial payment from the Hillsborough County School Board as a result of this lawsuit," she "waived" any damages claim. Doc. 150 at 7. Hillsborough cites no authority for the proposition that deposition testimony can "waive" a prayer for relief clearly articulated in a complaint. *See* Doc. 94 at 56, 68, 76. Nor did Ms. Wood mean to do any such thing. Her answers are better understood as attempting to explain that her motivation for her suit was not to recover money but to obtain the right to continue to use her title and pronouns. Ms. Wood also answered "yes" when asked if there were "any action … Hillsborough… specifically took that caused you harm," and identified that action as its decision to "[c]omply with a discriminatory law." Doc. 156-24 at 29:11-22. Ms. Wood therefore clearly understood that she had suffered harm.

Hillsborough also cites Ms. Wood's answer of "not to my knowledge" when asked whether she "suffer[ed] any monetary damages or financial loss because of

---

[*] Given *Joseph v. Bd. of Regents of the Univ. Sys. of Georgia*, 121 F.4th 855 (11th Cir. 2024), Ms. Wood does not oppose Hillsborough's motion for summary judgment on her claim under Title IX (Count 14) but reserves the right to challenge the correctness of that precedent in an appropriate petition.

the pronoun law?" Doc. 150 at 7-8. However, this answer is consistent with her complaint's prayer for relief for compensatory and nominal damages for emotional distress. A lay person could easily misunderstand this question to be asking solely if she had lost salary or incurred other out-of-pocket expenses because of Defendants' actions. As Ms. Wood explained in her interrogatory responses: "It is hurtful and painful and makes Plaintiff feel isolated and alone to be reminded that Florida denies her existence as a woman. Referring to herself as Teacher Wood has exacerbated Plaintiff's anxiety about subsection 3, resulting in her having to take days off work." Doc. 156-27 at 17. Further, Ms. Wood's interrogatory responses made clear that she seeks "compensatory damages for garden-variety emotional distress, in an amount to be determined by the jury, and nominal damages." *Id.* at 18. These damages arise from the injuries she has suffered; she "has been restricted from using her title and pronouns and forced to suffer the indignity of denying her identity and referring to herself as Teacher Wood, a title that does not reflect who she is." *Id.* This treatment has caused her "garden-variety emotional distress; she has felt shocked, distressed, disgusted, stigmatized, and has experienced anxiety." *Id.*

The cases Hillsborough relies on for its "waiver" argument do not concern the kinds of hard-to-quantify harms Ms. Wood endured. Doc. 150 at 8 (citing *In re Seven Stars on Hudson Corp.*, 637 B.R. 180, 194-95 and 203 (Bankr. S.D. Fla. 2022) and *A&E Adventures LLC v. Intercard, Inc.*, 529 F. Supp. 3d 1333, 1343–44 (S.D. Fla.

2021)). *Seven Stars* focused on damages related from lost revenue—a type of damages, unlike emotional damages, that are readily calculatable. And *A&E Adventures* concerned a plaintiff who sought to recover the diminished value of allegedly defective machines. It stood to reason in those cases that the plaintiff needed to produce some evidence to support its damages case, as those damages were readily subject to calculation.

That Ms. Wood cannot calculate a specific financial loss is not surprising. Emotional distress, by its nature, is difficult to calculate. For that reason, courts often do not force plaintiffs to provide calculations. *See Brower v. Sprouts Farmers Market, LLC*, No. 1:16-cv-01334, 2017 WL 3397374, at *2 (D.N.M. Aug. 8, 2017) ("the Court agrees with plaintiff that it does not make sense to require plaintiff 'as a lay person, to provide an exact dollar figure for her non-economic damages.'"); *Sandoval v. Am. Bldg. Maint. Indus., Inc.*, 267 F.R.D. 257, 282 (D. Minn. 2007) (collecting cases where "courts have concluded that a plaintiff need not provide a calculation for compensatory damages pertaining to emotional distress, as such calculations are necessarily vague and may not be amenable to the type of calculation disclosure contemplated" by the Federal Rules of Civil Procedure). And garden-variety emotional distress is precisely the kind of emotional distress which does not rely on specific medical records. *See, e.g., Ortiz-Carballo v. Ellspermann*, No. 5:08-CV-165-OC-10GRJ, 2009 WL 961131, at *2 (M.D. Fla. Apr. 7, 2009) (noting that a party's

mental condition is not in controversy when it requests damages for garden variety emotional distress).

