# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

| | |
|---|---|
| Wood, *et al.*,<br><br>         *Plaintiffs,*<br><br>         v.<br><br>Florida Department of Education, *et al.*,<br><br>         *Defendants.* | Case No. 4:23-cv-526-MW-MAF |

# STATE DEFENDANTS' RESPONSE

# TO PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF

# THEIR MOTION FOR SUMMARY JUDGMENT

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................ ii

INTRODUCTION ..................................................................................... 1

ARGUMENT ............................................................................................ 1

  I.  Plaintiffs' First Amendment claim challenges Subsection 3's
     application to in-classroom speech. .................................................. 1

    A. The Eleventh Circuit delineated the scope of Plaintiffs'
       claim. ............................................................................................ 2

    B. The complaint alleges only in-classroom speech. .......................... 4

    C. No arguments or discovery can expand Plaintiffs' claim.............. 8

    D. Constructive amendment of Plaintiffs' complaint is
       inappropriate............................................................................... 10

  II. Even if Plaintiffs challenged Subsection 3's application to
     out-of-classroom speech, their claim still fails................................ 13

    A. Plaintiffs provide their titles and pronouns to students
       as public employees. .................................................................. 13

    B. The State Defendants prevail under the other *Garcetti*
       factors. ....................................................................................... 17

CONCLUSION ....................................................................................... 19

CERTIFICATE OF SERVICE................................................................. 21

# TABLE OF AUTHORITIES

## CASES

*Abdur-Rahman v. Walker,*
567 F.3d 1278 (11th Cir. 2009) .......................................................... 17

*Alves v. Bd. of Regents of the Univ. Sys. of Ga.,*
804 F.3d 1149 (11th Cir. 2015) ............................................... 13, 15, 17

*Ambach v. Norwick,*
441 U.S. 68 (1979) ................................................................................ 14

*Auto-Owners Ins. Co. v. Elite Homes, Inc.,*
160 F. Supp. 3d 1307 (M.D. Fla. 2016) ................................................ 7

*Banks v. Marketsource, Inc.,*
2019 WL 8277274 (N.D. Ga. Dec. 5) ............................................. 4, 12

*Blue Cross & Blue Shield of Ala. v. Weitz,*
913 F.2d 1544 (11th Cir. 1990) ........................................................... 11

*Bogus v. Ala. Dep't of Corr.,*
2009 WL 10688641 (N.D. Ala. Aug. 21) .............................................. 7

*Brown v. Snow,*
440 F.3d 1259 (11th Cir. 2006) ............................................................. 9

*Bushong v. Del. City Sch. Dist.,*
2020 WL 419754 (S.D. Ohio Jan. 27) ................................................. 14

*Butler v. Yankellow,*
2023 WL 6316017 (M.D. Ga. Sept. 28) .............................................. 13

*Coon v. Georgia Pac. Corp.,*
829 F.2d 1563 (11th Cir. 1987) ............................................................. 9

*Doe #6 v. Miami-Dade County,*
974 F.3d 1333 (11th Cir. 2020) ..................................................... 11, 12

*Evans v. Leaf Fin. Corp.,*
2012 WL 13129992 (N.D. Ga. July 10) .............................................. 10

*Flanigan's Enters., Inc. of Ga. v. Fulton County,*
242 F.3d 976 (11th Cir. 2001) ............................................................... 6

ii

*Garcetti v. Ceballos*,
  547 U.S. 410 (2006) ........................................................................ 17, 18

*GeorgiaCarry.Org, Inc. v. Georgia*,
  687 F.3d 1244 (11th Cir. 2012) ............................................................ 5, 7

*Gilmour v. Gates, McDonald & Co.*,
  382 F.3d 1312 (11th Cir. 2004) ................................................................. 6

*Hurlbert v. St. Mary's Health Care Sys.*,
  439 F.3d 1286 (11th Cir. 2006) ................................................................. 2

*Johnson v. Poway Unified Sch. Dist.*,
  658 F.3d 954 (9th Cir. 2011) .................................................................. 14

