**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

| | |
|---|---|
| Katie Wood and Jane Doe,<br>*Plaintiffs*,<br>v.<br>Florida Department of Education, *et al.*,<br>*Defendants*. | Case No. 4:23-cv-526-MW-MAF |

**JOINT STATUS REPORT**

Counsel for all parties jointly report as follows pursuant to Court's Order. *See* ECF No. 205.

**I.** Plaintiffs Katie Wood and Jane Doe have challenged Florida Statute §1000.071(3) under Title VII, the First Amendment, the Equal Protection Clause, and Title XI. *See* ECF No. 94 (Counts 1-4, 7-15).[1] On August 13, 2025, the Court resolved the parties' cross-motions for summary judgment as follows:

- ***Title VII.*** The Court granted summary judgment for Plaintiffs on their Title VII sex-discrimination claims (Counts 1, 3, and 4),

[1] A third plaintiff, AV Schwandes, asserted similar challenges but stipulated to dismissal of those claims without prejudice before the parties briefed their motions for summary judgment. *See* ECF Nos. 133, 134

and on their Title VII preemption claim (Count 2). The Court granted summary judgment for the State Defendants and HCSB on Plaintiff Wood's alternative hostile-work-environment theory (Counts 1 and 3). *See* ECF No. 190, at 6-29.

- ***First Amendment.*** The Court granted summary judgment for Defendants on the First Amendment claims (Counts 7, 8, and 9), applying the Eleventh Circuit's decision on the preliminary injunction. *See* ECF No. 190, at 43-45.
- ***Equal Protection.*** The Court denied summary judgment for both sides on the equal protection claims (Counts 10, 11, and 12), finding genuine disputes of material fact remained for trial. *See* ECF No. 190, at 29-43.
- ***Title IX.*** The Court granted summary judgment for Defendants on the Title IX claims (Counts 13, 14, and 15). *See* ECF No. 190, at 45-46.

**II.** The Court stayed its order pending the Eleventh Circuit's en banc decision in *Lange v. Houston County, Georgia*. ECF No. 190, at 48. The Court also highlighted two issues in its summary judgment order: (1) "whether the Equal Protection Clause even applies to government speech"; and (2) whether Plaintiffs' First Amendment claim covers a "broader, out-of-classroom, swath of speech." ECF No. 190, at 30 n.14, 45 n.20. The Court invited the parties to brief those issues if they had a good-faith basis for doing so. *Id.*

The en banc Eleventh Circuit issued its decision in *Lange* on September 9, 2025. *See Lange v. Houston County*, 152 F.4th 1245 (11th Cir.

2025). This Court granted leave for the parties to brief the effect of *Lange* as well as the two additional issues it identified in its summary judgment order. *See* ECF Nos. 192, 194. The parties briefed those issues in further support of their cross-motions for summary judgment:

- Plaintiffs argue that their First Amendment claims extend to speech outside the classroom. *See* ECF Nos. 199, 201, 202, 203.
- Defendants argue that the Equal Protection Clause does not apply to government speech. *See* ECF Nos. 195, 197, 200, 204.
- Defendants argue that Subsection 3 does discriminate based on sex under Title VII under *Lange*. *See* ECF Nos. 195, 197, 200, 204.

That briefing remains pending a Court's decision on the three issues.

**III.** The parties propose that the Court decide the issues raised in their supplemental briefing. Those issues may narrow the issues left in the case for trial or eliminate the need for a trial altogether. If any issues remain, the parties propose that they confer and file a proposed schedule for trial within 14 days of the Court's decision. Any proposed schedule for how to proceed will turn on the Court's resolution of the issues in the supplemental briefing.

**IV.** Defendants note that, while the supplemental briefing has been under advisement, Plaintiff Wood's employment with HCSB ended effective June 30, 2026, because Wood did not notify HCSB of an intent to

return for the 2026-2027 school year following Personal Leave with Employment. HCSB's and the State Defendant's position, therefore, is that Wood's claims for injunctive and declaratory relief against them are moot. Wood still asserts damages claims, if those claims move forward. HCSB and the State Defendants propose that, to the extent Wood's claims are not dismissed after the Court decides the issues presented in the supplemental briefing, the parties can address whether Wood can seek the remedies of injunctive and declaratory relief at the trial stage. *See* ECF No. 190, at 29 ("This Court … will defer fashioning a remedy until trial."). Wood's position is that the declaratory and injunctive relief remedies are not moot.

Defendants also note that, on August 11, 2026, Jane Doe resigned effective August 28, 2026, and accepted a position as a teacher in a charter school in the public school system of a different county. At the end of October 2026, Doe applied for and received a position as a teacher for a different LCSB school, thereby returning to the Lee County School District.

Dated: November 16, 2026

Respectfully submitted,

*/s/ Diego A. Soto*
Diego A. Soto*
Jessica L. Stone*
SOUTHERN POVERTY LAW CENTER
150 E. Ponce De Leon Ave.
Ste. 340
Decatur, GA 30030
(404) 521-6700
(404) 377-0708 (fax)
diego.soto@splcenter.org
jessica.stone@splcenter.org

Sam Boyd, Fla. Bar No. 1012141
Carli Raben, Fla. Bar No.
1036013
SOUTHERN POVERTY LAW CENTER
2 S. Biscayne Blvd. Ste. 3750
Miami, FL 33131
(786) 347-2056
(786) 237-2949 (fax)
sam.boyd@splcenter.org
carli.raben@splcenter.org

Aaron S. Fleisher*†
SOUTHERN POVERTY LAW CENTER
1101 17th St NW Ste. 705
Washington, DC 20036
(202) 536-9719
(202) 971-9205 (fax)
aaron.fleisher@splcenter.org

† *Not admitted to practice law in DC*

Simone Chriss, Fla. Bar No.
124062
Jodi Siegel, Fla. Bar No. 511617
SOUTHERN LEGAL COUNSEL, INC.
1229 NW 12th Ave.
Gainesville, FL 32601
(352) 271-8890
(352) 271-8347 (fax)
simone.chriss@southernlegal.org
jodi.siegel@southernlegal.org

James M. Finberg*
James Baltzer*
ALTSHULER BERZON LLP
177 Post St., Ste. 300
San Francisco, CA 94108
(415) 421-7151
jfinberg@altshulerberzon.com
jbaltzer@altshulerberzon.com

* *Admitted* pro hac vice

*Counsel for Plaintiffs*

*/s/ Bryan Weir*
Bryan Weir*
Daniel M. Vitagliano*†
CONSOVOY MCCARTHY PLLC
1600 Wilson Boulevard,
Suite 700
Arlington, VA 22209
Telephone: 703.243.9423
bryan@consovoymccarthy.com
dvitagliano@consovoymccarthy.com

*Admitted pro hac vice
† Supervised by principals of the firm admitted to practice in VA

*Counsel for the State Defendants*

*/s/ Jason L. Margolin*
Jason L. Margolin, Esq. (FBN 69881)
Email: jason.margolin@akerman.com
AKERMAN LLP
401 E. Jackson Street,
Suite 1700
Tampa, Florida 33602
Telephone: (813) 209-5009
Facsimile: (813) 218-5488

*Counsel for Defendant School Board of Hillsborough County, Florida*

*/s/ James D. Fox*
James D. Fox
Roetzel & Andress, LPA
999 Vanderbilt Beach Road
Suite 401
Naples, FL 34108
Direct Phone No.: 239.649.2705
Main Phone No.: 239.649.6200
Fax No.: 239.261.3659
Email: jfox@ralaw.com

*Counsel for Defendant Lee County School Board*