Finally, Hillsborough argues that it should get partial summary judgment on Ms. Wood's prayer for relief for monetary damages because it did not discipline her for violating subsection 3 during the first few weeks of the school year. Doc. 150 at 8. But after that period, Hillsborough's employees directed her to cease using her title and pronouns, which she reluctantly agreed to do. Doc. 156-24 at 15:22-17:11, 19:13-23:3. This testimony is at least enough to create a dispute of material fact about whether Hillsborough directed Ms. Wood to follow subsection 3 or otherwise had a policy of requiring her to do so.

This Court has already rejected Hillsborough's motion to dismiss Ms. Wood's first amended complaint, which relied on the same theory that it was not responsible for Ms. Woods' injuries. Doc. 89. The Court held that Hillsborough's "threats of enforcing section 1000.071(3)," if undisputed, as they are here, "show an injury for [Ms. Wood's] free speech claim." Doc. 89 at 2. Likewise, it held that the "'causal link'" between the harm Ms. Wood complains of and [Hillsborough] is self-evident—[Hillsborough] is Ms. Wood's employer and Ms. Wood alleges discriminatory conduct by her employer." *Id.* at 4. Finally, it explained that if Hillsborough had "an official policy to enforce section 1000.071(3)'s restriction against teachers like her," that is enough under *Monell* to state a claim against Hillsborough under Section

5

1983 for her First Amendment and Equal Protection Clause claims. *Id.* at 7. As Ms.

Wood understood, Hillsborough had a choice about whether to comply with the il-

legal and unconstitutional subsection 3. It chose to do so, and thereby opened itself

to the consequences of violating Ms. Wood's rights.

## CONCLUSION

The Court should deny Hillsborough's motion for summary judgment.

Respectfully submitted.

December 23, 2024

*/s/ Sam Boyd*
Sam Boyd, Fla. Bar No. 1012141
Carli Raben, Fla. Bar No. 1036013
SOUTHERN POVERTY LAW CENTER
2 S. Biscayne Blvd. Ste. 3750
Miami, FL 33131
(786) 347-2056
(786) 237-2949 (fax)
sam.boyd@splcenter.org
carli.raben@splcenter.org

Aaron S. Fleisher[*†]
SOUTHERN POVERTY LAW CENTER
1101 17th St NW Ste. 705
Washington, DC 20036
(202) 536-9719
(202) 971-9205 (fax)
aaron.fleisher@splcenter.org
[†] *Not admitted to practice law in DC*

Diego A. Soto[*]
Jessica L. Stone[*]
SOUTHERN POVERTY LAW CENTER
150 E. Ponce De Leon Ave. Ste. 340
Decatur, GA 30030
(404) 521-6700

(404) 377-0708 (fax)
diego.soto@splcenter.org
jessica.stone@splcenter.org

Simone Chriss, Fla. Bar No. 124062
Jodi Siegel, Fla. Bar No. 511617
SOUTHERN LEGAL COUNSEL, INC.
1229 NW 12th Ave.
Gainesville, FL 32601
(352) 271-8890
(352) 271-8347 (fax)
simone.chriss@southernlegal.org
jodi.siegel@southernlegal.org

James M. Finberg[*]
James Baltzer[*]
Jonathan Rosenthal[*]
ALTSHULER BERZON LLP
177 Post St., Ste. 300
San Francisco, CA 94108
(415) 421-7151
jfinberg@altshulerberzon.com
jbaltzer@altshulerberzon.com
jrosenthal@altshulerberzon.com

*Counsel for Plaintiffs*

[*] *Admitted* pro hac vice

7

**CERTIFICATE OF WORD COUNT**

I certify that this document contains 1143 words, inclusive of headings, foot-

notes, and quotations, according to the word-processing system used to prepare it.

December 23, 2024                              */s/Sam Boyd*
                                               Sam Boyd