*Kennedy v. Bremerton Sch. Dist.*,
  597 U.S. 507 (2022) ........................................................................ 15, 16

*Lamb v. Charlotte County*,
  429 F. Supp. 2d 1302 (M.D. Fla. 2006) ...................................................... 7

*Magluta v. Samples*,
  375 F.3d 1269 (11th Cir. 2004) ................................................................. 6

*McDonough v. Mata*,
  489 F. Supp. 3d 1347 (S.D. Fla. 2020) ...................................................... 4

*Melzer v. Bd. of Educ. of City Sch. Dist. of N.Y.C.*,
  336 F.3d 185 (2d Cir. 2003) .................................................................... 19

*Moeinpour v. Bd. of Trs. of the Univ. of Ala.*,
  2024 WL 5467398 (N.D. Ala. May 23) ...................................................... 8

*Monaghan v. Worldpay US*,
  955 F.3d 855 (11th Cir. 2020) ................................................................... 4

*Muttitt v. Dep't of State*,
  926 F. Supp. 2d 284 (D.D.C. 2013) ........................................................... 8

*Powell v. O'Neal Steel, Inc.*,
  2010 WL 11561370 (N.D. Ala. Mar. 31) .................................................... 9

*Rainey v. Ga. Dep't of Juv. Just.*,
  2007 WL 9702335 (N.D. Ga. Nov. 20) ..................................................... 10

*Reyes v. BCA Fin. Servs.*,
  312 F. Supp. 3d 1308 (S.D. Fla. 2018) ................................................ 7

*Richards v. Headley*,
  2021 WL 2784278 (M.D. Ala. July 2) ................................................ 4

*Robinson v. City of Bessemer*,
  2024 WL 315005 (N.D. Ala. Jan. 26) ................................................ 10

*Smiley v. Jenner*,
  684 F. Supp. 3d 835 (S.D. Ind. 2023) ........................................... 14, 17

*Steger v. GE Co.*,
  318 F.3d 1066 (11th Cir. 2003) ............................................................ 11

*Wilcox v. Green Tree Servicing*,
  2015 WL 2092671 (M.D. Fla. May 5) ................................................ 4

*Williams v. Mallet*,
  707 F. Supp. 3d 1340 (S.D. Fla. 2023) ................................................ 4

*Withrow v. Williams*,
  507 U.S. 680 (1993) ............................................................................ 12

*Wood v. FDOE*,
  142 F.4th 1286 (11th Cir. 2025) .................................................. 2, 3, 15

## STATUTES

Fla. Stat. §1000.071(1) ........................................................................ 18

Fla. Stat. §1000.071(3) .......................................................................... 3

Fla. Stat. §1000.071(6) ..................................................................... 3, 15

## OTHER AUTHORITIES

6A Wright & Miller, *Federal Practice & Procedure* (3d ed.) ................... 11

## RULES

Fed. R. Civ. P. 15(b)(2) .................................................................. 10, 11

## REGULATIONS

Fla. Admin. Code 6A-10.081(2)(a)1 ...................................................... 18

Fla. Admin. Code 6A-10.081(2)(b)1 ...................................................... 18

iv

## INTRODUCTION

Plaintiffs again seek to expand their First Amendment challenge well beyond the claim they pleaded. The Eleventh Circuit determined that their claim is limited to in-classroom speech, and this Court agreed, considering Plaintiffs' "conduct as described in the Second Amended Complaint and stated focus at the preliminary injunction stage." Dkt. 190 at 45 n.20. Plaintiffs' arguments in their supplemental brief do not change this Court's conclusion. Even if the Court expanded Plaintiffs' claim beyond the classroom, Plaintiffs' usage of titles and pronouns with students at school still is not protected. The State Defendants are entitled to summary judgment on Plaintiffs' First Amendment claim.

## ARGUMENT

### I.   Plaintiffs' First Amendment claim challenges Subsection 3's application to in-classroom speech.

This Court already rejected Plaintiffs' attempt to enlarge their First Amendment claim beyond the classroom. The parties squarely briefed the issue, Dkt. 165 at 33-37; Dkt. 177 at 18-21, and the Court held that Plaintiffs' claim only concerns speech "in the classroom," Dkt. 190 at 45 n.20. Nothing to which Plaintiffs now point changes that conclusion. This Court should reject Plaintiffs' renewed attempt to "effec[t]

1

a fundamental change in the nature of [Plaintiffs'] claim." *Hurlbert v. St. Mary's Health Care Sys.*, 439 F.3d 1286, 1297 (11th Cir. 2006).

### A. The Eleventh Circuit delineated the scope of Plaintiffs' claim.

This Court correctly followed the Eleventh Circuit in reading Plaintiffs' First Amendment claim as challenging Subsection 3's application to in-classroom speech. Contrary to Plaintiffs' telling, the Eleventh Circuit did not "addres[s] only … in-classroom speech—not [Wood's] out-of-classroom speech—because it interpreted the Court's preliminary injunction to be limited to that context." Dkt. 199 at 1 (Suppl. Br.).

The Eleventh Circuit considered whether Wood showed likely success on "the merits of [Wood's] First Amendment *challenge*." *Wood v. FDOE*, 142 F.4th 1286, 1289 (11th Cir. 2025) (emphasis added). At the outset, the Eleventh Circuit "identif[ied] exactly what speech [Wood's] *suit* covers." *Id.* at 1290 (emphasis added); *see also id.* (addressing the merits after "[h]aving identified the speech at issue"). The court explained that "Wood's *challenge* is limited in two important respects." *Id.* (emphasis added). First, Subsection 3 covers only a teacher's speech "to a student" while "acting within the scope of [their] employment duties."

2

*Id.* (quoting Fla. Stat. §1000.071(3), (6)). Second, "Wood's *suit, by* [*Wood's*] *own admission, challenges* only the statute's application to [Wood's] speech 'in the classroom.'" *Id.* (emphasis added). The court emphasized "the narrowness of Wood's challenge" as concerning "only a narrow swath of expression"—when Wood is "interacting with students" "in the classroom" and "within the scope of [Wood's] employment duties." *Id.* And the Eleventh Circuit held that "Wood's *case* … founders" and "Wood's First Amendment *claim* fails" because Wood "cannot show, *with respect to the expression at issue here*, that [Wood] was speaking as a private citizen." *Id.* at 1290, 1293 (emphases added).

As this Court concluded, "[t]he scope of the Eleventh Circuit's ruling aligns with [Plaintiffs'] conduct as described in the Second Amended Complaint and stated focus at the preliminary injunction stage on the use of 'pronouns in the classroom.'" Dkt. 190 at 45 n.20. Plaintiffs' request that the Court rewrite their First Amendment claim as relating to "out-of-classroom speech," contrary to the Eleventh Circuit's assessment, is an invitation to err.

3

## B. The complaint alleges only in-classroom speech.

A plaintiff "cannot change the basis of his claims at the summary judgment stage." *Richards v. Headley*, 2021 WL 2784278, at *3 (M.D. Ala. July 2). Courts "can only consider the claims and theories of liability that Plaintiff actually pled in her complaint." *Wilcox v. Green Tree Servicing*, 2015 WL 2092671, at *1 (M.D. Fla. May 5) (collecting cases). A plaintiff at summary judgment "may not recast the scope of her claims beyond the extent to which the pleadings give notice of what actions the plaintiff contends to be unlawful." *Banks v. Marketsource, Inc.*, 2019 WL 8277274, at *6 (N.D. Ga. Dec. 5). It is "well-settled" that "a plaintiff must seek leave to amend his complaint *before* the court can consider his new factual allegations at summary judgment." *Williams v. Mallet*, 707 F. Supp. 3d 1340, 1356 (S.D. Fla. 2023); *accord Monaghan v. Worldpay US*, 955 F.3d 855, 859 (11th Cir. 2020).

Plaintiffs' First Amendment claim is "an as-applied challenge," Dkt. 82 at 55, meaning Plaintiffs challenge Subsection 3 "as it … applie[s] to [their] particular speech activity," *McDonough v. Mata*, 489 F. Supp. 3d 1347, 1359 (S.D. Fla. 2020). For a pre-enforcement, as-applied

4

challenge, the "complaint must include all of the factual allegations necessary to clearly illustrate the context in which the statute will be applied." *GeorgiaCarry.Org, Inc. v. Georgia*, 687 F.3d 1244, 1255 n.20 (11th Cir. 2012), *abrogated on other grounds by NYSRPA v. Bruen*, 597 U.S. 1 (2022).

The second amended complaint pleads the First Amendment claim with respect to in-classroom speech. Plaintiffs alleged providing their titles and pronouns to students when "introduc[ing]" themselves, on "syllabi," and on the "classroom board." Dkt. 94 ¶¶94, 101, 116. Wood further alleged that Wood "replaced [Wood's] name with 'Teacher Wood' on [the] classroom board," "introduced [Wood's self] to students as Teacher Wood," and "used Teacher Wood on all communications with students." *Id.* ¶100. Plaintiffs emphasized the need for "respect" to maintain a "functioning *classroom*." *Id.* ¶3 (emphasis added). They claimed that complying with Subsection 3 would "disrupt [their] *classroom* and [their] ability to do [their] job." *Id.* ¶¶98, 119 (emphasis added). Nowhere in the complaint did Plaintiffs allege using titles and pronouns with students outside the classroom. Simply put, "Plaintiffs failed to plead facts sufficient to notify Defendants or the court that they

5

challenged" Subsection 3's application to out-of-classroom speech. *Flan-igan's Enters., Inc. of Ga. v. Fulton County*, 242 F.3d 976, 988 (11th Cir. 2001).

The two allegations to which Plaintiffs point do not provide suffi-cient notice. *Contra* Suppl. Br. 4. The first specifies in-classroom speech: Plaintiffs alleged "free speech rights while at work, including *in the classroom* and during work hours." Dkt. 94 ¶208 (emphasis added). Oblique references to "at work" or "during work hours" adjacent to "in the classroom" provide "no notice" of a challenge premised on speech to students outside the classroom. *See Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1314-15 (11th Cir. 2004). Nor does the allegation that Plaintiffs "may not tell anyone who misgenders [them] at work, such as by using Mr. or he/him pronouns, that [their] title is Ms. and that [their] pronouns are she/her," Dkt. 94 ¶¶107, 121, say anything of speech to students outside the classroom. Those "statement[s] must be read within the context of the other allegations of the [second amended] [c]omplaint." *Magluta v. Samples*, 375 F.3d 1269, 1274 (11th Cir. 2004). Preceding paragraphs specify using titles and pronouns during "intro-duc[tions], on "syllabi," and on the "classroom board." Dkt. 94 ¶¶94, 100-

01, 116. Because the "complaint contains no allegations" of speech to students outside the classroom, the First Amendment "claims, read in context, relate solely to" in-classroom speech. *Auto-Owners Ins. Co. v. Elite Homes, Inc.*, 160 F. Supp. 3d 1307, 1311-12 (M.D. Fla. 2016), *aff'd,* 676 F. App'x 951 (11th Cir. 2017); *see, e.g., Lamb v. Charlotte County*, 429 F. Supp. 2d 1302, 1306 n.4 (M.D. Fla. 2006) (holding at summary judgment that plaintiff's ADA access claim did "not extend to the gymnasium, as such gymnasium was not mentioned in the complaint").

It makes no difference that Subsection 3's "application is not restricted to the classroom." *Contra* Suppl. Br. 3. The factual allegations in the complaint—not the scope of Subsection 3—is what "defin[es] the nature and scope of Plaintiff[s'] clai[m]." *Bogus v. Ala. Dep't of Corr.*, 2009 WL 10688641, at *2 n.3 (N.D. Ala. Aug. 21); *see GeorgiaCarry.Org*, 687 F.3d at 1255 n.20.

Nor can Plaintiffs' prayer for relief extend their claim beyond in-classroom speech. *Contra* Suppl. Br. 4. A "general prayer for relief" is "not a specific claim" or a basis to "seek summary judgment on any number of unpled theories and additional facts." *Reyes v. BCA Fin. Servs.*, 312 F. Supp. 3d 1308, 1325 (S.D. Fla. 2018), *separate ruling vacated on*

7

*other grounds.* Plaintiffs "cannot ensconce claims between the lines of an otherwise garden-variety Prayer for Relief, only to embellish those obscurities into new causes of action for the first time at summary judgment." *Muttitt v. Dep't of State*, 926 F. Supp. 2d 284, 294-95 (D.D.C. 2013).

### C. No arguments or discovery can expand Plaintiffs' claim.

Legal arguments cannot enlarge Plaintiffs' claim. *Contra* Suppl. Br. 5-6. "On summary judgment, regardless of what arguments the parties make, the court is bound to assess their claims and defenses based on the pleadings." *Moeinpour v. Bd. of Trs. of the Univ. of Ala.*, 2024 WL 5467398, at *2 (N.D. Ala. May 23). Defendants' arguments have always focused on Plaintiffs' in-classroom speech. *E.g.*, Dkt. 148-1 at 39 ("Plaintiffs' challenge is to speech that occurs 'in the classroom.'"); Dkt. 60 at 41 ("classroom discussion and communication"); *id.* at 47 ("in the classroom"). To be sure, Defendants argued broad authority to regulate public school teachers' speech to show that Plaintiffs' desired speech falls squarely within the larger sphere of teachers' speech not protected by the First Amendment. General arguments about the State's ability to

8

regulate teachers' speech beyond the classroom cannot enlarge the scope of Plaintiffs' specific claims here.

Nor can discovery that tangentially touched on out-of-classroom speech enlarge Plaintiffs' claims. *Contra* Suppl. Br. 6. Eleventh Circuit precedent requires "strict focus on the … conduct pled" in the complaint. *Powell v. O'Neal Steel, Inc.*, 2010 WL 11561370, at *6 (N.D. Ala. Mar. 31). The "mention" of matters "in discovery" is "not a substitute for the factual allegations of a complaint under Federal Rule of Civil Procedure 8(a)." *Coon v. Georgia Pac. Corp.*, 829 F.2d 1563, 1568 (11th Cir. 1987). Nor is "the discussion of a potential claim in a deposition." *Brown v. Snow*, 440 F.3d 1259, 1266 (11th Cir. 2006).

Finally, in relying on "the record," Plaintiffs quote their own declarations dated two months after discovery closed and one month after Defendants moved for summary judgment. Suppl. Br. 7 (quoting Dkt. 156-6 ¶6; Dkt. 156-9 ¶7). Wood describes using titles and pronouns with students "in the hallways, at lunch and at school activities," including at "school sports games" and as "the club sponsor for the school Gender and Sexuality Alliance." Dkt. 156-6 ¶6. Doe describes using titles and pronouns with students "in the hallway or lunchroom," "when I meet

9

with students in Prism, the youth group I advise," "when I chaperone fieldtrips," and "when working on student theater productions." Dkt. 156-9 ¶7. None of these examples of out-of-classroom speech "appear in the second amended complaint, which defines the scope of [Plaintiffs'] claims." *Robinson v. City of Bessemer*, 2024 WL 315005, at \*17 n.26 (N.D. Ala. Jan. 26). Because these examples "were not pled in their complaint," the Court should "not address any of" them. *Rainey v. Ga. Dep't of Juv. Just.*, 2007 WL 9702335, at \*7 (N.D. Ga. Nov. 20).

### D. Constructive amendment of Plaintiffs' complaint is inappropriate.

In a footnote, Plaintiffs ask the Court to "constructively amend the complaint to conform with Plaintiffs' evidence of out-of-classroom use of their titles and pronouns." Suppl. Br. 4 n.2 (citing Fed. R. Civ. P. 15(b)(2)). The Court should decline.

The Eleventh Circuit applies a "strict interpretation of Rule 15(b)." *Evans v. Leaf Fin. Corp.*, 2012 WL 13129992, at \*8 (N.D. Ga. July 10). The rule applies where "an issue not raised by the pleadings is *tried* by the parties' express or implied consent" and a party "*move*[*s*] … to amend the pleadings to conform them to the evidence and to raise an unpleaded

10

issue." Fed. R. Civ. P. 15(b)(2) (emphases added). The rule is "inapposite" where, as here, "the district court decide[s] the case at the summary judgment stage" and "there [i]s no Rule 15(b) motion made." *Blue Cross & Blue Shield of Ala. v. Weitz*, 913 F.2d 1544, 1550 (11th Cir. 1990).

Moreover, "[t]rial of unpled issues by implied consent is not lightly to be inferred." *Doe #6 v. Miami-Dade County*, 974 F.3d 1333, 1339 (11th Cir. 2020). "Rule 15(b) is not applicable if a party objects to the assertion of a claim without the filing of a supplemental pleading." *Steger v. GE Co.*, 318 F.3d 1066, 1077 n.11 (11th Cir. 2003). Defendants immediately objected when Plaintiffs first attempted to enlarge the scope of their First Amendment claim beyond the classroom. Dkt. 165 at 33-37. Defendants maintain their objection. Where, as here, "a party has objected to the introduction of evidence on a new issue, the opposing party cannot later seek to amend the pleadings to conform to the evidence on the ground that the party impliedly consented to the trial of that issue." 6A Wright & Miller, *Federal Practice & Procedure* §1493 (3d ed.), Westlaw (database updated Sept. 2025) (collecting cases).

11

Even if the Court considered constructive amendment by implied consent despite Defendants' objections, Defendants would suffer "substantial prejudice." *Doe #6*, 974 F.3d at 1340. "Prejudice turns on whether the defendant had a fair opportunity to defend and whether the defendant could offer any additional evidence if the case were to be retried on a different theory." *Id.* Had Plaintiffs asserted a First Amendment challenge based on out-of-classroom speech, Defendants "would have litigated [their] case differently," including by pursuing discovery and presenting evidence on the issue. *Id.* at 1341; *see Withrow v. Williams*, 507 U.S. 680, 696 (1993) (holding party was "manifestly prejudiced" by lack of "opportunity to present evidence bearing on th[e] claim's resolution").

*   *   *

Plaintiffs' motion and supplemental brief "significantly modifies the claim beyond anything Plaintiff[s] gave notice of in [their] Complaint." *Banks*, 2019 WL 8277274, at *7. "[S]uch a last-minute expansion, after the close of discovery and in the midst of summary-judgment arguments, which attempts to significantly broaden the scope of a lawsuit to save a cause of action, completely transcends the notions of fair

12

play." *Butler v. Yankellow*, 2023 WL 6316017, at \*4 (M.D. Ga. Sept. 28). This Court should reject it.

## II. Even if Plaintiffs challenged Subsection 3's application to out-of-classroom speech, their claim still fails.

Plaintiffs seek to enlarge their First Amendment challenge to Subsection 3's application to "casual conversations with students in hallways, the lunchroom, or in the stands at a school sports game." Suppl. Br. 10. Even if their claim encompassed such speech, the State Defendants are still entitled to summary judgment.

### A. Plaintiffs provide their titles and pronouns to students as public employees.

**1.** A public school teacher's usage of titles and pronouns with students at school, even outside the classroom, is "ordinarily within the scope of an employee's duties." *Alves v. Bd. of Regents of the Univ. Sys. of Ga.*, 804 F.3d 1149, 1161 (11th Cir. 2015). To determine whether speech is "pursuant to" one's duties, this Court conducts "a 'functional review' of an employee's speech in relation to her duties or responsibilities," asking whether the speech was "required by one's position" or undertaken "in the course of *trying* to perform" one's "employment responsibilities." *Id.* at 1164-65.

"A school teacher ordinarily must interact with and speak to students," and in fact "is expected to perform these acts." *Bushong v. Del. City Sch. Dist.*, 2020 WL 419754, at *6 (S.D. Ohio Jan. 27), *aff'd*, 851 F. App'x 541 (6th Cir. 2021). "[T]eachers are in direct, day-to-day contact with students both in the classrooms and in the other varied activities of a modern school." *Ambach v. Norwick*, 441 U.S. 68, 78 (1979). "[T]eachers *necessarily* act as teachers for purposes of a [First Amendment] inquiry when at school or a school function, in the general presence of students, in a capacity one might reasonably view as official." *Johnson v. Poway Unified Sch. Dist.*, 658 F.3d 954, 968 (9th Cir. 2011). Indeed, "much of what [a public school] teacher says to students during a typical school day is spontaneous," "in response to questions," or "otherwise outside of a formal lesson plan," all of which "are central to the job." *Smiley v. Jenner*, 684 F. Supp. 3d 835, 842 (S.D. Ind. 2023).

Plaintiffs testified that all their interactions with students at school come in their official capacity as public school teachers. Wood testified that Wood acts in the "capacity as an employee of the school" when "coaching," when "interact[ing] with the students in clubs," during

14

"[a]fter school tutoring," and when "speak[ing] to students in the cafeteria." Dkt. 146-2 at 97-98. Doe testified that whenever Doe is "interacting with a student outside of [the] classroom but in school," Doe is "acting in [the] capacity as a teacher." Dkt. 146-4 at 119. Doe confirmed that is so in "any context, any type of conversation" with a student at school. *Id.* at 120. Accordingly, Plaintiffs' desired use of titles and pronouns with students outside the classroom "'owes its existence' to [their] professional responsibilities." *Alves*, 804 F.3d at 1161.

**2.** Plaintiffs again rely exclusively on *Kennedy v. Bremerton School District*, 597 U.S. 507 (2022). But "*Kennedy* is so thoroughly distinguishable as to undermine" Plaintiffs' position. *Wood*, 142 F.4th at 1292.

Plaintiffs' strained analogies ignore the crux of *Kennedy*: "Crucial to the Court's reasoning" was the fact that "Kennedy, in fact, was *not* 'on duty' when he was praying." *Id.* Here, however, Subsection 3's proscription "only appl[ies] to the actions of an employee … acting *within the scope of their employment duties*." Fla. Stat. §1000.071(6) (emphasis added). Plaintiffs do not argue that they are off duty when conversing with students in hallways or the lunchroom. And it is doubtful Subsection 3 even applies to Plaintiffs' fringe hypothetical of teachers "sharing

15

their titles or pronouns or wearing a 'she/her' pin on the 50-yard line of a football game or doing so in the stands after a game." Suppl. Br. 9.

Kennedy asserted a right to speak "during a period in which … coaching staff was free to engage in *all manner of* private speech." 597 U.S. at 530 (emphasis added). Plaintiffs, on the other hand, are *not* free to engage in all manner of private speech with students in the hallway, the lunchroom, or at school events. *E.g.*, Dkt. 156-2 at 135 (explaining "a teacher still can't have inappropriate conversations with a student" outside "the classroom," whether "if the bell rings and there's a passing period" or "on the coaching field"). *Kennedy* made clear that teachers may *not* "deliver any message to anyone anytime they wish," including when they "address" students. 597 U.S. at 527, 530.

The *Kennedy* Court also emphasized that students "were engaged in other activities," which confirmed Kennedy's prayers "were not delivered as an address to the team, but instead in his capacity as a private citizen." *Id.* at 530. But students aren't engaged "in other activities" when Plaintiffs address them; they are a captive audience. And "students are not any less of a captive audience when having an informal

16

conversation with their teacher in a hallway." *Smiley*, 684 F. Supp. 3d at 842.

Contrary to Plaintiffs' insistence, Suppl. Br. 10, their job descriptions "are *not* dispositive," because "[f]ormal job descriptions often bear little resemblance to the duties an employee actually is expected to perform." *Alves*, 804 F.3d at 1161 (quoting *Garcetti v. Ceballos*, 547 U.S. 410, 424-25 (2006)). "Instead, *Garcetti* and its progeny require a 'functional review' of an employee's speech in relation to her duties or responsibilities." *Id.* at 1164. The Court cannot "disregard the actual activities engaged in by" Plaintiffs. *Id.* Plaintiffs' attempt to exclude conversations with students outside the classroom from their ordinary responsibilities is precisely the "narrow, rigid descriptio[n] of officials duties" the Eleventh Circuit has "consistently discredited." *Abdur-Rahman v. Walker*, 567 F.3d 1278, 1284 (11th Cir. 2009) (collecting cases).

## B. The State Defendants prevail under the other *Garcetti* factors.

For reasons already briefed and equally applicable outside the classroom, Plaintiffs' usage of titles and pronouns with students at school is not a matter of public concern. *See* Dkt. 148-1 at 42-45; Dkt.

17

165 at 39-40. Likewise, the State Defendants interests in advancing education policy and preventing confusion and disruption are just as strong outside the classroom. *See* Dkt. 148-1 at 45-50; Dkt. 165 at 40-47.

Plaintiffs misunderstand the State's first interest as it applies outside the classroom. Subsection 3 does not operate for "teachers to teach subject matter outside the classroom." *Contra* Suppl. Br. 14. It prevents teachers from undermining state education policy that "a person's sex is an immutable biological trait" and "it is false to ascribe to a person a pronoun that does not correspond to such person's sex." Fla. Stat. §1000.071(1); *see Garcetti*, 547 U.S. at 418-19 (emphasizing government employers "need a significant degree of control over their employees' words" because "they can express views that contravene governmental policies"). Other regulations do, in fact, cover out-of-classroom speech in furtherance of education policy interests. *Contra* Suppl. Br. 14. *See* Fla. Admin. Code 6A-10.081(2)(a)1, (2)(b)1 (obliging teachers "to protect the student from conditions harmful to learning" and "to distinguish between personal views and those of [the] educational institution"); Dkt. 156-2 at 89 (explaining these provisions govern "conversation about what teachers can have outside the classroom").

18

As to the State's second interest, potential confusion among students over the meaning and usage of pronouns is no different outside the classroom. The likelihood of confusion would only increase were teachers to use one title or pronoun in the classroom and a different one outside the classroom. And the State's interest in preventing "disruption" applies beyond the classroom and "to the school's mission and operations" generally. *Melzer v. Bd. of Educ. of City Sch. Dist. of N.Y.C.*, 336 F.3d 185, 200 (2d Cir. 2003). The flood of complaints the State received over usage of biologically incongruous titles and pronouns, Dkt. 165 at 44-47, "can be fairly characterized as internal disruption to the operation of the school," *Melzer*, 336 F.3d at 199.

## CONCLUSION

The Court should (again) grant summary judgment for the State Defendants and deny summary judgment for Plaintiffs on the First Amendment claim in Count 7.

Dated: October 9, 2025

Respectfully submitted,

*/s/ Bryan Weir*
Bryan Weir*
Daniel M. Vitagliano*†
CONSOVOY MCCARTHY PLLC
1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
Telephone: 703.243.9423
bryan@consovoymccarthy.com
dvitagliano@consovoymccarthy.com

*Counsel for the State Defendants*

*Admitted pro hac vice
†Supervised by principals of the firm
admitted to practice in VA

20

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of October, 2025, a true and correct copy of this supplemental brief was filed with the Court's CM/ECF system, which will provide service to all parties.

*/s/ Bryan Weir*

21